**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROSENBAUM CAPITAL LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON COMMUNICATIONS GROUP, INC., KAREN A WALKER and EDWARD Y. SNOWDEN,<br><br>Defendants. | Civil Action No.: 05-cv-11165 WGY |

**MEMORANDUM OF LAW IN SUPPORT OF ROSENBAUM CAPITAL LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL**

Movant, Rosenbaum Capital LLC ("Rosenbaum Capital"), submits this memorandum of law in support of its motion for: (i) appointment as Lead Plaintiff, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (ii) approval of Lead Plaintiff's selection of Co-Lead Counsel.

## INTRODUCTION

This is a securities fraud class action brought against certain officers and/or directors (all collectively, "Defendants") of Boston Communications Group, Inc. ("BCGI" or the "Company"), alleging violations of Sections 10(b) and 20(a) of the 1934 Act, and Rule 10b-5 promulgated thereunder, on behalf of a class (the "Class") consisting of all persons who purchased or acquired securities of BCGI between November 15, 2000 and May 20, 2005, inclusive (the "Class Period").

Rosenbaum Capital acquired approximately 47,200 shares of BCGI securities during the Class Period and suffered losses[1] of approximately $32,285.16 as a result of Defendants' misconduct. Rosenbaum Capital herein seeks Court approval of its selection of Co-Lead Counsel for itself and the Class as set forth herein. As discussed below, Rosenbaum Capital has satisfied each of the requirements of the PSLRA and, therefore, is qualified for appointment as Lead Plaintiff in this Action.

---

[1]  The loss suffered by Movant is not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certifications required under Section 21D and based on information concerning the current market for the Company's common stock. See Declaration of David Pastor, August 8, 2005 (the "Pastor Decl."), Ex. C.

**PROCEDURAL BACKGROUND**

On June 6, 2005, movant filed a complaint on behalf of a class consisting of all persons who purchased or acquired the securities of BCGI during the proposed Class Period. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on June 2, 2005, movant published notice of the pendency of the action over a widely-available, national, business-oriented newswire service, *Investors Business Daily,* advising members of the proposed class of their right to move the Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice. See Pastor Decl., Ex. A. Rosenbaum Capital is filing this motion within the 60-day period following publication of the June 6, 2005 notice given by Rosenbaum Capital therein.

**STATEMENT OF FACTS[2]**

Defendant, BCGI, provides real-time subscriber management services to the wireless industry including billing and transaction processing services which enables carriers to offer prepaid wireless calling to their subscribers, roaming services which provide wireless carriers the ability to generate revenues from subscribers who are not covered under traditional roaming agreements by arranging payment for roaming calls, and prepaid systems which assembles and markets prepaid systems to international carriers and assembles the voice nodes used to support its voice resource network.

Throughout the Class Period, defendants issued statements, press releases and filed quarterly and annual reports with the SEC describing the Company's business operations, financial condition and progress. These representations were materially false and misleading

---

[2]    All facts are taken from the complaint styled Rosenbaum Capital LLC v. BCGI, et al. 05-cv-11165 WGY.

throughout the Class Period because they failed to disclose and misrepresented the following adverse facts:

(a)    the Company's ability to operate as premised on use of technology it knew it was covered by Freedom Wireless' patent;

(b)    the Company had <u>willingly</u> infringed upon Freedom Wireless' patents;

(c)    the Company's financial statements failed to comply with Generally Accepted Accounting Principles by failing to record sufficient reserves (of not less than $100 million) because of the <u>willful</u> infringement upon Freedom Wireless' patents;

(d)    by reason of the failure to take adequate reserves, the Company's financial statements filed with the SEC overstated income, net profits and profits per share;

(e)    these failures of disclosure, directly impacted upon the Company's prospects for future growth and revenue.

During the Class Period, and as a result of defendants' misrepresentations, the common stock of BCGI closed at a high of nearly $30.00 per share.  After the Company's revelations on May 20, 2005, the shares of BCGI plummeted to $1.75 per share.

**<u>ARGUMENT</u>**

I.    **<u>ROSENBAUM CAPITAL SHOULD BE APPOINTED LEAD PLAINTIFF</u>**

A.    **<u>The Procedure Required By the PSLRA</u>**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Movant caused notice to be published via

*Investors Business Daily* on June 6, 2005.  See Pastor Decl., Ex. A.  Within 60 days after

publication of the notice, any person or group of persons who are members of the proposed class

may apply to the Court to be appointed as lead plaintiff, whether or not they have previously

filed a complaint in the action.  15 U.S.C. § 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that within 90 days after publication of the notice, the Court

shall consider any motion made by a class member and shall appoint as lead plaintiff the member

or members of the class that the Court determines to be most capable of adequately representing

the interests of class members.  15 U.S.C. § 78u-4(a)(3)(B).  In determining the "most adequate

plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate
> plaintiff in any private action arising under this title is the person
> or group of persons that --
>
> (aa)    has either filed the complaint or made a motion in response
> to a notice . . .
>
> (bb)    in the determination of the court, has the largest financial
> interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the
> Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  See generally Greebel v. FTP Software, 939 F. Supp. 57, 64

(D. Mass. 1996).

### B.    Rosenbaum Capital Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### 1.    Rosenbaum Capital Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein

under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on August 8, 2005.  Pursuant to the provisions

of the PSLRA and within the requisite time frame after publication of the required notice

(published on June 6, 2005), Rosenbaum Capital herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

Rosenbaum Capital has agreed to serve as proposed Lead Plaintiff. Rosenbaum Capital has duly signed and filed a certification stating that it has reviewed the complaint filed in the action and is willing to serve as a representative party on behalf of the Class. See Pastor Decl., Ex. B. In addition, Rosenbaum Capital has selected and retained experienced and competent counsel to represent itself and the Class. See Pastor Decl., Ex. D and Ex. E.

Accordingly, Rosenbaum Capital has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and selection of counsel, as set forth herein, considered and approved by the Court.

### 2.    Rosenbaum Capital Has the Largest Financial Interest in the Relief Sought By the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

As evidenced by, among other things, the accompanying signed certification, Rosenbaum Capital acquired approximately 47,200 shares of BCGI securities during the Class Period and suffered losses of approximately $32,285.16 as a result of Defendants' misconduct. Rosenbaum Capital has a significant financial interest in this case.

Although Plaintiff is aware that a law firm has published a notice, subsequent to the publication of the notice filed by Rosenbaum Capital, from which inference could be drawn that they were investigating the case for their clients, Plaintiff does not believe any related cases have been filed. Furthermore, Rosenbaum Capital has not received indication of any other motion. Therefore, Rosenbaum Capital satisfies all of the PSLRA's prerequisites for appointment as

Lead Plaintiff in this action and should be appointed as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3.    Rosenbaum Capital Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court shall limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 6, 1997); Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875, at *7-*8 (M.D. Fla. Feb. 6, 1997); Zaltzman v. Manugistics Group, Inc., 1998 U.S. Dist. LEXIS 22867, at *20 (D. Md. Oct. 8, 1998).

Rosenbaum Capital satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.  Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285,

291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993); In re Cable & Wireless,

PLC, Sec. Litig., 217 F.R.D. 372, 375 (E.D. Va. 2003); In re MicroStrategy, Inc. Securities

Litig., 110 F. Supp. 2d 427, 435-36 (E.D. Va. 2000).    However, the claims of the class

representative need not be identical to the claims of the class to satisfy typicality.  Instead, the

courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are
> factual dissimilarities or variations between the claims of the
> named plaintiffs and those of other class members, including
> distinctions in the qualifications of the class members.

Bishop v. New York City Dep't of Hous. Pres. and Dev., 141 F.R.D. 229, 238 (S.D.N.Y. 1992).

See also Avagliano v. Sumitomo Shoji America, Inc., 103 F.R.D. 562, 582 (S.D.N.Y. 1984).

Rosenbaum Capital seeks to represent a class of people who purchased or acquired BCGI

securities during the Class Period, who have identical, non-competing and non-conflicting

interests.  Rosenbaum Capital satisfies the typicality requirement because it:  (i) acquired BCGI

securities; (ii) at market prices allegedly artificially inflated as a result of Defendants' violations

of the federal securities laws; and (iii) suffered damages thereby.  Thus, typicality is satisfied

since the claims asserted by Rosenbaum Capital "arise[] from the same event or course of

conduct that gives rise to claims of other class members and the claims are based on the same

legal theory."  Walsh v. Northup-Grumman Corp., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the

interests of the class."  The standard for adequacy of representation under Rule 23(a)(4) is met

by: (1)  the absence of potential conflict between the named plaintiff and the class members, and

(2) the class representative's choice of counsel who is qualified, experienced and able to

vigorously conduct the proposed litigation.  Garfinkel v. Memory Metals, Inc., 695 F. Supp.

1397, 1405 (D. Conn. 1988).

Here, Rosenbaum Capital is an adequate representative of the class. As evidenced by the injury suffered by Rosenbaum Capital, who purchased or acquired BCGI securities at prices allegedly artificially inflated by Defendants' violations of the federal securities laws, the interests of Rosenbaum Capital are clearly aligned with the members of the class, and there is no evidence of any antagonism between Rosenbaum Capital's interests and those of the other members of the class. In addition, as shown below, Rosenbaum Capital's proposed Co-Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Rosenbaum Capital prima facie satisfies the commonality, typicality and adequacy requirements of Rule 23.

Clearly, the Proposed Lead Plaintiff satisfy all prongs of the Exchange Act's prerequisites for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii).

## II.     THE COURT SHOULD APPROVE ROSENBAUM CAPITAL'S CHOICE OF CO-LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), proposed lead plaintiff shall, subject to court approval, select and retain counsel to represent the class they seek to represent. In that regard, Rosenbaum Capital has selected and retained Wolf Haldenstein Adler Freeman & Herz LLP to serve as Co-Lead Counsel with Gilman and Pastor, LLP for the Class. Wolf Haldenstein Adler Freeman & Herz LLP and Gilman and Pastor, LLP have extensive experience in successfully prosecuting complex securities actions and have frequently appeared in major actions in this and other courts. See Pastor Decl., Exs. D and E.

Because there is nothing to suggest that Rosenbaum Capital or their counsel will not fairly and adequately represent the Class, or that Rosenbaum Capital is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the Act – this Court should appoint Rosenbaum Capital as Lead Plaintiff and approve its selection of

Wolf Haldenstein Adler Freeman & Herz LLP to serve as Co-Lead Counsel with Gilman and

Pastor, LLP for the Class.

**CONCLUSION**

For the foregoing reasons, Rosenbaum Capital requests that the Court:  (i) appoint

Rosenbaum Capital as Lead Plaintiff in the Actions; and (ii) approve Wolf Haldenstein Adler

Freeman & Herz LLP to serve as Co-Lead Counsel with Gilman and Pastor, LLP for the Class.

Dated:  August 8, 2005

Respectfully submitted,

**GILMAN AND PASTOR, LLP**


By: /s/ David Pastor
David Pastor (BBO #391000)
60 State Street
Boston, MA  02109
Telephone: (617) 742-9700
Facsimile: (617) 742-9701

**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
Fred T. Isquith
Gustavo Bruckner
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

**LAW OFFICES OF MARC S. HENZEL**
Marc S. Henzel
273 Montgomery Avenue, Suite 202
Bala Cynwyd, PA 19004
Telephone: (610) 660-8000
Facsimile: (610) 660-8080