## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSENBAUM CAPITAL LLC, on behalf of itself and all others similarly situated,<br><br>               Plaintiff,<br><br>    v.<br><br>BOSTON COMMUNICATIONS GROUP, INC., KAREN A WALKER and EDWARD Y. SNOWDEN,<br><br>               Defendants. | Civil Action No.: 05-cv-11165 WGY |

*CORRECTED*
### DECLARATION OF DAVID PASTOR IN SUPPORT OF MOTION OF ROSENBAUM CAPITAL LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

David Pastor, Esq. duly declares as follows:

1.    I am a member of the law firm of Gilman and Pastor, LLP and admitted to practice law before the Courts of Massachusetts and within this judicial district. I am counsel to Rosenbaum Capital LLC (the "Proposed Lead Plaintiff" or "Movant") and submit this declaration in support of its motion for appointment as lead plaintiff and approval of lead plaintiff's selection of co-lead counsel.

2.    Attached hereto as Exhibit A is the true and correct copy of the signed certification of Rosenbaum Capital LLC pursuant to the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). See 15 U.S.C. § 78u-4(a)(2).

3.    Attached hereto as Exhibit B is a true and correct copy of the notice to class members concerning the first-filed of the above-captioned actions, published on June 9, 2005, in

*Investor's Business Daily* advising the public of the pendency of a class action filed on behalf of

Boston Communications Group, Inc. ("BCGI").

4.    Attached hereto as Exhibit C is a true and correct copy of a chart of Movant's

transactions in BCGI securities during the relevant Class Period and its approximate losses.

5.    Attached hereto as Exhibit D is a true and correct copy of the Wolf Haldenstein

Adler Freeman & Herz LLP firm biography.

6.    Attached hereto as Exhibit E is a true and correct copy of the Gilman and Pastor,

LLP firm biography.

Dated: August 16, 2005

/s/ David Pastor
David Pastor, Esq.

# Exhibit A

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

Rosenbaum Capital LLC (" plaintiff ") declares, as to the claims asserted under the Federal Securities Laws, that:

1.    Plaintiff has reviewed the complaint prepared by counsel and is willing to serve as a lead or named plaintiff in the Action on the basis of the allegations in that complaint or a substantively similar complaint or amended complaint to be filed. Plaintiff retains the Law Offices of Marc S. Henzel and such co-counsel it deems appropriate to associate with to pursue such action on a contingent fee basis.

2.    Plaintiff did not purchase the Security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under the Federal Securities Laws.

3.    Plaintiff is willing to serve as a lead or representative party, either individually or as part of a group on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.    Plaintiff has made the following transactions during the Class Period in the stock of Boston Communications Inc. (NASDAQ: BCGI) that are subject of this action:

| DATE | BUY OR SALE | AMOUNT OF SHARES | PRICE PER SHARE |
|------|-------------|------------------|-----------------|
|      | SEE ATTACHED |                 |                 |

5.    In the past three years, plaintiff has sought to serve as a representative party on behalf of a class.

Rosenbaum Capital LLC v. Sharper Image Corp., N.D. CA. 05-01587

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

7.    I declare under penalty of perjury that the foregoing is true and correct.  Executed this 1st Day of June 2005.

_____
Signature

# CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

Rosenbaum Capital LLC (" plaintiff ") declares, as to the claims asserted under the Federal Securities Laws, that:

1.   Plaintiff has reviewed the complaint prepared by counsel and is willing to serve as a lead or named plaintiff in the Action on the basis of the allegations in that complaint or a substantively similar complaint or amended complaint to be filed. Plaintiff retains the Law Offices of Marc S. Henzel and such co-counsel it deems appropriate to associate with to pursue such action on a contingent fee basis.

2.   Plaintiff did not purchase the Security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under the Federal Securities Laws.

3.   Plaintiff is willing to serve as a lead or representative party, either individually or as part of a group on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.   Plaintiff has made the following transactions during the Class Period in the securities of Boston Communications Inc. (NASDAQ: BCGI) that are subject of this action:

| DATE | BUY OR SALE | AMOUNT OF SHARES | PRICE PER SHARE |
|------|-------------|------------------|-----------------|
|      | SEE ATTACHED |                 |                 |

5.   In the past three years, plaintiff has sought to serve as a representative party on behalf of a class.

Rosenbaum Capital LLC v. Sharper Image Corp., N.D. CA. 05-01587

6.   Plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

7.   I declare under penalty of perjury that the foregoing is true and correct.  Executed this 1st Day of June 2005.

Signature

## BCGI TRADES FOR 43

| DATE | ACCT | SYMBOL | BOUGHT | SOLD | PRICE | | |
|------|------|--------|--------|------|-------|------|------|
| 4/2/2004 | 435 | BCGI | | -200 | $12.4000 | -$2,480.0000 | -200 |
| 4/2/2004 | 435 | BCGI | | -100 | $12.4100 | -$1,241.0000 | -300 |
| 4/2/2004 | 435 | BCGI | | -200 | $12.4000 | -$2,480.0000 | -500 |
| 4/2/2004 | 435 | BCGI | | -600 | $12.4900 | -$7,494.0000 | -1100 |
| 4/2/2004 | 435 | BCGI | | -100 | $12.4900 | -$1,249.0000 | -1200 |
| 4/5/2004 | 435 | BCGI | | -200 | $12.7100 | -$2,542.0000 | -1400 |
| 4/5/2004 | 435 | BCGI | | -200 | $12.9800 | -$2,596.0000 | -1600 |
| 4/5/2004 | 435 | BCGI | | -100 | $13.0500 | -$1,305.0000 | -1700 |
| 4/8/2004 | 435 | BCGI | 100 | | $12.9000 | -$1,290.0000 | -1600 |
| 4/14/2004 | 435 | BCGI | | -100 | $12.4600 | -$1,246.0000 | -1700 |
| 4/14/2004 | 435 | BCGI | | -200 | $12.4600 | -$2,492.0000 | -1900 |
| 4/14/2004 | 435 | BCGI | 200 | | $12.2000 | -$2,440.0000 | -1700 |
| 4/14/2004 | 435 | BCGI | 160 | | $12.2000 | -$1,952.0000 | -1540 |
| 4/14/2004 | 435 | BCGI | 200 | | $12.2000 | -$2,440.0000 | -1340 |
| 4/14/2004 | 435 | BCGI | 100 | | $12.2000 | -$1,220.0000 | -1240 |
| 4/14/2004 | 435 | BCGI | 140 | | $12.2000 | -$1,708.0000 | -1100 |
| 4/15/2004 | 435 | BCGI | 100 | | $12.0900 | -$1,209.0000 | -1000 |
| 4/15/2004 | 435 | BCGI | 500 | | $12.2000 | -$6,100.0000 | -500 |
| 4/15/2004 | 435 | BCGI | 300 | | $12.2000 | -$3,660.0000 | -200 |
| 4/16/2004 | 435 | BCGI | 300 | | $12.0800 | -$3,624.0000 | 100 |
| 4/16/2004 | 435 | BCGI | | -300 | $12.0000 | -$3,600.0000 | -200 |
| 4/16/2004 | 435 | BCGI | | -500 | $11.8000 | -$5,900.0000 | -700 |
| 4/19/2004 | 435 | BCGI | 100 | | $11.5800 | -$1,158.0000 | -600 |
| 4/19/2004 | 435 | BCGI | 100 | | $11.5800 | -$1,158.0000 | -500 |
| 4/20/2004 | 435 | BCGI | | -200 | $11.4500 | -$2,290.0000 | -700 |
| 4/20/2004 | 435 | BCGI | | -1300 | $11.5000 | -$14,950.0000 | -2000 |
| 4/20/2004 | 435 | BCGI | | -200 | $11.3500 | -$2,270.0000 | -2200 |
| 4/20/2004 | 435 | BCGI | | -100 | $11.3500 | -$1,135.0000 | -2300 |
| 4/20/2004 | 435 | BCGI | | -100 | $11.3600 | -$1,136.0000 | -2400 |
| 4/20/2004 | 435 | BCGI | | -100 | $11.3600 | -$1,136.0000 | -2500 |
| 4/20/2004 | 435 | BCGI | | -100 | $11.3600 | -$1,136.0000 | -2600 |
| 4/20/2004 | 435 | BCGI | | -200 | $11.3700 | -$2,274.0000 | -2800 |
| 4/20/2004 | 435 | BCGI | | -100 | $11.3600 | -$1,136.0000 | -2900 |
| 4/20/2004 | 435 | BCGI | | -200 | $11.3700 | -$2,274.0000 | -3100 |
| 4/20/2004 | 435 | BCGI | | -200 | $11.3700 | -$2,274.0000 | -3300 |
| 4/20/2004 | 435 | BCGI | | -100 | $11.3700 | -$1,137.0000 | -3400 |
| 4/20/2004 | 435 | BCGI | | -100 | $11.3700 | -$1,137.0000 | -3500 |
| 4/20/2004 | 435 | BCGI | | -200 | $11.3700 | -$2,274.0000 | -3700 |
| 4/20/2004 | 435 | BCGI | | -100 | $11.3700 | -$1,137.0000 | -3800 |
| 4/20/2004 | 435 | BCGI | | -100 | $11.2900 | -$1,129.0000 | -3900 |
| 4/21/2004 | 435 | BCGI | 300 | | $11.1500 | -$3,345.0000 | -3600 |
| 4/22/2004 | 435 | BCGI | 200 | | $11.5700 | -$2,314.0000 | -3400 |
| 4/22/2004 | 435 | BCGI | 100 | | $11.5600 | -$1,156.0000 | -3300 |
| 4/22/2004 | 435 | BCGI | 100 | | $11.5600 | -$1,156.0000 | -3200 |
| 4/22/2004 | 435 | BCGI | 200 | | $11.9800 | -$2,396.0000 | -3000 |
| 4/22/2004 | 435 | BCGI | 100 | | $11.9800 | -$1,198.0000 | -2900 |
| 4/26/2004 | 435 | BCGI | 200 | | $11.1200 | -$2,224.0000 | -2700 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 4/28/2004 | 435 BCGI | 600 | | $11.0400 | -$6,624.0000 | -2100 |
| 4/28/2004 | 435 BCGI | 100 | | $11.3000 | -$1,130.0000 | -2000 |
| 4/28/2004 | 435 BCGI | 100 | | $11.3000 | -$1,130.0000 | -1900 |
| 4/28/2004 | 435 BCGI | | -200 | $11.2000 | -$2,240.0000 | -2100 |
| 4/28/2004 | 435 BCGI | | -100 | $11.1900 | -$1,119.0000 | -2200 |
| 4/28/2004 | 435 BCGI | | -100 | $11.1900 | -$1,119.0000 | -2300 |
| 4/28/2004 | 435 BCGI | | -100 | $11.1900 | -$1,119.0000 | -2400 |
| 4/28/2004 | 435 BCGI | | -100 | $11.1900 | -$1,119.0000 | -2500 |
| 4/28/2004 | 435 BCGI | 100 | | $11.1200 | -$1,112.0000 | -2400 |
| 4/28/2004 | 435 BCGI | 100 | | $11.1500 | -$1,115.0000 | -2300 |
| 4/28/2004 | 435 BCGI | 100 | | $11.1500 | -$1,115.0000 | -2200 |
| 4/28/2004 | 435 BCGI | 100 | | $11.1800 | -$1,118.0000 | -2100 |
| 4/28/2004 | 435 BCGI | 100 | | $11.1800 | -$1,118.0000 | -2000 |
| 4/28/2004 | 435 BCGI | 500 | | $11.2100 | -$5,605.0000 | -1500 |
| 4/29/2004 | 435 BCGI | | -100 | $10.7000 | -$1,070.0000 | -1600 |
| 4/29/2004 | 435 BCGI | | -100 | $10.7000 | -$1,070.0000 | -1700 |
| 5/3/2004 | 435 BCGI | | -200 | $11.2400 | -$2,248.0000 | -1900 |
| 5/3/2004 | 435 BCGI | | -100 | $11.2400 | -$1,124.0000 | -2000 |
| 5/11/2004 | 435 BCGI | 900 | | $11.2600 | -$10,134.0000 | -1100 |
| 5/11/2004 | 435 BCGI | 100 | | $11.2600 | -$1,126.0000 | -1000 |
| 5/11/2004 | 435 BCGI | 100 | | $11.3100 | -$1,131.0000 | -900 |
| 5/11/2004 | 435 BCGI | 300 | | $11.3100 | -$3,393.0000 | -600 |
| 5/13/2004 | 435 BCGI | 100 | | $10.7500 | -$1,075.0000 | -500 |
| 5/13/2004 | 435 BCGI | 100 | | $10.7500 | -$1,075.0000 | -400 |
| 5/13/2004 | 435 BCGI | 200 | | $10.9800 | -$2,196.0000 | -200 |
| 5/13/2004 | 435 BCGI | 100 | | $10.9700 | -$1,097.0000 | -100 |
| 5/13/2004 | 435 BCGI | 300 | | $11.0200 | -$3,306.0000 | 200 |
| 5/13/2004 | 435 BCGI | 100 | | $11.0200 | -$1,102.0000 | 300 |
| 5/13/2004 | 435 BCGI | 100 | | $11.0300 | -$1,103.0000 | 400 |
| 5/13/2004 | 435 BCGI | 100 | | $11.0300 | -$1,103.0000 | 500 |
| 5/13/2004 | 435 BCGI | 100 | | $11.0300 | -$1,103.0000 | 600 |
| 5/13/2004 | 435 BCGI | 200 | | $11.0300 | -$2,206.0000 | 800 |
| 5/14/2004 | 435 BCGI | 100 | | $10.9000 | -$1,090.0000 | 900 |
| 5/14/2004 | 435 BCGI | | -200 | $10.9000 | -$2,180.0000 | 700 |
| 5/14/2004 | 435 BCGI | | -500 | $10.9000 | -$5,450.0000 | 200 |
| 5/14/2004 | 435 BCGI | | -100 | $10.9400 | -$1,094.0000 | 100 |
| 5/14/2004 | 435 BCGI | | -100 | $10.9100 | -$1,091.0000 | 0 |
| 5/14/2004 | 435 BCGI | | -300 | $10.9100 | -$3,273.0000 | -300 |
| 5/14/2004 | 435 BCGI | | -200 | $10.9100 | -$2,182.0000 | -500 |
| 5/14/2004 | 435 BCGI | | -100 | $10.9300 | -$1,093.0000 | -600 |
| 5/14/2004 | 435 BCGI | | -74 | $10.9500 | -$810.3000 | -674 |
| 5/14/2004 | 435 BCGI | | -100 | $10.9500 | -$1,095.0000 | -774 |
| 5/14/2004 | 435 BCGI | | -100 | $10.9500 | -$1,095.0000 | -874 |
| 5/14/2004 | 435 BCGI | | -100 | $10.9500 | -$1,095.0000 | -974 |
| 5/14/2004 | 435 BCGI | | -100 | $10.9500 | -$1,095.0000 | -1074 |
| 5/14/2004 | 435 BCGI | | -100 | $10.9500 | -$1,095.0000 | -1174 |
| 5/14/2004 | 435 BCGI | | -100 | $10.9300 | -$1,093.0000 | -1274 |
| 5/17/2004 | 435 BCGI | 141 | | $10.6500 | -$1,501.6500 | -1133 |
| 5/17/2004 | 435 BCGI | 59 | | $10.6500 | -$628.3500 | -1074 |
| 5/18/2004 | 435 BCGI | | -100 | $10.4200 | -$1,042.0000 | -1174 |
| 5/18/2004 | 435 BCGI | 100 | | $10.3000 | -$1,030.0000 | -1074 |
| 5/18/2004 | 435 BCGI | 100 | | $10.3000 | -$1,030.0000 | -974 |

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 5/21/2004 | 435 BCGI | | | -100 | $10.3500 | -$1,035.0000 | -1074 |
| 5/21/2004 | 435 BCGI | | | -1000 | $10.3500 | -$10,350.0000 | -2074 |
| 5/21/2004 | 435 BCGI | 100 | | | $10.7400 | -$1,074.0000 | -1974 |
| 5/21/2004 | 435 BCGI | 400 | | | $10.7500 | -$4,300.0000 | -1574 |
| 5/24/2004 | 435 BCGI | | | -200 | $10.7400 | -$2,148.0000 | -1774 |
| 6/4/2004 | 435 BCGI | 92 | | | $10.6000 | -$975.2000 | -1682 |
| 6/4/2004 | 435 BCGI | 45 | | | $10.6000 | -$477.0000 | -1637 |
| 6/4/2004 | 435 BCGI | 63 | | | $10.6000 | -$667.8000 | -1574 |
| 6/7/2004 | 435 BCGI | | | -400 | $10.4600 | -$4,184.0000 | -1974 |
| 6/9/2004 | 435 BCGI | | | -300 | $10.5000 | -$3,150.0000 | -2274 |
| 6/9/2004 | 435 BCGI | | | -100 | $10.5000 | -$1,050.0000 | -2374 |
| 6/9/2004 | 435 BCGI | | | -1600 | $10.5000 | -$16,800.0000 | -3974 |
| 6/9/2004 | 435 BCGI | | | -100 | $10.5000 | -$1,050.0000 | -4074 |
| 6/9/2004 | 435 BCGI | | | -200 | $10.5000 | -$2,100.0000 | -4274 |
| 6/9/2004 | 435 BCGI | | | -250 | $10.5000 | -$2,625.0000 | -4524 |
| 6/9/2004 | 435 BCGI | | | -250 | $10.5000 | -$2,625.0000 | -4774 |
| 6/9/2004 | 435 BCGI | | | -200 | $10.5000 | -$2,100.0000 | -4974 |
| 6/9/2004 | 435 BCGI | | | -300 | $10.5900 | -$3,177.0000 | -5274 |
| 6/9/2004 | 435 BCGI | | | -600 | $10.5800 | -$6,348.0000 | -5874 |
| 6/10/2004 | 435 BCGI | | | -500 | $9.2600 | -$4,630.0000 | -6374 |
| 6/10/2004 | 435 BCGI | 100 | | | $8.2000 | -$820.0000 | -6274 |
| 6/10/2004 | 435 BCGI | 800 | | | $8.2000 | -$6,560.0000 | -5474 |
| 6/10/2004 | 435 BCGI | 100 | | | $8.2600 | -$826.0000 | -5374 |
| 6/10/2004 | 435 BCGI | 500 | | | $8.5600 | -$4,280.0000 | -4874 |
| 6/10/2004 | 435 BCGI | 500 | | | $8.5800 | -$4,290.0000 | -4374 |
| 6/10/2004 | 435 BCGI | 500 | | | $8.7400 | -$4,370.0000 | -3874 |
| 6/10/2004 | 435 BCGI | 100 | | | $9.1400 | -$914.0000 | -3774 |
| 6/14/2004 | 435 BCGI | | | -300 | $9.0200 | -$2,706.0000 | -4074 |
| 6/14/2004 | 435 BCGI | | | -200 | $9.0200 | -$1,804.0000 | -4274 |
| 6/14/2004 | 435 BCGI | 6 | | | $9.0200 | -$54.1200 | -4268 |
| 6/14/2004 | 435 BCGI | 100 | | | $9.0200 | -$902.0000 | -4168 |
| 6/14/2004 | 435 BCGI | 294 | | | $9.0200 | -$2,651.8800 | -3874 |
| 6/14/2004 | 435 BCGI | | | -28 | $8.9900 | -$251.7200 | -3902 |
| 6/14/2004 | 435 BCGI | | | -100 | $8.9900 | -$899.0000 | -4002 |
| 6/14/2004 | 435 BCGI | | | -272 | $8.9900 | -$2,445.2800 | -4274 |
| 6/14/2004 | 435 BCGI | 446 | | | $9.0900 | -$4,054.1400 | -3828 |
| 6/14/2004 | 435 BCGI | 446 | | | $9.0900 | -$4,054.1400 | -3382 |
| 6/14/2004 | 435 BCGI | 708 | | | $9.0900 | -$6,435.7200 | -2674 |
| 6/14/2004 | 435 BCGI | | | -300 | $8.9500 | -$2,685.0000 | -2974 |
| 6/14/2004 | 435 BCGI | | | -200 | $8.9500 | -$1,790.0000 | -3174 |
| 6/14/2004 | 435 BCGI | | | -100 | $8.9500 | -$895.0000 | -3274 |
| 6/15/2004 | 435 BCGI | 400 | | | $8.6600 | -$3,464.0000 | -2874 |
| 6/16/2004 | 435 BCGI | | | -800 | $8.9900 | -$7,192.0000 | -3674 |
| 6/16/2004 | 435 BCGI | | | -200 | $8.9900 | -$1,798.0000 | -3874 |
| 6/16/2004 | 435 BCGI | | | -6 | $8.9800 | -$53.8800 | -3880 |
| 6/16/2004 | 435 BCGI | | | -794 | $8.9800 | -$7,130.1200 | -4674 |
| 6/16/2004 | 435 BCGI | | | -400 | $8.9800 | -$3,592.0000 | -5074 |
| 6/18/2004 | 435 BCGI | | | -2300 | $9.4700 | -$21,781.0000 | -7374 |
| 6/18/2004 | 435 BCGI | 2000 | | | $9.4700 | -$18,940.0000 | -5374 |
| 6/18/2004 | 435 BCGI | 2400 | | | $9.4700 | -$22,728.0000 | -2974 |
| 6/21/2004 | 435 BCGI | | | -100 | $9.3500 | -$935.0000 | -3074 |
| 6/21/2004 | 435 BCGI | | | -100 | $9.3500 | -$935.0000 | -3174 |

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 6/21/2004 | 435 BCGI | | | -300 | $9.3500 | -$2,805.0000 | -3474 |
| 6/21/2004 | 435 BCGI | | | -100 | $9.4600 | -$946.0000 | -3574 |
| 6/21/2004 | 435 BCGI | | | -100 | $9.3200 | -$932.0000 | -3674 |
| 6/21/2004 | 435 BCGI | | | -100 | $9.3700 | -$937.0000 | -3774 |
| 6/22/2004 | 435 BCGI | | | -500 | $9.4600 | -$4,730.0000 | -4274 |
| 6/22/2004 | 435 BCGI | | | -600 | $9.4600 | -$5,676.0000 | -4874 |
| 6/23/2004 | 435 BCGI | | | -100 | $9.7000 | -$970.0000 | -4974 |
| 6/23/2004 | 435 BCGI | | | -100 | $9.7000 | -$970.0000 | -5074 |
| 6/23/2004 | 435 BCGI | | | -100 | $9.7000 | -$970.0000 | -5174 |
| 6/23/2004 | 435 BCGI | | | -100 | $9.7000 | -$970.0000 | -5274 |
| 6/23/2004 | 435 BCGI | | | -100 | $9.7000 | -$970.0000 | -5374 |
| 6/23/2004 | 435 BCGI | | | -400 | $9.7500 | -$3,900.0000 | -5774 |
| 6/23/2004 | 435 BCGI | | | -100 | $9.7500 | -$975.0000 | -5874 |
| 6/25/2004 | 435 BCGI | | | -200 | $9.9700 | -$1,994.0000 | -6074 |
| 6/30/2004 | 435 BCGI | | | -109 | $10.3200 | -$1,124.8800 | -6183 |
| 6/30/2004 | 435 BCGI | | | -191 | $10.3200 | -$1,971.1200 | -6374 |
| 7/1/2004 | 435 BCGI | | 300 | | $9.9200 | -$2,976.0000 | -6074 |
| 7/6/2004 | 435 BCGI | | 100 | | $9.4500 | -$945.0000 | -5974 |
| 7/6/2004 | 435 BCGI | | | -300 | $9.4900 | -$2,847.0000 | -6274 |
| 7/6/2004 | 435 BCGI | | 300 | | $9.6500 | -$2,895.0000 | -5974 |
| 7/6/2004 | 435 BCGI | | 200 | | $9.4800 | -$1,896.0000 | -5774 |
| 7/12/2004 | 435 BCGI | | | -100 | $9.4700 | -$947.0000 | -5874 |
| 7/12/2004 | 435 BCGI | | 100 | | $9.3200 | -$932.0000 | -5774 |
| 7/12/2004 | 435 BCGI | | 100 | | $9.3200 | -$932.0000 | -5674 |
| 7/14/2004 | 435 BCGI | | 100 | | $9.1700 | -$917.0000 | -5574 |
| 7/14/2004 | 435 BCGI | | 200 | | $9.1700 | -$1,834.0000 | -5374 |
| 7/16/2004 | 435 BCGI | | 2400 | | $8.9100 | -$21,384.0000 | -2974 |
| 7/16/2004 | 435 BCGI | | 39 | | $9.0100 | -$351.3900 | -2935 |
| 7/16/2004 | 435 BCGI | | 61 | | $9.0100 | -$549.6100 | -2874 |
| 7/19/2004 | 435 BCGI | | 17 | | $8.8600 | -$150.6200 | -2857 |
| 7/19/2004 | 435 BCGI | | 83 | | $8.8600 | -$735.3800 | -2774 |
| 7/20/2004 | 435 BCGI | | 100 | | $8.6900 | -$869.0000 | -2674 |
| 7/21/2004 | 435 BCGI | | | -213 | $8.4300 | -$1,795.5900 | -2887 |
| 7/21/2004 | 435 BCGI | | | -74 | $8.4000 | -$621.6000 | -2961 |
| 7/21/2004 | 435 BCGI | | | -426 | $8.4000 | -$3,578.4000 | -3387 |
| 7/21/2004 | 435 BCGI | | 300 | | $8.3800 | -$2,514.0000 | -3087 |
| 7/21/2004 | 435 BCGI | | 100 | | $8.3300 | -$833.0000 | -2987 |
| 7/21/2004 | 435 BCGI | | 100 | | $8.3300 | -$833.0000 | -2887 |
| 7/21/2004 | 435 BCGI | | 200 | | $8.3300 | -$1,666.0000 | -2687 |
| 7/21/2004 | 435 BCGI | | 70 | | $8.3000 | -$581.0000 | -2617 |
| 7/22/2004 | 435 BCGI | | 400 | | $8.2100 | -$3,284.0000 | -2217 |
| 7/22/2004 | 435 BCGI | | 100 | | $8.2100 | -$821.0000 | -2117 |
| 7/26/2004 | 435 BCGI | | | -100 | $8.3500 | -$835.0000 | -2217 |
| 8/3/2004 | 435 BCGI | | | -100 | $8.6600 | -$866.0000 | -2317 |
| 8/5/2004 | 435 BCGI | | | -100 | $8.5500 | -$855.0000 | -2417 |
| 8/9/2004 | 435 BCGI | | | -200 | $8.3000 | -$1,660.0000 | -2617 |
| 8/9/2004 | 435 BCGI | | | -100 | $8.3100 | -$831.0000 | -2717 |
| 8/9/2004 | 435 BCGI | | | -99 | $8.3000 | -$821.7000 | -2816 |
| 8/9/2004 | 435 BCGI | | | -200 | $8.3100 | -$1,662.0000 | -3016 |
| 8/9/2004 | 435 BCGI | | | -1 | $8.3000 | -$8.3000 | -3017 |
| 8/9/2004 | 435 BCGI | | | -94 | $8.2500 | -$775.5000 | -3111 |
| 8/9/2004 | 435 BCGI | | | -6 | $8.2500 | -$49.5000 | -3117 |

| Date | Symbol | Qty | Qty2 | Price | Amount | Balance |
|---|---|---|---|---|---|---|
| 8/13/2004 | 435 BCGI | 83 | | $7.8500 | -$651.5500 | -3034 |
| 8/13/2004 | 435 BCGI | 100 | | $7.8500 | -$785.0000 | -2934 |
| 8/13/2004 | 435 BCGI | 117 | | $7.8600 | -$919.6200 | -2817 |
| 8/20/2004 | 435 BCGI | | -100 | $8.3400 | -$834.0000 | -2917 |
| 9/9/2004 | 435 BCGI | | -300 | $8.0700 | -$2,421.0000 | -3217 |
| 9/13/2004 | 435 BCGI | | -105 | $8.3300 | -$874.6500 | -3322 |
| 9/13/2004 | 435 BCGI | | -100 | $8.3300 | -$833.0000 | -3422 |
| 9/13/2004 | 435 BCGI | | -95 | $8.3300 | -$791.3500 | -3517 |
| 9/15/2004 | 435 BCGI | | -200 | $8.3200 | -$1,664.0000 | -3717 |
| 9/16/2004 | 435 BCGI | | -200 | $8.3600 | -$1,672.0000 | -3917 |
| 9/17/2004 | 435 BCGI | | -100 | $8.3600 | -$836.0000 | -4017 |
| 9/17/2004 | 435 BCGI | 200 | | $8.3000 | -$1,660.0000 | -3817 |
| 9/17/2004 | 435 BCGI | 3000 | | $8.2800 | -$24,840.0000 | -817 |
| 9/17/2004 | 435 BCGI | 1000 | | $8.2800 | -$8,280.0000 | 183 |
| 9/20/2004 | 435 BCGI | | -100 | $8.4800 | -$848.0000 | 83 |
| 9/27/2004 | 435 BCGI | 100 | | $8.1500 | -$815.0000 | 183 |
| 9/27/2004 | 435 BCGI | 100 | | $8.1400 | -$814.0000 | 283 |
| 9/27/2004 | 435 BCGI | 100 | | $8.1400 | -$814.0000 | 383 |
| 10/4/2004 | 435 BCGI | | -100 | $9.0700 | -$907.0000 | 283 |
| 10/4/2004 | 435 BCGI | | -100 | $9.0600 | -$906.0000 | 183 |
| 10/4/2004 | 435 BCGI | | -15 | $9.0600 | -$135.9000 | 168 |
| 10/4/2004 | 435 BCGI | | -100 | $9.0600 | -$906.0000 | 68 |
| 10/4/2004 | 435 BCGI | | -100 | $9.0600 | -$906.0000 | -32 |
| 10/4/2004 | 435 BCGI | | -100 | $9.0600 | -$906.0000 | -132 |
| 10/4/2004 | 435 BCGI | | -85 | $9.0600 | -$770.1000 | -217 |
| 10/4/2004 | 435 BCGI | | -247 | $9.3100 | -$2,299.5700 | -464 |
| 10/4/2004 | 435 BCGI | | -100 | $9.2900 | -$929.0000 | -564 |
| 10/4/2004 | 435 BCGI | | -53 | $9.2900 | -$492.3700 | -617 |
| 10/4/2004 | 435 BCGI | | -100 | $9.2900 | -$929.0000 | -717 |
| 10/4/2004 | 435 BCGI | | -147 | $9.2900 | -$1,365.6300 | -864 |
| 10/5/2004 | 435 BCGI | | -100 | $9.4300 | -$943.0000 | -964 |
| 10/5/2004 | 435 BCGI | | -46 | $9.4300 | -$433.7800 | -1010 |
| 10/11/2004 | 435 BCGI | 200 | | $8.9700 | -$1,794.0000 | -810 |
| 10/11/2004 | 435 BCGI | 100 | | $8.9700 | -$897.0000 | -710 |
| 10/11/2004 | 435 BCGI | 100 | | $8.9700 | -$897.0000 | -610 |
| 10/11/2004 | 435 BCGI | 100 | | $8.9700 | -$897.0000 | -510 |
| 10/12/2004 | 435 BCGI | 26 | | $8.8000 | -$228.8000 | -484 |
| 10/12/2004 | 435 BCGI | 100 | | $8.8100 | -$881.0000 | -384 |
| 10/12/2004 | 435 BCGI | 74 | | $8.8100 | -$651.9400 | -310 |
| 10/12/2004 | 435 BCGI | | -121 | $8.9200 | -$1,079.3200 | -431 |
| 10/14/2004 | 435 BCGI | 100 | | $8.6200 | -$862.0000 | -331 |
| 10/14/2004 | 435 BCGI | 231 | | $8.6200 | -$1,991.2200 | -100 |
| 10/18/2004 | 435 BCGI | | -100 | $8.9300 | -$893.0000 | -200 |
| 10/18/2004 | 435 BCGI | | -100 | $8.9300 | -$893.0000 | -300 |
| 10/18/2004 | 435 BCGI | | -100 | $8.9300 | -$893.0000 | -400 |
| 10/19/2004 | 435 BCGI | 100 | | $8.8400 | -$884.0000 | -300 |
| 10/19/2004 | 435 BCGI | 39 | | $8.8400 | -$344.7600 | -261 |
| 10/20/2004 | 435 BCGI | | -80 | $9.1900 | -$735.2000 | -341 |
| 10/20/2004 | 435 BCGI | | -20 | $9.1900 | -$183.8000 | -361 |
| 10/20/2004 | 435 BCGI | | -200 | $9.1900 | -$1,838.0000 | -561 |
| 10/28/2004 | 435 BCGI | 100 | | $8.9800 | -$898.0000 | -461 |
| 10/28/2004 | 435 BCGI | 100 | | $8.9800 | -$898.0000 | -361 |

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 10/28/2004 | 435 BCGI | 100 | | $8.9800 | -$898.0000 | -261 |
| 11/1/2004 | 435 BCGI | 64 | | $8.9800 | -$574.7200 | -197 |
| 11/5/2004 | 435 BCGI | 100 | | $8.9200 | -$892.0000 | -97 |
| 11/5/2004 | 435 BCGI | 56 | | $8.9200 | -$499.5200 | -41 |
| 11/15/2004 | 435 BCGI | | -144 | $9.1900 | -$1,323.3600 | -185 |
| 11/18/2004 | 435 BCGI | | -200 | $9.4900 | -$1,898.0000 | -385 |
| 11/18/2004 | 435 BCGI | | -700 | $9.4900 | -$6,643.0000 | -1085 |
| 11/18/2004 | 435 BCGI | | -400 | $9.4900 | -$3,796.0000 | -1485 |
| 11/18/2004 | 435 BCGI | | -500 | $9.4900 | -$4,745.0000 | -1985 |
| 11/19/2004 | 435 BCGI | 100 | | $9.3000 | -$930.0000 | -1885 |
| 11/19/2004 | 435 BCGI | 64 | | $9.3000 | -$595.2000 | -1821 |
| 11/22/2004 | 435 BCGI | | -100 | $9.3500 | -$935.0000 | -1921 |
| 11/23/2004 | 435 BCGI | 100 | | $9.2700 | -$927.0000 | -1821 |
| 11/23/2004 | 435 BCGI | 64 | | $9.2700 | -$593.2800 | -1757 |
| 11/24/2004 | 435 BCGI | | -100 | $9.3400 | -$934.0000 | -1857 |
| 11/29/2004 | 435 BCGI | 100 | | $9.1800 | -$918.0000 | -1757 |
| 11/29/2004 | 435 BCGI | 100 | | $9.1800 | -$918.0000 | -1657 |
| 11/29/2004 | 435 BCGI | 100 | | $9.1800 | -$918.0000 | -1557 |
| 11/29/2004 | 435 BCGI | 12 | | $9.1800 | -$110.1600 | -1545 |
| 11/30/2004 | 435 BCGI | 218 | | $9.2000 | -$2,005.6000 | -1327 |
| 11/30/2004 | 435 BCGI | 525 | | $8.9100 | -$4,677.7500 | -802 |
| 12/1/2004 | 435 BCGI | | -27 | $9.0500 | -$244.3500 | -829 |
| 12/1/2004 | 435 BCGI | | -100 | $9.0500 | -$905.0000 | -929 |
| 12/1/2004 | 435 BCGI | | -93 | $9.0500 | -$841.6500 | -1022 |
| 12/2/2004 | 435 BCGI | | -300 | $9.2600 | -$2,778.0000 | -1322 |
| 12/3/2004 | 435 BCGI | 400 | | $9.2500 | -$3,700.0000 | -922 |
| 12/3/2004 | 435 BCGI | 100 | | $9.2500 | -$925.0000 | -822 |
| 12/3/2004 | 435 BCGI | 200 | | $9.2500 | -$1,850.0000 | -622 |
| 12/3/2004 | 435 BCGI | | -274 | $9.0800 | -$2,487.9200 | -896 |
| 12/7/2004 | 435 BCGI | | -74 | $9.5300 | -$705.2200 | -970 |
| 12/7/2004 | 435 BCGI | | -54 | $9.5400 | -$515.1600 | -1024 |
| 12/8/2004 | 435 BCGI | | -100 | $9.6300 | -$963.0000 | -1124 |
| 12/8/2004 | 435 BCGI | | -61 | $9.6200 | -$586.8200 | -1185 |
| 12/9/2004 | 435 BCGI | 100 | | $9.5400 | -$954.0000 | -1085 |
| 12/9/2004 | 435 BCGI | 100 | | $9.5400 | -$954.0000 | -985 |
| 12/9/2004 | 435 BCGI | 100 | | $9.5500 | -$955.0000 | -885 |
| 12/10/2004 | 435 BCGI | 100 | | $9.8500 | -$985.0000 | -785 |
| 12/10/2004 | 435 BCGI | 87 | | $9.8500 | -$856.9500 | -698 |
| 12/10/2004 | 435 BCGI | | -100 | $9.8600 | -$986.0000 | -798 |
| 12/10/2004 | 435 BCGI | | -400 | $9.8600 | -$3,944.0000 | -1198 |
| 12/10/2004 | 435 BCGI | | -200 | $9.8600 | -$1,972.0000 | -1398 |
| 12/10/2004 | 435 BCGI | | -100 | $9.8600 | -$986.0000 | -1498 |
| 12/13/2004 | 435 BCGI | | -300 | $10.0900 | -$3,027.0000 | -1798 |
| 12/13/2004 | 435 BCGI | | -300 | $10.0900 | -$3,027.0000 | -2098 |
| 12/13/2004 | 435 BCGI | | -100 | $10.0900 | -$1,009.0000 | -2198 |
| 12/13/2004 | 435 BCGI | | -38 | $10.0900 | -$383.4200 | -2236 |
| 12/14/2004 | 435 BCGI | 200 | | $9.8600 | -$1,972.0000 | -2036 |
| 12/14/2004 | 435 BCGI | 400 | | $9.8700 | -$3,948.0000 | -1636 |
| 12/14/2004 | 435 BCGI | 100 | | $9.8700 | -$987.0000 | -1536 |
| 12/14/2004 | 435 BCGI | 200 | | $9.8700 | -$1,974.0000 | -1336 |
| 12/15/2004 | 435 BCGI | | -100 | $9.8900 | -$989.0000 | -1436 |
| 12/15/2004 | 435 BCGI | | -74 | $9.8900 | -$731.8600 | -1510 |

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 12/16/2004 | 435 BCGI | | 100 | | $9.6500 | -$965.0000 | -1410 |
| 12/16/2004 | 435 BCGI | | 100 | | $9.6500 | -$965.0000 | -1310 |
| 12/16/2004 | 435 BCGI | | 800 | | $9.6500 | -$7,720.0000 | -510 |
| 12/16/2004 | 435 BCGI | | 82 | | $9.6300 | -$789.6600 | -428 |
| 12/16/2004 | 435 BCGI | | 100 | | $9.6300 | -$963.0000 | -328 |
| 12/16/2004 | 435 BCGI | | 100 | | $9.6300 | -$963.0000 | -228 |
| 12/16/2004 | 435 BCGI | | 200 | | $9.6400 | -$1,928.0000 | -28 |
| 12/16/2004 | 435 BCGI | | 18 | | $9.6400 | -$173.5200 | -10 |
| 12/17/2004 | 435 BCGI | -500 | | | $9.5000 | -$4,750.0000 | -510 |
| 12/17/2004 | 435 BCGI | -100 | | | $9.5000 | -$950.0000 | -610 |
| 12/17/2004 | 435 BCGI | | 2200 | | $9.5000 | -$20,900.0000 | 1590 |
| 12/17/2004 | 435 BCGI | | 12 | | $9.5600 | -$114.7200 | 1602 |
| 12/17/2004 | 435 BCGI | | 100 | | $9.5800 | -$958.0000 | 1702 |
| 12/17/2004 | 435 BCGI | | 100 | | $9.5700 | -$957.0000 | 1802 |
| 12/17/2004 | 435 BCGI | | 100 | | $9.5800 | -$958.0000 | 1902 |
| 12/17/2004 | 435 BCGI | | 212 | | $9.5800 | -$2,030.9600 | 2114 |
| 12/30/2004 | 435 BCGI | | 76 | | $9.4000 | -$714.4000 | 2190 |
| 1/3/2005 | 435 BCGI | -25 | | | $9.2500 | -$231.2500 | 2165 |
| 1/3/2005 | 435 BCGI | -100 | | | $9.2500 | -$925.0000 | 2065 |
| 1/3/2005 | 435 BCGI | -475 | | | $9.2500 | -$4,393.7500 | 1590 |
| 1/4/2005 | 435 BCGI | | 125 | | $9.0000 | -$1,125.0000 | 1715 |
| 1/5/2005 | 435 BCGI | | 58 | | $8.9100 | -$516.7800 | 1773 |
| 1/6/2005 | 435 BCGI | -100 | | | $9.1000 | -$910.0000 | 1673 |
| 1/6/2005 | 435 BCGI | -12 | | | $9.1000 | -$109.2000 | 1661 |
| 1/7/2005 | 435 BCGI | | 76 | | $9.0800 | -$690.0800 | 1737 |
| 1/10/2005 | 435 BCGI | -248 | | | $9.3900 | -$2,328.7200 | 1489 |
| 1/12/2005 | 435 BCGI | -57 | | | $9.4700 | -$539.7900 | 1432 |
| 1/13/2005 | 435 BCGI | | 71 | | $9.4400 | -$670.2400 | 1503 |
| 1/14/2005 | 435 BCGI | | 265 | | $9.2500 | -$2,451.2500 | 1768 |
| 1/18/2005 | 435 BCGI | -111 | | | $9.3800 | -$1,041.1800 | 1657 |
| 1/19/2005 | 435 BCGI | | 75 | | $9.3900 | -$704.2500 | 1732 |
| 1/20/2005 | 435 BCGI | | 9 | | $9.0700 | -$81.6300 | 1741 |
| 1/20/2005 | 435 BCGI | | 100 | | $9.0700 | -$907.0000 | 1841 |
| 1/20/2005 | 435 BCGI | | 56 | | $9.0700 | -$507.9200 | 1897 |
| 1/21/2005 | 435 BCGI | | 94 | | $8.8800 | -$834.7200 | 1991 |
| 1/21/2005 | 435 BCGI | -1000 | | | $8.9200 | -$8,920.0000 | 991 |
| 1/24/2005 | 435 BCGI | -35 | | | $8.9600 | -$313.6000 | 956 |
| 1/25/2005 | 435 BCGI | | 76 | | $8.8100 | -$669.5600 | 1032 |
| 1/27/2005 | 435 BCGI | -100 | | | $8.2000 | -$820.0000 | 932 |
| 1/27/2005 | 435 BCGI | -200 | | | $8.2000 | -$1,640.0000 | 732 |
| 1/27/2005 | 435 BCGI | -100 | | | $8.2000 | -$820.0000 | 632 |
| 1/27/2005 | 435 BCGI | -100 | | | $8.2000 | -$820.0000 | 532 |
| 1/27/2005 | 435 BCGI | -100 | | | $8.1000 | -$810.0000 | 432 |
| 1/27/2005 | 435 BCGI | -400 | | | $8.1000 | -$3,240.0000 | 32 |
| 1/27/2005 | 435 BCGI | -200 | | | $7.9800 | -$1,596.0000 | -168 |
| 1/28/2005 | 435 BCGI | -100 | | | $7.6000 | -$760.0000 | -268 |
| 1/28/2005 | 435 BCGI | -100 | | | $7.6000 | -$760.0000 | -368 |
| 1/28/2005 | 435 BCGI | -100 | | | $7.6000 | -$760.0000 | -468 |
| 1/28/2005 | 435 BCGI | -100 | | | $7.5800 | -$758.0000 | -568 |
| 1/28/2005 | 435 BCGI | -150 | | | $7.5700 | -$1,135.5000 | -718 |
| 1/28/2005 | 435 BCGI | -100 | | | $7.8900 | -$789.0000 | -818 |
| 1/28/2005 | 435 BCGI | -197 | | | $7.8800 | -$1,552.3600 | -1015 |

| Date | Symbol | | | | |
|---|---|---|---|---|---|
| 1/28/2005 | 435 BCGI | | -100 | $7.6200 | -$762.0000 | -1115 |
| 1/28/2005 | 435 BCGI | | -100 | $7.6100 | -$761.0000 | -1215 |
| 1/28/2005 | 435 BCGI | | -100 | $7.6000 | -$760.0000 | -1315 |
| 1/28/2005 | 435 BCGI | | -100 | $7.6100 | -$761.0000 | -1415 |
| 1/28/2005 | 435 BCGI | | -100 | $7.5800 | -$758.0000 | -1515 |
| 2/2/2005 | 435 BCGI | 269 | | $7.4600 | -$2,006.7400 | -1246 |
| 2/2/2005 | 435 BCGI | 100 | | $7.4700 | -$747.0000 | -1146 |
| 2/2/2005 | 435 BCGI | 31 | | $7.4700 | -$231.5700 | -1115 |
| 2/4/2005 | 435 BCGI | | -100 | $7.6400 | -$764.0000 | -1215 |
| 2/4/2005 | 435 BCGI | | -28 | $7.6400 | -$213.9200 | -1243 |
| 2/7/2005 | 435 BCGI | 100 | | $7.5500 | -$755.0000 | -1143 |
| 2/7/2005 | 435 BCGI | 30 | | $7.5500 | -$226.5000 | -1113 |
| 2/10/2005 | 435 BCGI | 100 | | $7.1200 | -$712.0000 | -1013 |
| 2/10/2005 | 435 BCGI | 100 | | $7.1200 | -$712.0000 | -913 |
| 2/10/2005 | 435 BCGI | 100 | | $7.1200 | -$712.0000 | -813 |
| 2/10/2005 | 435 BCGI | 231 | | $7.1300 | -$1,647.0300 | -582 |
| 2/11/2005 | 435 BCGI | 100 | | $6.9500 | -$695.0000 | -482 |
| 2/11/2005 | 435 BCGI | 102 | | $6.9500 | -$708.9000 | -380 |
| 2/14/2005 | 435 BCGI | | -500 | $7.4200 | -$3,710.0000 | -880 |
| 2/15/2005 | 435 BCGI | | -100 | $7.9300 | -$793.0000 | -980 |
| 2/15/2005 | 435 BCGI | | -100 | $7.9100 | -$791.0000 | -1080 |
| 2/15/2005 | 435 BCGI | | -100 | $7.9100 | -$791.0000 | -1180 |
| 2/15/2005 | 435 BCGI | | -100 | $7.9100 | -$791.0000 | -1280 |
| 2/15/2005 | 435 BCGI | | -100 | $7.9100 | -$791.0000 | -1380 |
| 2/15/2005 | 435 BCGI | | -250 | $7.9200 | -$1,980.0000 | -1630 |
| 2/16/2005 | 435 BCGI | 160 | | $7.7400 | -$1,238.4000 | -1470 |
| 2/17/2005 | 435 BCGI | 100 | | $7.4900 | -$749.0000 | -1370 |
| 2/17/2005 | 435 BCGI | 15 | | $7.4900 | -$112.3500 | -1355 |
| 2/17/2005 | 435 BCGI | 100 | | $7.5100 | -$751.0000 | -1255 |
| 2/17/2005 | 435 BCGI | 200 | | $7.5100 | -$1,502.0000 | -1055 |
| 2/17/2005 | 435 BCGI | 100 | | $7.5100 | -$751.0000 | -955 |
| 2/18/2005 | 435 BCGI | | -100 | $7.5500 | -$755.0000 | -1055 |
| 2/18/2005 | 435 BCGI | | -100 | $7.5500 | -$755.0000 | -1155 |
| 2/18/2005 | 435 BCGI | | -73 | $7.5500 | -$551.1500 | -1228 |
| 2/18/2005 | 435 BCGI | | -100 | $7.5600 | -$756.0000 | -1328 |
| 2/18/2005 | 435 BCGI | | -200 | $7.5600 | -$1,512.0000 | -1528 |
| 2/18/2005 | 435 BCGI | 2500 | | $7.6800 | -$19,200.0000 | 972 |
| 2/24/2005 | 435 BCGI | 39 | | $7.5300 | -$293.6700 | 1011 |
| 3/2/2005 | 435 BCGI | 100 | | $7.2400 | -$724.0000 | 1111 |
| 3/2/2005 | 435 BCGI | 78 | | $7.2400 | -$564.7200 | 1189 |
| 3/7/2005 | 435 BCGI | 3 | | $7.0900 | -$21.2700 | 1192 |
| 3/7/2005 | 435 BCGI | 100 | | $7.1000 | -$710.0000 | 1292 |
| 3/7/2005 | 435 BCGI | 12 | | $7.1000 | -$85.2000 | 1304 |
| 3/8/2005 | 435 BCGI | 96 | | $6.9400 | -$666.2400 | 1400 |
| 3/10/2005 | 435 BCGI | 100 | | $6.5300 | -$653.0000 | 1500 |
| 3/10/2005 | 435 BCGI | 359 | | $6.5300 | -$2,344.2700 | 1859 |
| 3/18/2005 | 435 BCGI | 100 | | $7.4600 | -$746.0000 | 1959 |
| 3/18/2005 | 435 BCGI | 400 | | $7.4600 | -$2,984.0000 | 2359 |
| 3/18/2005 | 435 BCGI | 100 | | $7.4600 | -$746.0000 | 2459 |
| 3/18/2005 | 435 BCGI | 100 | | $7.4600 | -$746.0000 | 2559 |
| 3/18/2005 | 435 BCGI | | -100 | $7.5400 | -$754.0000 | 2459 |
| 3/18/2005 | 435 BCGI | | -200 | $7.5400 | -$1,508.0000 | 2259 |

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 3/18/2005 | 435 BCGI | | -100 | $7.5300 | -$753.0000 | 2159 |
| 3/18/2005 | 435 BCGI | | -100 | $7.5300 | -$753.0000 | 2059 |
| 3/22/2005 | 435 BCGI | | -100 | $7.5300 | -$753.0000 | 1959 |
| 3/22/2005 | 435 BCGI | | -106 | $7.5200 | -$797.1200 | 1853 |
| 3/22/2005 | 435 BCGI | | -59 | $7.5100 | -$443.0900 | 1794 |
| 3/23/2005 | 435 BCGI | 9 | | $7.3300 | -$65.9700 | 1803 |
| 4/8/2005 | 435 BCGI | 1300 | | $6.5500 | -$8,515.0000 | 3103 |
| 4/11/2005 | 435 BCGI | 200 | | $6.3000 | -$1,260.0000 | 3303 |
| 4/18/2005 | 435 BCGI | 154 | | $6.1900 | -$953.2600 | 3457 |
| 4/21/2005 | 435 BCGI | | -63 | $6.4000 | -$403.2000 | 3394 |
| 4/27/2005 | 435 BCGI | 184 | | $5.8300 | -$1,072.7200 | 3578 |
| 5/6/2005 | 435 BCGI | 33 | | $5.7600 | -$190.0800 | 3611 |
| 5/10/2005 | 435 BCGI | | -100 | $5.9800 | -$598.0000 | 3511 |
| | | 47,240 | -43,729 | | -$857,649.8000 | |
| | | | | | | |
| 4/16/2004 | 435 QGBAPR10C | 3 | | $1.9000 | -$570.0000 | |
| 4/15/2004 | 435 QGBAPR12C | | -10 | $0.1000 | -$100.0000 | |
| 4/16/2004 | 435 QGBAPR12C | | -10 | $0.0000 | $0.0000 | |
| 3/22/2005 | 435 QGBAPR7C | 4 | | $0.4000 | -$160.0000 | |
| 3/22/2005 | 435 QGBAPR7C | 2 | | $0.4000 | -$80.0000 | |
| 4/15/2005 | 435 QGBAPR7C | | -6 | $0.0000 | $0.0000 | |
| 6/23/2004 | 435 QGBAUG10C | 10 | | $0.6000 | -$600.0000 | |
| 7/9/2004 | 435 QGBAUG10C | 10 | | $0.4000 | -$400.0000 | |
| 7/22/2004 | 435 QGBAUG10C | | -30 | $0.1500 | -$450.0000 | |
| 8/20/2004 | 435 QGBAUG10C | 10 | | $0.0000 | $0.0000 | |
| 7/9/2004 | 435 QGBAUG10P | 1 | | $0.9500 | -$95.0000 | |
| 8/20/2004 | 435 QGBAUG10P | | -1 | $1.6600 | -$166.0000 | |
| 5/19/2004 | 435 QGBDEC10C | | -3 | $2.6500 | -$795.0000 | |
| 6/14/2004 | 435 QGBDEC10C | 6 | | $1.1000 | -$660.0000 | |
| 6/14/2004 | 435 QGBDEC10C | 8 | | $1.1000 | -$880.0000 | |
| 6/18/2004 | 435 QGBDEC10C | 3 | | $1.3000 | -$390.0000 | |
| 6/21/2004 | 435 QGBDEC10C | 10 | | $1.1500 | -$1,150.0000 | |
| 6/22/2004 | 435 QGBDEC10C | 10 | | $1.0500 | -$1,050.0000 | |
| 10/4/2004 | 435 QGBDEC10C | 10 | | $0.4500 | -$450.0000 | |
| 12/17/2004 | 435 QGBDEC10C | | -44 | $0.0000 | $0.0000 | |
| 6/10/2004 | 435 QGBDEC10P | 2 | | $2.0000 | -$400.0000 | |
| 8/9/2004 | 435 QGBDEC10P | | -10 | $2.2500 | -$2,250.0000 | |
| 8/13/2004 | 435 QGBDEC10P | 5 | | $2.5000 | -$1,250.0000 | |
| 11/30/2004 | 435 QGBDEC10P | 4 | | $0.9500 | -$380.0000 | |
| 12/17/2004 | 435 QGBDEC10P | | -1 | $0.5000 | -$50.0000 | |
| 4/21/2004 | 435 QGBDEC12C | 2 | | $1.9500 | -$390.0000 | |
| 6/21/2004 | 435 QGBDEC12C | 5 | | $0.5500 | -$275.0000 | |
| 6/23/2004 | 435 QGBDEC12C | 10 | | $0.4500 | -$450.0000 | |
| 7/23/2004 | 435 QGBDEC12C | 4 | | $0.2000 | -$80.0000 | |
| 11/30/2004 | 435 QGBDEC12C | 10 | | $0.0500 | -$50.0000 | |
| 12/17/2004 | 435 QGBDEC12C | | -31 | $0.0000 | $0.0000 | |
| 5/3/2004 | 435 QGBDEC12P | 5 | | $2.9000 | -$1,450.0000 | |
| 12/17/2004 | 435 QGBDEC12P | | -5 | $3.0000 | -$1,500.0000 | |
| 7/21/2004 | 435 QGBDEC7C | 4 | | $1.6000 | -$640.0000 | |
| 11/18/2004 | 435 QGBDEC7C | 18 | | $2.0000 | -$3,600.0000 | |
| 12/17/2004 | 435 QGBDEC7C | | -22 | $2.0000 | -$4,400.0000 | |

| Date | | Symbol | Qty1 | Qty2 | Price | Amount |
|---|---|---|---|---|---|---|
| 1/27/2005 | 435 | QGBFEB7C | 15 | | $0.9500 | -$1,425.0000 |
| 1/28/2005 | 435 | QGBFEB7C | 10 | | $0.5500 | -$550.0000 |
| 2/18/2005 | 435 | QGBFEB7C | | -25 | $0.1800 | -$450.0000 |
| 1/27/2005 | 435 | QGBFEB7P | | -10 | $0.3000 | -$300.0000 |
| 1/27/2005 | 435 | QGBFEB7P | | -5 | $0.3000 | -$150.0000 |
| 2/18/2005 | 435 | QGBFEB7P | 15 | | $0.0000 | $0.0000 |
| 12/3/2004 | 435 | QGBJAN10P | 10 | | $1.0500 | -$1,050.0000 |
| 1/21/2005 | 435 | QGBJAN10P | | -10 | $1.0800 | -$1,080.0000 |
| 6/9/2004 | 435 | QGBJUL10C | 40 | | $0.9500 | -$3,800.0000 |
| 6/9/2004 | 435 | QGBJUL10C | 10 | | $0.9500 | -$950.0000 |
| 7/9/2004 | 435 | QGBJUL10C | | -10 | $0.0500 | -$50.0000 |
| 7/16/2004 | 435 | QGBJUL10C | | -40 | $0.0000 | $0.0000 |
| 6/16/2004 | 435 | QGBJUL10P | | -20 | $1.3500 | -$2,700.0000 |
| 7/6/2004 | 435 | QGBJUL10P | | -4 | $0.7000 | -$280.0000 |
| 7/16/2004 | 435 | QGBJUL10P | 24 | | $1.0900 | -$2,616.0000 |
| 5/14/2004 | 435 | QGBJUN10C | 10 | | $1.3500 | -$1,350.0000 |
| 5/14/2004 | 435 | QGBJUN10C | 10 | | $1.3500 | -$1,350.0000 |
| 5/14/2004 | 435 | QGBJUN10C | 10 | | $1.3500 | -$1,350.0000 |
| 6/1/2004 | 435 | QGBJUN10C | | -3 | $1.1000 | -$330.0000 |
| 6/18/2004 | 435 | QGBJUN10C | | -27 | $0.0000 | $0.0000 |
| 5/11/2004 | 435 | QGBJUN10P | 27 | | $0.4000 | -$1,080.0000 |
| 5/13/2004 | 435 | QGBJUN10P | 40 | | $0.4500 | -$1,800.0000 |
| 6/9/2004 | 435 | QGBJUN10P | | -20 | $0.1000 | -$200.0000 |
| 6/14/2004 | 435 | QGBJUN10P | 10 | | $0.9000 | -$900.0000 |
| 6/14/2004 | 435 | QGBJUN10P | 6 | | $0.9000 | -$540.0000 |
| 6/14/2004 | 435 | QGBJUN10P | 6 | | $0.9000 | -$540.0000 |
| 6/18/2004 | 435 | QGBJUN10P | | -23 | $0.5299 | -$1,218.7700 |
| 6/18/2004 | 435 | QGBJUN12C | | -8 | $0.0000 | $0.0000 |
| 4/28/2004 | 435 | QGBJUN12P | | -10 | $1.8500 | -$1,850.0000 |
| 5/11/2004 | 435 | QGBJUN12P | 6 | | $1.6500 | -$990.0000 |
| 5/21/2004 | 435 | QGBJUN12P | | -20 | $2.1000 | -$4,200.0000 |
| 6/18/2004 | 435 | QGBJUN12P | 24 | | $3.0300 | -$7,272.0000 |
| 4/20/2004 | 435 | QGBJUN7C | 20 | | $4.0000 | -$8,000.0000 |
| 6/18/2004 | 435 | QGBJUN7C | | -20 | $1.9700 | -$3,940.0000 |
| 3/10/2005 | 435 | QGBJUN7C | | -10 | $0.6000 | -$600.0000 |
| 6/18/2004 | 435 | QGBJUN7P | | -5 | $0.0000 | $0.0000 |
| 1/3/2005 | 435 | QGBMAR10C | 20 | | $0.4000 | -$800.0000 |
| 3/18/2005 | 435 | QGBMAR10C | | -20 | $0.0000 | $0.0000 |
| 1/28/2005 | 435 | QGBMAR7C | 10 | | $0.7500 | -$750.0000 |
| 3/18/2005 | 435 | QGBMAR7C | | -10 | $0.0000 | $0.0000 |
| 4/16/2004 | 435 | QGBMAY10C | 7 | | $2.0000 | -$1,400.0000 |
| 4/20/2004 | 435 | QGBMAY10C | 1 | | $1.5500 | -$155.0000 |
| 5/3/2004 | 435 | QGBMAY10C | 3 | | $1.4500 | -$435.0000 |
| 5/21/2004 | 435 | QGBMAY10C | 1 | | $0.3500 | -$35.0000 |
| 4/20/2004 | 435 | QGBMAY10P | | -10 | $0.5000 | -$500.0000 |
| 4/28/2004 | 435 | QGBMAY10P | 10 | | $0.2000 | -$200.0000 |
| 4/2/2004 | 435 | QGBMAY12C | 10 | | $0.9500 | -$950.0000 |
| 4/2/2004 | 435 | QGBMAY12C | 15 | | $0.9500 | -$1,425.0000 |
| 4/16/2004 | 435 | QGBMAY12C | 10 | | $0.7500 | -$750.0000 |
| 4/21/2004 | 435 | QGBMAY12C | | -10 | $0.3500 | -$350.0000 |
| 4/26/2004 | 435 | QGBMAY12C | | -10 | $0.3000 | -$300.0000 |
| 5/3/2004 | 435 | QGBMAY12C | 19 | | $0.1000 | -$190.0000 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 5/14/2004 | 435 | QGBMAY12C | | -7 | $0.0500 | -$35.0000 |
| 5/21/2004 | 435 | QGBMAY12C | | -41 | $0.0000 | $0.0000 |
| 4/16/2004 | 435 | QGBMAY12P | 10 | | $1.1500 | -$1,150.0000 |
| 4/20/2004 | 435 | QGBMAY12P | | -20 | $1.6000 | -$3,200.0000 |
| 5/21/2004 | 435 | QGBMAY12P | | -10 | $2.1500 | -$2,150.0000 |
| 5/21/2004 | 435 | QGBMAY12P | 20 | | $1.7500 | -$3,500.0000 |
| 5/12/2005 | 435 | QGBMAY5C | 3 | | $1.3500 | -$405.0000 |
| 5/20/2005 | 435 | QGBMAY5C | | -3 | $0.0000 | $0.0000 |
| 5/12/2005 | 435 | QGBMAY7C | | -10 | $0.4500 | -$450.0000 |
| 5/20/2005 | 435 | QGBMAY7C | 10 | | $0.0000 | $0.0000 |
| 6/16/2004 | 435 | QGBSEP10C | 15 | | $0.7000 | -$1,050.0000 |
| 6/22/2004 | 435 | QGBSEP10C | 10 | | $0.7000 | -$700.0000 |
| 7/21/2004 | 435 | QGBSEP10C | | -10 | $0.3000 | -$300.0000 |
| 7/21/2004 | 435 | QGBSEP10C | | -20 | $0.3000 | -$600.0000 |
| 7/23/2004 | 435 | QGBSEP10C | | -2 | $0.3000 | -$60.0000 |
| 9/17/2004 | 435 | QGBSEP10C | 7 | | $0.0000 | $0.0000 |
| 6/7/2004 | 435 | QGBSEP10P | | -10 | $1.2000 | -$1,200.0000 |
| 6/14/2004 | 435 | QGBSEP10P | | -10 | $1.8000 | -$1,800.0000 |
| 9/17/2004 | 435 | QGBSEP10P | 30 | | $1.7200 | -$5,160.0000 |
| 4/28/2004 | 435 | QGBSEP12C | | -15 | $1.2500 | -$1,875.0000 |
| 4/28/2004 | 435 | QGBSEP12C | | -20 | $1.2000 | -$2,400.0000 |
| 5/13/2004 | 435 | QGBSEP12C | 1 | | $0.8500 | -$85.0000 |
| 6/4/2004 | 435 | QGBSEP12C | | -10 | $0.8500 | -$850.0000 |
| 6/21/2004 | 435 | QGBSEP12C | 3 | | $0.2500 | -$75.0000 |
| 9/17/2004 | 435 | QGBSEP12C | 43 | | $0.0000 | $0.0000 |
| 4/22/2004 | 435 | QGBSEP15C | | -10 | $0.7000 | -$700.0000 |
| 4/22/2004 | 435 | QGBSEP15C | | -10 | $0.8000 | -$800.0000 |
| 4/22/2004 | 435 | QGBSEP15C | | -3 | $0.8000 | -$240.0000 |
| 9/17/2004 | 435 | QGBSEP15C | 28 | | $0.0000 | $0.0000 |
| 7/21/2004 | 435 | QGBSEP7C | 10 | | $1.2500 | -$1,250.0000 |
| 9/17/2004 | 435 | QGBSEP7C | | -10 | $0.7799 | -$779.9000 |
| 4/8/2005 | 435 | QGBSEP7P | 25 | | $1.8000 | -$4,500.0000 |
| | | | | | | -$121,627.6700 |

Exhibit B

# The National Business Marketplace

**EMPLOYMENT OPPORTUNITY**

## EMPLOYMENT OPPORTUNITY!

- No Experience Required
- No Start Up Of Any Cost Involved
- No Skills Needed

All Details & Sign Up At:
**www.All-State.net**

**FINANCIAL SERVICES**

Here at MCP We Can Help You Find The Right Financing Solution For Your Home Or Business!
NO UPFRONT FEES!!!
Call 1-877-858-1890
(24hrs)

**TRADING SYSTEMS**

E-Mini Russell 2000 system
1,468% return since 1999
Call Rich (402)964-9042
investmentresearch.biz

**FOREX TRADING**

Heard of the Forex Market?
Find Out All About It!
Sign Up- Free Intro Class
www.forexicon.com

### Notice

"If you require additional information on any of the above companies, please contact your local Chamber of Commerce or Better Business Bureau in your area."

**LEGAL NOTICES**

**Wolf Haldenstein Adler Freeman & Herz LLP Commences Class Action Lawsuit on Behalf of Investors in Boston Communications Group, Inc.**

Wolf Haldenstein Adler Freeman & Herz LLP filed a class action lawsuit in the United States District Court for the District of Massachusetts, on behalf of all persons who purchased the securities of Boston Communications Group, Inc. ("BCGI" or the "Company") [NASDAQ: BCGI] between November 15, 2000 and May 20, 2005, inclusive, (the "Class Period") against defendants BCGI and certain officers and directors of the Company.

Our case name is Rosenbaum Capital, LLC v. Boston Communications Group, Inc., et al. (05 cv 11165 WGY). A copy of the complaint filed in this action is available from the Court, or can be viewed on the Wolf Haldenstein Adler Freeman & Herz LLP website at http://www.whafh.com.

The complaint alleges that defendants violated the federal securities laws by issuing materially false and misleading statements throughout the Class Period that had the effect of artificially inflating the market price of the Company's securities. Specifically, the complaint alleges: (a) the Company had willingly infringed upon Freedom Wireless' patents; (b) the Company's successful business model was premised upon the willful infringements of the patents of Freedom Wireless; (c) the Company's financial statements failed to comply with Generally Accepted Accounting Principles by failing to record sufficient reserves (of not less than $100 million) because of the willful infringement upon Freedom Wireless' patents; (d) by reason of the failure to take adequate reserves, the Company's financial statements filed with the SEC overstated income, net profits and profits per share; (e) these failures of disclosure, directly impacted the Company's prospects for future growth and revenue.

If you purchased BCGI securities during the Class Period, you may request that the Court appoint you as lead plaintiff by August 8, 2005. A lead plaintiff is a representative party that acts on behalf of other class members in directing the litigation. In order to be appointed lead plaintiff, the Court must determine that the class member's claim is typical of the claims of other class members, and that the class member will adequately represent the class. Under certain circumstances, one or more class members may together serve as "lead plaintiff." Your ability to share in any recovery is not, however, affected by the decision whether or not to serve as a lead plaintiff. You may retain Wolf Haldenstein, or other counsel of your choice, to serve as your counsel in this action.

Wolf Haldenstein has extensive experience in the prosecution of securities class actions and derivative litigation in state and federal trial and appellate courts across the country. The firm has approximately 60 attorneys in various practice areas; and offices in Chicago, New York City, San Diego, and West Palm Beach. The reputation and expertise of this firm in shareholder and other class litigation has been repeatedly recognized by the courts, which have appointed it to major positions in complex securities multi-district and consolidated litigation.

If you wish to discuss this action or have any questions, please contact Wolf Haldenstein Adler Freeman & Herz LLP at 270 Madison Avenue, New York, New York 10016, by telephone at (800) 575-0735 (Fred Taylor Isquith, Esq., Gregory M. Nespole, Esq. or Derek Behnke), via e-mail at classmember@whafh.com or visit our website at http://www.whafh.com. All e-mail correspondence should make reference to BCGI.

Source: Wolf Haldenstein Adler Freeman & Herz LLP


**Place ad by phone or fax**
PHONE 800-423-5515 • FAX 310-577-7346

## Inform the Public with Legal Notices
Advertise in the NATIONAL BUSINESS MARKETPLACE
**1-800-423-5515**

Exhibit C

Boston Communications Group, Inc. Loss Chart

| Name | Date Purchased | # Shares | Price | Purchase Cost | Total | Date Sold | # Shares | Price | Redeemed Value |
|------|---------------|----------|-------|---------------|-------|-----------|----------|-------|----------------|
| Rosenbaum Capital, LLC | 4/8/2004 | 100 | $12.9000 | $1,290.00 | | 4/2/2004 | 200 | $12.40 | $2,480.00 |
| | 4/14/2004 | 200 | $12.2000 | $2,440.00 | | 4/2/2004 | 100 | $12.41 | $1,241.00 |
| | 4/14/2004 | 160 | $12.2000 | $1,952.00 | | 4/2/2004 | 200 | $12.40 | $2,480.00 |
| | 4/14/2004 | 200 | $12.2000 | $2,440.00 | | 4/2/2004 | 600 | $12.49 | $7,494.00 |
| | 4/14/2004 | 100 | $12.2000 | $1,220.00 | | 4/2/2004 | 100 | $12.49 | $1,249.00 |
| | 4/14/2004 | 140 | $12.2000 | $1,708.00 | | 4/5/2004 | 200 | $12.71 | $2,542.00 |
| | 4/15/2004 | 100 | $12.0900 | $1,209.00 | | 4/5/2004 | 200 | $12.98 | $2,596.00 |
| | 4/15/2004 | 500 | $12.2000 | $6,100.00 | | 4/5/2004 | 100 | $13.05 | $1,305.00 |
| | 4/15/2004 | 300 | $12.2000 | $3,660.00 | | 4/14/2004 | 100 | $12.46 | $1,246.00 |
| | 4/16/2004 | 300 | $12.0800 | $3,624.00 | | 4/14/2004 | 200 | $12.46 | $2,492.00 |
| | 4/19/2004 | 100 | $11.5800 | $1,158.00 | | 4/16/2004 | 300 | $12.00 | $3,600.00 |
| | 4/19/2004 | 100 | $11.5800 | $1,158.00 | | 4/16/2004 | 500 | $11.80 | $5,900.00 |
| | 4/21/2004 | 300 | $11.1500 | $3,345.00 | | 4/20/2004 | 200 | $11.45 | $2,290.00 |
| | 4/22/2004 | 200 | $11.5700 | $2,314.00 | | 4/20/2004 | 1300 | $11.50 | $14,950.00 |
| | 4/22/2004 | 100 | $11.5600 | $1,156.00 | | 4/20/2004 | 200 | $11.35 | $2,270.00 |
| | 4/22/2004 | 100 | $11.5600 | $1,156.00 | | 4/20/2004 | 100 | $11.35 | $1,135.00 |
| | 4/22/2004 | 200 | $11.9800 | $2,396.00 | | 4/20/2004 | 100 | $11.36 | $1,136.00 |
| | 4/22/2004 | 100 | $11.9800 | $1,198.00 | | 4/20/2004 | 100 | $11.36 | $1,136.00 |
| | 4/26/2004 | 200 | $11.1200 | $2,224.00 | | 4/20/2004 | 100 | $11.36 | $1,136.00 |
| | 4/28/2004 | 600 | $11.0400 | $6,624.00 | | 4/20/2004 | 200 | $11.37 | $2,274.00 |
| | 4/28/2004 | 100 | $11.3000 | $1,130.00 | | 4/20/2004 | 100 | $11.36 | $1,136.00 |
| | 4/28/2004 | 100 | $11.3000 | $1,130.00 | | 4/20/2004 | 200 | $11.37 | $2,274.00 |
| | 4/28/2004 | 100 | $11.1200 | $1,112.00 | | 4/20/2004 | 200 | $11.37 | $2,274.00 |
| | 4/28/2004 | 100 | $11.1500 | $1,115.00 | | 4/20/2004 | 100 | $11.37 | $1,137.00 |
| | 4/28/2004 | 100 | $11.1500 | $1,115.00 | | 4/20/2004 | 200 | $11.37 | $2,274.00 |
| | 4/28/2004 | 100 | $11.1800 | $1,118.00 | | 4/20/2004 | 100 | $11.37 | $1,137.00 |
| | 4/28/2004 | 100 | $11.1800 | $1,118.00 | | 4/28/2004 | 100 | $11.29 | $1,129.00 |
| | 4/28/2004 | 500 | $11.2100 | $5,605.00 | | 4/28/2004 | 200 | $11.20 | $2,240.00 |
| | 5/11/2004 | 900 | $11.2600 | $10,134.00 | | 4/28/2004 | 100 | $11.19 | $1,119.00 |
| | 5/11/2004 | 100 | $11.2600 | $1,126.00 | | 4/28/2004 | 100 | $11.19 | $1,119.00 |
| | 5/11/2004 | 100 | $11.3100 | $1,131.00 | | 4/28/2004 | 100 | $11.19 | $1,119.00 |
| | 5/11/2004 | 300 | $11.3100 | $3,393.00 | | 4/28/2004 | 100 | $11.19 | $1,119.00 |
| | 5/13/2004 | 100 | $10.7500 | $1,075.00 | | 4/29/2004 | 100 | $10.70 | $1,070.00 |
| | 5/13/2004 | 100 | $10.7500 | $1,075.00 | | 4/29/2004 | 100 | $10.70 | $1,070.00 |
| | 5/13/2004 | 200 | $10.9800 | $2,196.00 | | 5/3/2004 | 200 | $11.24 | $2,248.00 |
| | 5/13/2004 | 100 | $10.9700 | $1,097.00 | | 5/3/2004 | 100 | $11.24 | $1,124.00 |
| | 5/13/2004 | 300 | $11.0200 | $3,306.00 | | 5/14/2004 | 200 | $10.90 | $2,180.00 |
| | 5/13/2004 | 100 | $11.0200 | $1,102.00 | | 5/14/2004 | 500 | $10.90 | $5,450.00 |
| | 5/13/2004 | 100 | $11.0300 | $1,103.00 | | | | | |

Boston Communications Group, Inc. Loss Chart

| Date | Qty | Price | Amount | Date | Price | Qty | Amount |
|------|-----|-------|--------|------|-------|-----|--------|
| 5/13/2004 | 100 | $11.0300 | $1,103.00 | 5/14/2004 | $10.94 | 100 | $1,094.00 |
| 5/13/2004 | 100 | $11.0300 | $1,103.00 | 5/14/2004 | $10.91 | 100 | $1,091.00 |
| 5/13/2004 | 200 | $11.0300 | $2,206.00 | 5/14/2004 | $10.91 | 300 | $3,273.00 |
| 5/14/2004 | 100 | $10.9000 | $1,090.00 | 5/14/2004 | $10.91 | 200 | $2,182.00 |
| 5/17/2004 | 141 | $10.6500 | $1,501.65 | 5/14/2004 | $10.93 | 100 | $1,093.00 |
| 5/17/2004 | 59 | $10.6500 | $628.35 | 5/14/2004 | $10.95 | 74 | $810.30 |
| 5/18/2004 | 100 | $10.3000 | $1,030.00 | 5/14/2004 | $10.95 | 100 | $1,095.00 |
| 5/18/2004 | 100 | $10.3000 | $1,030.00 | 5/14/2004 | $10.95 | 100 | $1,095.00 |
| 5/21/2004 | 100 | $10.7400 | $1,074.00 | 5/14/2004 | $10.95 | 100 | $1,095.00 |
| 5/21/2004 | 400 | $10.7500 | $4,300.00 | 5/14/2004 | $10.95 | 100 | $1,095.00 |
| 6/4/2004 | 92 | $10.6000 | $975.20 | 5/14/2004 | $10.95 | 100 | $1,095.00 |
| 6/4/2004 | 45 | $10.6000 | $477.00 | 5/14/2004 | $10.93 | 100 | $1,093.00 |
| 6/4/2004 | 63 | $10.6000 | $667.80 | 5/18/2004 | $10.42 | 100 | $1,042.00 |
| 6/10/2004 | 100 | $8.2000 | $820.00 | 5/21/2004 | $10.35 | 100 | $1,035.00 |
| 6/10/2004 | 800 | $8.2000 | $6,560.00 | 5/21/2004 | $10.35 | 1000 | $10,350.00 |
| 6/10/2004 | 100 | $8.2600 | $826.00 | 5/24/2004 | $10.74 | 200 | $2,148.00 |
| 6/10/2004 | 500 | $8.5600 | $4,280.00 | 6/7/2004 | $10.46 | 400 | $4,184.00 |
| 6/10/2004 | 500 | $8.5800 | $4,290.00 | 6/9/2004 | $10.50 | 300 | $3,150.00 |
| 6/10/2004 | 500 | $8.7400 | $4,370.00 | 6/9/2004 | $10.50 | 100 | $1,050.00 |
| 6/10/2004 | 100 | $9.1400 | $914.00 | 6/9/2004 | $10.50 | 1600 | $16,800.00 |
| 6/14/2004 | 6 | $9.0200 | $54.12 | 6/9/2004 | $10.50 | 100 | $1,050.00 |
| 6/14/2004 | 100 | $9.0200 | $902.00 | 6/9/2004 | $10.50 | 200 | $2,100.00 |
| 6/14/2004 | 294 | $9.0200 | $2,651.88 | 6/9/2004 | $10.50 | 250 | $2,625.00 |
| 6/14/2004 | 446 | $9.0900 | $4,054.14 | 6/9/2004 | $10.50 | 250 | $2,625.00 |
| 6/14/2004 | 446 | $9.0900 | $4,054.14 | 6/9/2004 | $10.50 | 200 | $2,100.00 |
| 6/14/2004 | 708 | $9.0900 | $6,435.72 | 6/9/2004 | $10.59 | 300 | $3,177.00 |
| 6/15/2004 | 400 | $8.6600 | $3,464.00 | 6/9/2004 | $10.58 | 600 | $6,348.00 |
| 6/18/2004 | 2000 | $9.4700 | $18,940.00 | 6/10/2004 | $9.26 | 500 | $4,630.00 |
| 6/18/2004 | 2400 | $9.4700 | $22,728.00 | 6/14/2004 | $9.02 | 300 | $2,706.00 |
| 7/1/2004 | 300 | $9.9200 | $2,976.00 | 6/14/2004 | $9.02 | 200 | $1,804.00 |
| 7/6/2004 | 100 | $9.4500 | $945.00 | 6/14/2004 | $8.99 | 28 | $251.72 |
| 7/6/2004 | 300 | $9.6500 | $2,895.00 | 6/14/2004 | $8.99 | 100 | $899.00 |
| 7/6/2004 | 200 | $9.4800 | $1,896.00 | 6/14/2004 | $8.99 | 272 | $2,445.28 |
| 7/12/2004 | 100 | $9.3200 | $932.00 | 6/14/2004 | $8.95 | 300 | $2,685.00 |
| 7/12/2004 | 100 | $9.3200 | $932.00 | 6/14/2004 | $8.95 | 200 | $1,790.00 |
| 7/14/2004 | 100 | $9.1700 | $917.00 | 6/16/2004 | $8.95 | 100 | $895.00 |
| 7/14/2004 | 200 | $9.1700 | $1,834.00 | 6/16/2004 | $8.99 | 800 | $7,192.00 |
| 7/16/2004 | 2400 | $8.9100 | $21,384.00 | 6/16/2004 | $8.99 | 200 | $1,798.00 |
| 7/16/2004 | 39 | $9.0100 | $351.39 | 6/16/2004 | $8.98 | 6 | $53.88 |
| 7/16/2004 | 61 | $9.0100 | $549.61 | 6/16/2004 | $8.98 | 794 | $7,130.12 |
| 7/19/2004 | 17 | $8.8600 | $150.62 | 6/19/2004 | $8.98 | 400 | $3,592.00 |
| 7/19/2004 | 83 | $8.8600 | $735.38 | 6/18/2004 | $9.47 | 2300 | $21,781.00 |

Boston Communications Group, Inc. Loss Chart

| Date | Qty | Price | Amount | Date | Qty | Price | Amount |
|---|---|---|---|---|---|---|---|
| 7/20/2004 | 100 | $8.6900 | $869.00 | 6/21/2004 | 100 | $9.35 | $935.00 |
| 7/21/2004 | 300 | $8.3800 | $2,514.00 | 6/21/2004 | 100 | $9.35 | $935.00 |
| 7/21/2004 | 100 | $8.3300 | $833.00 | 6/21/2004 | 300 | $9.35 | $2,805.00 |
| 7/21/2004 | 100 | $8.3300 | $833.00 | 6/21/2004 | 100 | $9.46 | $946.00 |
| 7/21/2004 | 200 | $8.3300 | $1,666.00 | 6/21/2004 | 100 | $9.32 | $932.00 |
| 7/21/2004 | 70 | $8.3000 | $581.00 | 6/21/2004 | 100 | $9.37 | $937.00 |
| 7/22/2004 | 400 | $8.2100 | $3,284.00 | 6/22/2004 | 500 | $9.46 | $4,730.00 |
| 7/22/2004 | 100 | $8.2100 | $821.00 | 6/22/2004 | 600 | $9.46 | $5,676.00 |
| 8/13/2004 | 83 | $7.8500 | $651.55 | 6/23/2004 | 100 | $9.70 | $970.00 |
| 8/13/2004 | 100 | $7.8500 | $785.00 | 6/23/2004 | 100 | $9.70 | $970.00 |
| 8/13/2004 | 117 | $7.8600 | $919.62 | 6/23/2004 | 100 | $9.70 | $970.00 |
| 9/17/2004 | 200 | $8.3000 | $1,660.00 | 6/23/2004 | 100 | $9.70 | $970.00 |
| 9/17/2004 | 3000 | $8.2800 | $24,840.00 | 6/23/2004 | 400 | $9.75 | $3,900.00 |
| 9/17/2004 | 1000 | $8.2800 | $8,280.00 | 6/23/2004 | 100 | $9.75 | $975.00 |
| 9/27/2004 | 100 | $8.1500 | $815.00 | 6/25/2004 | 200 | $9.97 | $1,994.00 |
| 9/27/2004 | 100 | $8.1400 | $814.00 | 6/30/2004 | 109 | $10.32 | $1,124.88 |
| 10/11/2004 | 100 | $8.9700 | $897.00 | 6/30/2004 | 191 | $10.32 | $1,971.12 |
| 10/11/2004 | 200 | $8.9700 | $1,794.00 | 7/6/2004 | 300 | $9.49 | $2,847.00 |
| 10/11/2004 | 100 | $8.9700 | $897.00 | 7/12/2004 | 100 | $9.47 | $947.00 |
| 10/11/2004 | 100 | $8.9700 | $897.00 | 7/21/2004 | 213 | $8.43 | $1,795.59 |
| 10/12/2004 | 26 | $8.8000 | $228.80 | 7/21/2004 | 74 | $8.40 | $621.60 |
| 10/12/2004 | 100 | $8.8100 | $881.00 | 7/21/2004 | 426 | $8.40 | $3,578.40 |
| 10/12/2004 | 74 | $8.8100 | $651.94 | 7/26/2004 | 100 | $8.35 | $835.00 |
| 10/14/2004 | 100 | $8.6200 | $862.00 | 8/3/2004 | 100 | $8.66 | $866.00 |
| 10/14/2004 | 231 | $8.6200 | $1,991.22 | 8/5/2004 | 100 | $8.55 | $855.00 |
| 10/19/2004 | 100 | $8.8400 | $884.00 | 8/9/2004 | 200 | $8.30 | $1,660.00 |
| 10/19/2004 | 39 | $8.8400 | $344.76 | 8/9/2004 | 100 | $8.31 | $831.00 |
| 10/28/2004 | 100 | $8.9800 | $898.00 | 8/9/2004 | 99 | $8.30 | $821.70 |
| 10/28/2004 | 100 | $8.9800 | $898.00 | 8/9/2004 | 200 | $8.31 | $1,662.00 |
| 10/28/2004 | 100 | $8.9800 | $898.00 | 8/9/2004 | 1 | $8.30 | $8.30 |
| 11/1/2004 | 64 | $8.9800 | $574.72 | 8/9/2004 | 94 | $8.25 | $775.50 |
| 11/5/2004 | 100 | $8.9200 | $892.00 | 8/9/2004 | 6 | $8.25 | $49.50 |
| 11/5/2004 | 56 | $8.9200 | $499.52 | 8/20/2004 | 100 | $8.34 | $834.00 |
| 11/19/2004 | 100 | $9.3000 | $930.00 | 9/9/2004 | 300 | $8.07 | $2,421.00 |
| 11/19/2004 | 64 | $9.3000 | $595.20 | 9/13/2004 | 105 | $8.33 | $874.65 |
| 11/23/2004 | 100 | $9.2700 | $927.00 | 9/13/2004 | 100 | $8.33 | $833.00 |
| 11/23/2004 | 64 | $9.2700 | $593.28 | 9/13/2004 | 95 | $8.33 | $791.35 |
| 11/29/2004 | 100 | $9.1800 | $918.00 | 9/15/2004 | 200 | $8.32 | $1,664.00 |
| 11/29/2004 | 100 | $9.1800 | $918.00 | 9/16/2004 | 200 | $8.36 | $1,672.00 |
| 11/29/2004 | 100 | $9.1800 | $918.00 | 9/17/2004 | 100 | $8.36 | $836.00 |
| 11/29/2004 | 12 | $9.1800 | $110.16 | 9/20/2004 | 100 | $8.48 | $848.00 |

Boston Communications Group, Inc. Loss Chart

| Date | Shares | Price | Total | Date | Shares | Price | Total |
|---|---|---|---|---|---|---|---|
| 11/30/2004 | 218 | $9.2000 | $2,005.60 | 10/4/2004 | 100 | $9.07 | $907.00 |
| 11/30/2004 | 525 | $8.9100 | $4,677.75 | 10/4/2004 | 100 | $9.06 | $906.00 |
| 12/3/2004 | 400 | $9.2500 | $3,700.00 | 10/4/2004 | 15 | $9.06 | $135.90 |
| 12/3/2004 | 100 | $9.2500 | $925.00 | 10/4/2004 | 100 | $9.06 | $906.00 |
| 12/3/2004 | 200 | $9.2500 | $1,850.00 | 10/4/2004 | 100 | $9.06 | $906.00 |
| 12/9/2004 | 100 | $9.5400 | $954.00 | 10/4/2004 | 100 | $9.06 | $906.00 |
| 12/9/2004 | 100 | $9.5400 | $954.00 | 10/4/2004 | 85 | $9.06 | $770.10 |
| 12/9/2004 | 100 | $9.5500 | $955.00 | 10/4/2004 | 247 | $9.31 | $2,299.57 |
| 12/10/2004 | 100 | $9.8500 | $985.00 | 10/4/2004 | 100 | $9.29 | $929.00 |
| 12/10/2004 | 87 | $9.8500 | $856.95 | 10/4/2004 | 53 | $9.29 | $492.37 |
| 12/14/2004 | 200 | $9.8600 | $1,972.00 | 10/4/2004 | 100 | $9.29 | $929.00 |
| 12/14/2004 | 400 | $9.8700 | $3,948.00 | 10/4/2004 | 147 | $9.29 | $1,365.63 |
| 12/14/2004 | 100 | $9.8700 | $987.00 | 10/5/2004 | 100 | $9.43 | $943.00 |
| 12/14/2004 | 200 | $9.8700 | $1,974.00 | 10/5/2004 | 46 | $9.43 | $433.78 |
| 12/16/2004 | 100 | $9.6500 | $965.00 | 10/12/2004 | 121 | $8.92 | $1,079.32 |
| 12/16/2004 | 100 | $9.6500 | $965.00 | 10/18/2004 | 100 | $8.93 | $893.00 |
| 12/16/2004 | 800 | $9.6500 | $7,720.00 | 10/18/2004 | 100 | $8.93 | $893.00 |
| 12/16/2004 | 82 | $9.6300 | $789.66 | 10/18/2004 | 100 | $8.93 | $893.00 |
| 12/16/2004 | 100 | $9.6300 | $963.00 | 10/20/2004 | 80 | $9.19 | $735.20 |
| 12/16/2004 | 100 | $9.6300 | $963.00 | 10/20/2004 | 20 | $9.19 | $183.80 |
| 12/16/2004 | 200 | $9.6400 | $1,928.00 | 10/20/2004 | 200 | $9.19 | $1,838.00 |
| 12/16/2004 | 18 | $9.6400 | $173.52 | 11/15/2004 | 144 | $9.19 | $1,323.36 |
| 12/17/2004 | 2200 | $9.5000 | $20,900.00 | 11/18/2004 | 200 | $9.49 | $1,898.00 |
| 12/17/2004 | 12 | $9.5600 | $114.72 | 11/18/2004 | 700 | $9.49 | $6,643.00 |
| 12/17/2004 | 100 | $9.5800 | $958.00 | 11/18/2004 | 400 | $9.49 | $3,796.00 |
| 12/17/2004 | 100 | $9.5700 | $957.00 | 11/18/2004 | 500 | $9.49 | $4,745.00 |
| 12/17/2004 | 100 | $9.5800 | $958.00 | 11/22/2004 | 100 | $9.35 | $935.00 |
| 12/17/2004 | 212 | $9.5800 | $2,030.96 | 11/22/2004 | 100 | $9.34 | $934.00 |
| 12/30/2004 | 76 | $9.4000 | $714.40 | 11/24/2004 | 27 | $9.05 | $244.35 |
| 1/4/2005 | 125 | $9.0000 | $1,125.00 | 12/1/2004 | 100 | $9.05 | $905.00 |
| 1/5/2005 | 58 | $8.9100 | $516.78 | 12/1/2004 | 100 | $9.05 | $905.00 |
| 1/7/2005 | 76 | $9.0800 | $690.08 | 12/1/2004 | 93 | $9.05 | $841.65 |
| 1/13/2005 | 71 | $9.4400 | $670.24 | 12/2/2004 | 300 | $9.26 | $2,778.00 |
| 1/14/2005 | 265 | $9.2500 | $2,451.25 | 12/3/2004 | 274 | $9.08 | $2,487.92 |
| 1/19/2005 | 75 | $9.3900 | $704.25 | 12/7/2004 | 74 | $9.53 | $705.22 |
| 1/20/2005 | 9 | $9.0700 | $81.63 | 12/7/2004 | 54 | $9.54 | $515.16 |
| 1/20/2005 | 100 | $9.0700 | $907.00 | 12/8/2004 | 100 | $9.63 | $963.00 |
| 1/20/2005 | 56 | $9.0700 | $507.92 | 12/8/2004 | 61 | $9.62 | $586.82 |
| 1/21/2005 | 94 | $8.8800 | $834.72 | 12/10/2004 | 100 | $9.86 | $986.00 |
| 1/25/2005 | 76 | $8.8100 | $669.56 | 12/10/2004 | 400 | $9.86 | $3,944.00 |
| 2/2/2005 | 269 | $7.4600 | $2,006.74 | 12/10/2004 | 200 | $9.86 | $1,972.00 |
| 2/2/2005 | 100 | $7.4700 | $747.00 | 12/10/2004 | 100 | $9.86 | $986.00 |
| | | | | 12/13/2004 | 300 | $10.09 | $3,027.00 |

## Boston Communications Group, Inc. Loss Chart

| Date | Price | Shares | Amount |
|---|---|---|---|
| 12/13/2004 | $10.09 | 300 | $3,027.00 |
| 12/13/2004 | $10.09 | 100 | $1,009.00 |
| 12/13/2004 | $10.09 | 38 | $383.42 |
| 12/15/2004 | $9.89 | 100 | $989.00 |
| 12/15/2004 | $9.89 | 74 | $731.86 |
| 12/17/2004 | $9.50 | 500 | $4,750.00 |
| 12/17/2004 | $9.50 | 100 | $950.00 |
| 1/3/2005 | $9.25 | 25 | $231.25 |
| 1/3/2005 | $9.25 | 100 | $925.00 |
| 1/3/2005 | $9.25 | 475 | $4,393.75 |
| 1/6/2005 | $9.10 | 100 | $910.00 |
| 1/6/2005 | $9.10 | 12 | $109.20 |
| 1/10/2005 | $9.39 | 248 | $2,328.72 |
| 1/12/2005 | $9.47 | 57 | $539.79 |
| 1/18/2005 | $9.38 | 111 | $1,041.18 |
| 1/21/2005 | $8.92 | 1000 | $8,920.00 |
| 1/24/2005 | $8.96 | 35 | $313.60 |
| 1/27/2005 | $8.20 | 100 | $820.00 |
| 1/27/2005 | $8.20 | 200 | $1,640.00 |
| 1/27/2005 | $8.20 | 100 | $820.00 |
| 1/27/2005 | $8.20 | 100 | $820.00 |
| 1/27/2005 | $8.10 | 100 | $810.00 |
| 1/27/2005 | $8.10 | 400 | $3,240.00 |
| 1/27/2005 | $7.98 | 200 | $1,596.00 |
| 1/28/2005 | $7.60 | 100 | $760.00 |
| 1/28/2005 | $7.60 | 100 | $760.00 |
| 1/28/2005 | $7.60 | 100 | $760.00 |
| 1/28/2005 | $7.58 | 100 | $758.00 |
| 1/28/2005 | $7.57 | 150 | $1,135.50 |
| 1/28/2005 | $7.89 | 100 | $789.00 |
| 1/28/2005 | $7.88 | 197 | $1,552.36 |
| 1/28/2005 | $7.62 | 100 | $762.00 |
| 1/28/2005 | $7.61 | 100 | $761.00 |
| 1/28/2005 | $7.60 | 100 | $760.00 |
| 1/28/2005 | $7.61 | 100 | $761.00 |
| 1/28/2005 | $7.58 | 100 | $758.00 |
| 2/4/2005 | $7.64 | 100 | $764.00 |
| 2/4/2005 | $7.64 | 28 | $213.92 |
| 2/14/2005 | $7.42 | 500 | $3,710.00 |
| 2/15/2005 | $7.93 | 100 | $793.00 |
| 2/15/2005 | $7.91 | 100 | $791.00 |
| 2/15/2005 | $7.91 | 100 | $791.00 |

| Date | Shares | Price | Amount |
|---|---|---|---|
| 2/2/2005 | 31 | $7.4700 | $231.57 |
| 2/2/2005 | 100 | $7.5500 | $755.00 |
| 2/7/2005 | 30 | $7.5500 | $226.50 |
| 2/7/2005 | 100 | $7.1200 | $712.00 |
| 2/10/2005 | 100 | $7.1200 | $712.00 |
| 2/10/2005 | 100 | $7.1200 | $712.00 |
| 2/10/2005 | 231 | $7.1300 | $1,647.03 |
| 2/11/2005 | 100 | $6.9500 | $695.00 |
| 2/11/2005 | 102 | $6.9500 | $708.90 |
| 2/16/2005 | 160 | $7.7400 | $1,238.40 |
| 2/17/2005 | 100 | $7.4900 | $749.00 |
| 2/17/2005 | 15 | $7.4900 | $112.35 |
| 2/17/2005 | 100 | $7.5100 | $751.00 |
| 2/17/2005 | 200 | $7.5100 | $1,502.00 |
| 2/17/2005 | 100 | $7.5100 | $751.00 |
| 2/18/2005 | 2500 | $7.6800 | $19,200.00 |
| 2/24/2005 | 39 | $7.5300 | $293.67 |
| 3/2/2005 | 100 | $7.2400 | $724.00 |
| 3/2/2005 | 78 | $7.2400 | $564.72 |
| 3/7/2005 | 3 | $7.0900 | $21.27 |
| 3/7/2005 | 100 | $7.1000 | $710.00 |
| 3/7/2005 | 12 | $7.1000 | $85.20 |
| 3/8/2005 | 96 | $6.9400 | $666.24 |
| 3/10/2005 | 100 | $6.5300 | $653.00 |
| 3/10/2005 | 359 | $6.5300 | $2,344.27 |
| 3/18/2005 | 100 | $7.4600 | $746.00 |
| 3/18/2005 | 400 | $7.4600 | $2,984.00 |
| 3/18/2005 | 100 | $7.4600 | $746.00 |
| 3/18/2005 | 100 | $7.4600 | $746.00 |
| 3/23/2005 | 9 | $7.3300 | $65.97 |
| 4/8/2005 | 1300 | $6.5500 | $8,515.00 |
| 4/11/2005 | 200 | $6.3000 | $1,260.00 |
| 4/18/2005 | 154 | $6.1900 | $953.26 |
| 4/27/2005 | 184 | $5.8300 | $1,072.72 |
| 5/6/2005 | 33 | $5.7600 | $190.08 |
| | 47240 | | $433,261.65 |
| | | | $433,261.65 |

# Boston Communications Group, Inc. Loss Chart

| Date | Qty | Price | Amount |
|---|---|---|---|
| 2/15/2005 | 100 | $7.91 | $791.00 |
| 2/15/2005 | 100 | $7.91 | $791.00 |
| 2/15/2005 | 250 | $7.92 | $1,980.00 |
| 2/18/2005 | 100 | $7.55 | $755.00 |
| 2/18/2005 | 100 | $7.55 | $755.00 |
| 2/18/2005 | 73 | $7.55 | $551.15 |
| 2/18/2005 | 100 | $7.56 | $756.00 |
| 2/18/2005 | 200 | $7.56 | $1,512.00 |
| 3/18/2005 | 100 | $7.54 | $754.00 |
| 3/18/2005 | 200 | $7.54 | $1,508.00 |
| 3/18/2005 | 100 | $7.53 | $753.00 |
| 3/18/2005 | 100 | $7.53 | $753.00 |
| 3/22/2005 | 100 | $7.53 | $753.00 |
| 3/22/2005 | 106 | $7.52 | $797.12 |
| 3/22/2005 | 59 | $7.51 | $443.09 |
| 4/21/2005 | 63 | $6.40 | $403.20 |
| 5/10/2005 | 100 | $5.98 | $598.00 |
| | 3511 | | $6,916.67 |
| | 47240 | $1.97 | $431,304.82 |

| Date | Qty | Price | Amount |
|---|---|---|---|
| 4/15/2004 | 10 | $0.1000 | $100.00 |
| 4/16/2004 | 10 | $0.0000 | $0.00 |
| 4/20/2004 | 10 | $0.5000 | $500.00 |
| 4/20/2004 | 20 | $1.6000 | $3,200.00 |
| 4/21/2004 | 10 | $0.3500 | $350.00 |
| 4/22/2004 | 10 | $0.7000 | $700.00 |
| 4/22/2004 | 10 | $0.8000 | $800.00 |
| 4/22/2004 | 3 | $0.8000 | $240.00 |

## Options

| Date | Qty | Price | Amount |
|---|---|---|---|
| 4/2/2004 | 10 | $0.9500 | $950.00 |
| 4/2/2004 | 15 | $0.9500 | $1,425.00 |
| 4/16/2004 | 3 | $1.9000 | $570.00 |
| 4/16/2004 | 7 | $2.0000 | $1,400.00 |
| 4/16/2004 | 10 | $0.7500 | $750.00 |
| 4/16/2004 | 10 | $1.1500 | $1,150.00 |
| 4/20/2004 | 20 | $4.0000 | $8,000.00 |
| 4/20/2004 | 1 | $1.5500 | $155.00 |
| 4/21/2004 | 2 | $1.9500 | $390.00 |
| 4/21/2004 | 10 | $0.2000 | $200.00 |
| 4/28/2004 | 5 | $2.9000 | $1,450.00 |
| 5/3/2004 | 3 | $1.4500 | $435.00 |
| 5/3/2004 | 19 | $0.1000 | $190.00 |
| 5/11/2004 | 27 | $0.4000 | $1,080.00 |
| 5/11/2004 | 6 | $1.6500 | $990.00 |
| 5/13/2004 | 40 | $0.4500 | $1,800.00 |
| 5/13/2004 | 1 | $0.8500 | $85.00 |
| 5/14/2004 | 10 | $1.3500 | $1,350.00 |
| 5/14/2004 | 10 | $1.3500 | $1,350.00 |
| 5/14/2004 | 10 | $1.3500 | $1,350.00 |
| 5/21/2004 | 1 | $0.3500 | $35.00 |
| 5/21/2004 | 20 | $1.7500 | $3,500.00 |

Boston Communications Group, Inc. Loss Chart

| Date | Qty | Price | Amount | Date | Qty | Price | Amount |
|---|---|---|---|---|---|---|---|
| 6/9/2004 | 40 | $0.9500 | $3,800.00 | 4/26/2004 | 10 | $0.3000 | $300.00 |
| 6/9/2004 | 10 | $0.9500 | $950.00 | 4/28/2004 | 10 | $1.8500 | $1,850.00 |
| 6/10/2004 | 2 | $2.0000 | $400.00 | 4/28/2004 | 15 | $1.2500 | $1,875.00 |
| 6/14/2004 | 6 | $1.1000 | $660.00 | 4/28/2004 | 20 | $1.2000 | $2,400.00 |
| 6/14/2004 | 8 | $1.1000 | $880.00 | 5/14/2004 | 7 | $0.0500 | $35.00 |
| 6/14/2004 | 10 | $0.9000 | $900.00 | 5/19/2004 | 3 | $2.6500 | $795.00 |
| 6/14/2004 | 6 | $0.9000 | $540.00 | 5/21/2004 | 20 | $2.1000 | $4,200.00 |
| 6/14/2004 | 6 | $0.9000 | $540.00 | 5/21/2004 | 41 | $0.0000 | $0.00 |
| 6/16/2004 | 15 | $0.7000 | $1,050.00 | 5/21/2004 | 10 | $2.1500 | $2,150.00 |
| 6/18/2004 | 3 | $1.3000 | $390.00 | 6/1/2004 | 3 | $0.1000 | $0.00 |
| 6/18/2004 | 24 | $3.0300 | $7,272.00 | 6/4/2004 | 10 | $0.8500 | $330.00 |
| 6/21/2004 | 10 | $1.1500 | $1,150.00 | 6/7/2004 | 10 | $1.2000 | $850.00 |
| 6/21/2004 | 5 | $0.5500 | $275.00 | 6/9/2004 | 20 | $0.1000 | $1,200.00 |
| 6/21/2004 | 3 | $0.2500 | $75.00 | 6/14/2004 | 10 | $1.8000 | $200.00 |
| 6/22/2004 | 10 | $1.0500 | $1,050.00 | 6/16/2004 | 10 | $1.3500 | $1,800.00 |
| 6/22/2004 | 10 | $0.7000 | $700.00 | 6/18/2004 | 20 | $0.0000 | $2,700.00 |
| 6/23/2004 | 10 | $0.6000 | $600.00 | 6/18/2004 | 27 | $0.5299 | $0.00 |
| 6/23/2004 | 10 | $0.4500 | $450.00 | 6/18/2004 | 23 | $0.0000 | $1,218.77 |
| 7/9/2004 | 10 | $0.4000 | $400.00 | 6/18/2004 | 8 | $0.0000 | $0.00 |
| 7/9/2004 | 1 | $0.9500 | $95.00 | 6/18/2004 | 20 | $1.9700 | $3,940.00 |
| 7/16/2004 | 24 | $1.0900 | $2,616.00 | 7/6/2004 | 5 | $0.7000 | $280.00 |
| 7/21/2004 | 4 | $1.6000 | $640.00 | 7/9/2004 | 10 | $0.0500 | $50.00 |
| 7/21/2004 | 10 | $1.2500 | $1,250.00 | 7/16/2004 | 40 | $0.0000 | $0.00 |
| 7/23/2004 | 4 | $0.2000 | $80.00 | 7/21/2004 | 10 | $0.3000 | $300.00 |
| 8/13/2004 | 5 | $2.5000 | $1,250.00 | 7/21/2004 | 20 | $0.3000 | $600.00 |
| 8/20/2004 | 10 | $0.0000 | $0.00 | 7/22/2004 | 30 | $0.1500 | $450.00 |
| 9/17/2004 | 7 | $0.0000 | $0.00 | 7/23/2004 | 2 | $0.3000 | $60.00 |
| 9/17/2004 | 30 | $1.7200 | $5,160.00 | 8/9/2004 | 10 | $2.2500 | $2,250.00 |
| 9/17/2004 | 43 | $0.0000 | $0.00 | 8/20/2004 | 1 | $1.6600 | $166.00 |
| 9/17/2004 | 28 | $0.0000 | $0.00 | 9/17/2004 | 10 | $0.7799 | $779.90 |
| 10/4/2004 | 10 | $0.4500 | $450.00 | 9/17/2004 | 44 | $0.0000 | $0.00 |
| 11/18/2004 | 18 | $2.0000 | $3,600.00 | 12/17/2004 | 1 | $0.5000 | $50.00 |
| 11/30/2004 | 4 | $0.9500 | $380.00 | 12/17/2004 | 31 | $0.0000 | $0.00 |
| 11/30/2004 | 10 | $0.0500 | $50.00 | 12/17/2004 | 5 | $3.0000 | $1,500.00 |
| 12/3/2004 | 10 | $1.0500 | $1,050.00 | 12/17/2004 | 22 | $2.0000 | $4,400.00 |
| 1/27/2005 | 20 | $0.4000 | $800.00 | 1/21/2005 | 10 | $1.0800 | $1,080.00 |
| 1/27/2005 | 15 | $0.9500 | $1,425.00 | 1/27/2005 | 10 | $0.3000 | $330.00 |
| 1/28/2005 | 10 | $0.5500 | $550.00 | 1/27/2005 | 5 | $0.3000 | $150.00 |
| 1/28/2005 | 10 | $0.7500 | $750.00 | 2/18/2005 | 25 | $0.1800 | $450.00 |
| 2/18/2005 | 15 | $0.0000 | $0.00 | 3/10/2005 | 10 | $0.6000 | $600.00 |
| 3/22/2005 | 4 | $0.4000 | $160.00 | 3/18/2005 | 20 | $0.0000 | $0.00 |
| 3/22/2005 | 2 | $0.4000 | $80.00 | 3/18/2005 | 10 | $0.0000 | $0.00 |

Boston Communications Group, Inc. Loss Chart

| | | | | | | |
|---|---|---|---|---|---|---|
| 4/8/2005 | 25 | $1.8000 | $4,500.00 | 4/15/2005 | 6 | $0.0000 | $0.00 |
| 5/12/2005 | 3 | $1.3500 | $405.00 | 5/12/2005 | 10 | $0.4500 | $450.00 |
| 5/20/2005 | 10 | $0.0000 | $0.00 | 5/20/2005 | 3 | $0.0000 | $0.00 |
| | 770 | | $75,978.00 | | 724 | | $45,649.67 |
| | | | $75,978.00 | | | | |

Boston Communications Group, Inc. Loss Chart

Boston Communications Group, Inc. Loss Chart

Boston Communications Group, Inc. Loss Chart

Boston Communications Group, Inc. Loss Chart

Boston Communications Group, Inc. Loss Chart

Boston Communications Group, Inc. Loss Chart

$1,956.83

Boston Communications Group, Inc. Loss Chart

Boston Communications Group, Inc. Loss Chart

$30,328.33
$32,285.16

Exhibit D



**FIRM
RESUME**

**WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP**

# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP



Founded in 1888, Wolf Haldenstein Adler Freeman & Herz LLP is a full service law firm with practice groups in corporate/tax, pension/benefits, real estate, trusts and estates, healthcare, bankruptcy, limited partnerships, and civil and commercial litigation, with a particular specialty in complex class and shareholder litigation under both federal and state law.

Wolf Haldenstein's total practice approach, supported by the Firm's mid-range size, distinguishes the Firm from other firms. Our longstanding tradition of a close attorney/client relationship ensures that each one of our clients receives prompt, individual attention and does not become lost in an institutional bureaucracy. Our team approach is at the very heart of Wolf Haldenstein's practice. All of our lawyers are readily available to all of our clients and to each other. The result of this approach is that we provide our clients with an efficient legal team having the broad perspective, expertise and experience required for any matter at hand. We are thus able to provide our clients with cost effective and thorough counsel focused on our clients' overall goals.

The Firm has its principal office with lawyers in the various practice areas, at 270 Madison Avenue, New York, NY 10016. The Firm's general telephone number in New York is (212) 545-4600. The fax number in New York is (212) 545-4653. The Firm also has offices at Symphony Towers, 750 B Street, Suite 2770, San Diego, CA 92101, telephone: (619) 239-4599, fax: (619) 234-4599; 55 W. Monroe Street, Suite 1111, Chicago, IL 60603, telephone: (312) 984-0000, fax: (312) 984-0001; and 625 N. Flagler Drive, West Palm Beach, Florida 33401. The Firm's web site is accessible at http://www.whafh.com.

1




## THE FIRM

Wolf Haldenstein's Class Action Litigation Group has been recognized by courts throughout the country as being highly experienced in complex litigation, particularly with respect to securities, consumer, ERISA, and antitrust class actions and shareholder rights litigation. The Class Action Litigation Group consists of 30 attorneys and 10 paraprofessional assistants. Brief resumes of these attorneys begin on page 10.

Also included are the resumes of attorneys from other areas of the Firm's practice who routinely lend their expertise to the Firm's class action litigators in the areas of tax, bankruptcy, corporate, trusts, labor, and ERISA law. The ability to call upon the internal expertise of practitioners in such varied areas of the law greatly enhances the strength and efficiency of the Firm's representative litigation practice and, indeed, makes Wolf Haldenstein unique among national firms specializing in class action litigation.

The nature of the Firm's activities in representative litigation is extremely broad. In addition to a large case load of securities fraud and other investor class actions, Wolf Haldenstein has represented classes of corn farmers in connection with the devaluation of their crops; contact lens purchasers for contact lens manufacturers' violations of the antitrust laws; merchants compelled to accept certain types of debit cards; insurance policyholders for insurance companies' deceptive sales practices; victims of unlawful strip searches under the civil rights laws; and various cases involving violations of Internet users' on-line privacy rights.

The Firm's experience in class action securities litigation, in particular public shareholder rights under state law and securities fraud claims arising under the federal securities laws and regulations, including the Private Securities Litigation Reform Act of 1995 ("PSLRA"), is particularly extensive. The Firm was one of the lead or other primary counsel in securities class action cases that have recouped billions of dollars on behalf of investor classes, in stockholder rights class actions that have resulted in billions of dollars in increased merger consideration to shareholder classes, and in derivative litigation that has recovered billions of dollars for corporations.

2



**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**




Among its colleagues in the plaintiffs' securities bar, as well as among its adversaries in the defense bar, Wolf Haldenstein is known for the high ability of its attorneys, the exceptionally high quality of its written and oral advocacy on behalf of class action clients, and its pioneering efforts in difficult or unusual areas of securities or investor protection laws, including: groundbreaking claims that have been successfully brought under the Investment Company Act of 1940 regarding fiduciary responsibilities of investment companies and their advisors toward their shareholders; claims under ERISA involving fiduciary duties of ERISA trustees who are also insiders in possession of adverse information regarding their fund's primary stockholdings; the fiduciary duties of the directors of Delaware corporations in connection with change of control transactions; the early application of the fraud-on-the-market theory to claims against public accounting firms in connection with their audits of publicly traded corporations; and the application of federal securities class certification standards to state law claims often thought to be beyond the reach of class action treatment.

Wolf Haldenstein's performance in representative litigation has repeatedly received favorable judicial recognition.   The following representative judicial comments over two decades indicate the high regard in which the Firm is held:

- In *In re* Comdisco *Sec. Litig.*, No. 01 C 2110 (July 14, 2005), Judge Milton Shadur recently observed: "It has to be said . . . that the efforts that have been extended [by Wolf Haldenstein] on behalf of the plaintiff class in the face of these obstacles have been exemplary. And in my view [Wolf Haldenstein] reflected the kind of professionalism that the critics of class actions . . . are never willing to recognize. . . . I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation."

- In *In re MicroStrategy Securities Litigation*, 150 F. Supp. 2d 896, 903 (E.D. Va. 2001), where the Firm was a co-lead counsel, Judge Ellis commented: "Clearly, the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition they enjoy."

- In *In Re Toys R Us Antitrust Litigation*, 98 MDL 1211 (NG) 191 F.R.D. 347, 351, 356 (E.D.N.Y. 2000),  where the Firm served as co-lead and liaison counsel, Judge Gershon wrote:   "Class counsel are highly

**WOLF**
**HALDENSTEIN**
**ADLER FREEMAN**
**& HERZ LLP**





skilled and experienced and can fairly and adequately represent the interests of the class . . . . Counsel for both the class plaintiffs and the States have well-earned the compensation that they request."

- In *Yud v. Saf T Lok*, No. 98-8507-Civ-Hurley (S.D. Fla. Dec. 15, 1999), where the Firm was sole lead counsel, the court stated: "The attorneys have done an outstanding amount of work and fine legal work in a short period of time to bring this class action to resolution in a successful fashion."

- In *Kurzweil v. Philip Morris Companies*, 94 Civ. 2373, 94 Civ. 2546 (MBM) (S.D.N.Y. Nov. 13, 1998), where the Firm was sole lead counsel, now Chief Judge Mukasey, in approving a $116.5 million settlement stated: "In this case, this represents a lot of good, hard, serious work by a lot of talented lawyers and I appreciate it on both sides."

- In *Paramount Communications v. QVC Network Inc.; In re Paramount Communications Inc. Shareholders' Litigation*, 637 A.2d 34, 37 n.2 (Sup. Ct. Del. 1994), where the Firm was co-lead counsel for the Paramount shareholders, the Supreme Court of Delaware noted "its appreciation of . . . the professionalism of counsel in this matter in handling this expedited litigation with the expertise and skill which characterize Delaware proceedings of this nature." The Court further "commended the parties for their professionalism in conducting expedited discovery, assembling and organizing the record, and preparing and presenting very helpful briefs, a joint appendix, and oral argument."

- In *In re Laser Arms Corp. Securities Litigation*, 794 F. Supp. 475, 496 (S.D.N.Y. 1989), where the Firm was lead counsel, the Court stated "plaintiffs' counsel have demonstrated their experience in securities litigation and the Court is confident that counsel will proceed vigorously on behalf of all class and subclass members."

- In *In re Public Service Co. of Indiana Derivative Litigation*, 125 F.R.D. 484, 486 (S.D. Ind. 1988), concerning the construction of the Marble Hill Nuclear Power Plant, where the Firm was lead counsel, the court said: "Throughout the life of this litigation, it has been both vigorously prosecuted and aggressively defended by thoroughly competent counsel on all sides."

4



- In *In re Public Service Co. of New Hampshire Derivative Litigation*, 84-220-D (D.N.H. 1986), involving the construction of the Seabrook Nuclear Power Plant, where the Firm was lead counsel, the court said of plaintiffs' counsel that "the skill required and employed was of the highest caliber."

- In *In re Warner Communications Securities Litigation*, 618 F. Supp. 735, 749 (S.D.N.Y. 1985), where the Firm served as co-lead counsel, the court noted the defendants' concession that "'plaintiffs' counsel constitute the cream of the plaintiffs' bar.' The Court cannot find fault with that characterization."

- In *Steiner v. Equimark Corp.*, No. 81-1988 (W.D. Pa. 1983), a case involving complex issues concerning banking practices in which the Firm was lead counsel, then District Judge Mannsman described, in part, the work the Firm performed:

> We look at the complexity of the issue, the novelty of it, the quality of work that, as the trial judge, I am able to perceive, and then, finally, the amount of recovery obtained: I think I have certainly said a lot in that regard. I think it's been an extraordinary case. I think it's an extraordinary settlement. Certainly defense counsel and plaintiffs' counsel as well are all experienced counsel with a tremendous amount of experience in these particular kinds of cases. And under those circumstances . . . I think it was, really, the strategy and ingenuity of counsel in dividing up the workload and strategizing the cases as to who was to do what and what ultimately should be done to bring about the settlement that was achieved.

### CURRENT CASES

Wolf Haldenstein is a leader in the class action litigation field and is currently the court-appointed lead counsel, co-lead counsel, or executive committee member in some of the largest and most significant class action lawsuits currently pending across the United States, including:

5



WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- In re Initial Public Offering Securities Litigation, 21 MC 92 (SAS) (S.D.N.Y.).

- In re Initial Public Offering Antitrust Litigation, 01 CV 2014 (WHP) (S.D.N.Y.).

- *J.P. Morgan Chase Securities Litigation,* (Blau v. Harrison), Civ. No. 04C 6592 (N.D.Ill.).

- *Cohen v. Katzenbach,* (MCI takeover litigation), Civ. 1099-N (Del. Chancery).

- In re Comdisco Securities Litigation, 01 C 2110 (N.D. Ill.).

- *Spagnola v. Kilrea, et al.,* (HA-LO, Inc.) 02 C 0270 (N.D. Ill.).

- *In re Globalstar Securities Litigation,* Case No. 01-CV-1748 (SHS) (S.D.N.Y.).

- Canino v. UBS PaineWebber, Inc., 04-CV-175 (E.D.N.Y.).

- In re Pre-Paid Securities Litigation, Civ.-02-182-C (W.D. Okla.).

- In re Profit Recovery Group International, Inc. Securities Litigation, No. 1:00-CV-1416-CC (N.D. Ga.).

- *Johnson v. Aegon USA, Inc.,* 1-02-CV-2617-CAP (N.D. Ga.).

- Lewis v. Advanced Technical Products, Inc., 1:00-CV-1702-WBM (N.D. Ga.).

- Azzolini v. CorTS Trust II for Provident Fin. Trust I, et al., 1:03-CV-1003 (D. Tenn.)

- Sepracor Corp. Securities Litigation, Civ. No. 02-12238 (D. Mass.).

- In re CNL Hotels & Resorts, Inc. Securities Litigation, No. 6:04-cv-1231 (Orl-31).

- Bamboo Partners LLC v. Robert Mondavi Corp., No. 26-27170 (Cal. Sup. Ct.).

- In re Luxottica Group S.p.A. Securities Litigation, No. CV 01-3285 (E.D.N.Y.).

**WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP**





- In re Acclaim Entertainment, Inc., Securities Litigation, C.A. No. 03-CV-1270 (E.D.N.Y.).

- In re ARM Financial Group, Inc., Securities Litigation, C.A. No. 23:99CV-539H (W.D. Ky.).

- In re Central Parking Corporation Securities Litigation, 03-CV-0546 (M.D. Tenn.).

- In re Concord EFS, Inc. Securities Litigation, 02-CV-2697-Ma. (W.D. Tenn.).

- In re Adelphia Communications Corp. Securities and Derivative Litigation ("Adelphia Business Actions"), 03-ML 1529, 03 CV 5755 (LMM) (S.D.N.Y.).

- In re Iridium Securities Litigation, C.A. No. 99-1002 (D.D.C.).

- In re MCI Communications Corp. Securities Litig., 97-CV-1976 (RWR) (D.D.C.).

- *In re PerkinElmer, Inc., et al.*, Civ. 02-C-11572-GAO (D. Mass.).

- *In re Ventro Corporation Securities Litigation*, Master File No. Civ. 01-1287 SBA (N.D. Cal.).

- *In re Qwest Software, Inc. Securities Litigation*, Master File No. SA-CV-03-1192 (S.D. Cal.).

- *In re Emerson Radio Corp. Securities Litigation*, Civil Action No. 03-CV-4201 (D.N.J.).

- *In re Loral Space & Communications Shareholders' Securities Litigation*, 03 Civ. 8262 (JES) (S.D.N.Y).

- *In re Tower Automotive ERISA Litigation*, No. 05 CV 2184 (LLS) (S.D.N.Y.).

- *In re AON ERISA Litigation*, No. 04 C 6875 (CRN).

- *Itteilag v. Aquila, Inc., et al.*, 04-865 (W.D. Mo.).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP



- *In re Drugstore.Com, Inc. Securities Litigation,* CV 4-1474 (RSM) (W.D. Wash.).



- *In re Elevators and Escalators Antitrust Litigation,* 04-CV-1644 (S.D.N.Y.)

- *In re Sulfuric Acid Antitrust Litigation,* Master File No. 03 C 4576 (N.D. Ill.).



- *In re Compact Disc. Minimum Advertising Price Antitrust Litigation,* MDL No. 1361 (D. Me.).

- *In re Carbon Black Antitrust Litigation,* Master Docket No. 03 CV 10191 (D. Mass.).

- *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* Master File No. M 02-1486 (N.D. Cal.).

- *In re New Motors Vehicles Canadian Export Antitrust Litigation,* Master File No. 03 MD 1532 (D. Me.).

Beginning on page 21 is a representative listing of cases in which the Firm has been lead or one of the plaintiffs' primary counsel and the results achieved in those cases. In addition, a representative list of published decisions in cases in which Wolf Haldenstein has played a lead or other significant role begins on page 24.

Wolf Haldenstein is a leader in the derivative litigation field and is currently leading counsel in some of the most significant derivative actions pending in the United States, including:

- In re Mutual Fund Investment Litigation, MDL No. 1586 (D. Md.).

- In re Qwest Communications International Inc. Derivative Litigation, 19826-NC (Del. Ch.).

- In re Tyco International Ltd. Derivative Litigation, 02-352-B (D.N.H.).

- AIG, Inc. Consolidated Derivative Litigation, C.A. No. 769-N (Del. Chanc.).

8

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

## PRIVATE ACTIONS FOR INSTITUTIONAL





In addition to its vast class action practice, the Firm also regularly represents institutional clients such as public funds, investment funds, limited partnerships, and qualified institutional buyers.   The Firm has represented institutional clients in non-class federal and state actions concerning a variety of matters, including private placements, disputes with investment advisors, and disputes with corporate management.  Examples of such cases include:

- *Steed Finance LDC v. Laser Advisers, Inc.*, 99 Civ. 4222 (PKC)(S.D.N.Y.), a fraud, negligence, breach of contract and breach of fiduciary duty action brought by a hub fund, a related feeder fund and individual investors in the feeder fund against the funds' former investment advisors for mispricing certain securities and derivative instruments in the funds' fixed-income securities portfolio.

- *Diversified Asset Securitization Holdings I, L.P. v. Enterprise Mortgage Acceptance Co, LLC, et al.*, 02 Civ. 10228 (SWK) (S.D.N.Y.), a federal and state securities fraud action brought by limited partnerships that pooled the investments of various insurance companies against the issuer and management and controlling shareholder of the issuer, concerning misrepresentations made in connection with a private placement of certificates representing interests in a securitized pool of loans made to franchise operations of car care businesses, gas stations, convenience stores and quick service restaurants.

- Gramercy Park Investments v. Airfund International, No. 97-22734B (Mass.Super. Ct.); Gramercy Park Investments v. The Krupp Realty Fund, No. 97-1612 (Mass.Super.Ct.); Geodyne Resources v. Gramercy Park Investments, No. CJ-96-05548 (Dist.Ct.Okla.); Gramercy Park Investments v. Wells Real Estate Fund, No. 97-A-0241-3 (Ga.Super.Ct.); Gramercy Park Investments v. Swift Energy, No. 96-61729 (Dist.Ct.Tex.); and Lexington Family Investments v. Dean Witter, No. 15217-96 (N.Y.Sup.Ct.); actions brought on behalf of institutional investors in state courts throughout the nation demanding inspection of investor lists and other corporate and partnership information.

- Madison Partnership Liquidity Investors v. American Cable TV Investors, 97 Civ. 4950 (JSM) (S.D.N.Y.); and Madison Partnership

9



*Liquidity Investors v. PLM Equipment Growth Fund*, 98 Civ. 4057 (JSM)(S.D.N.Y.); actions brought on behalf of institutional investors against fund management for improper defensive actions taken in response to investors' acquisitions of large positions in funds.

The Firm has also acted as special counsel to investors' committees in efforts to assert the investors' interests without resort to litigation. For example, the Firm served as Counsel to the Courtyard by Marriott Limited Partners Committee for several years in its dealings with Host Marriott Corporation, and as Special Counsel to the Windsor Park Properties 7 and 8 limited partners to insure the fairness of their liquidation transactions.

## THE CLASS ACTION LITIGATION GROUP

The qualifications of the attorneys in the Wolf Haldenstein Litigation Group are set forth below and are followed by descriptions of some of the Firm's attorneys who normally practice outside the Litigation Group who contribute significantly to the class action practice from time to time.

## PARTNERS

**DANIEL W. KRASNER**: *admitted*: New York; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Sixth, Eighth, Ninth, Tenth and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, Central District of Illinois, and Northern District of Michigan. *Education*: Yeshiva College (B.A. 1962); Yale Law School (LL.B., 1965). Lecturer: Practicing Law Institute; Rutgers Graduate School of Business. Member: the Association of the Bar of the City of New York; Rockland County, New York State and American Bar Associations; Federal Bar Council. Mr. Krasner has lectured frequently before bar groups and has educated groups on securities laws and investors rights. His qualifications have received favorable judicial recognition on many occasions. *See, e.g., Shapiro v. Consolidated Edison Co.*, [1978 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 96,364 at 93,252 (S.D.N.Y. 1978) ("in the Court's opinion the reputation, skill and expertise of . . . [Mr.] Krasner, considerably enhanced the probability of obtaining as large a cash settlement as was obtained"); *Steiner v. BOC Financial Corp.*, [1980 Transfer

10





Binder] Fed. Sec. L. Rep. (CCH) ¶ 97,656, at 98,491.4, (S.D.N.Y. 1980) ("This Court has previously recognized the high quality of work of plaintiffs' lead counsel, Mr. Krasner"). *The New York Law Journal*, August 1, 1983, at p. 5 (referring to Mr. Krasner as one of the "top rank plaintiffs' counsel" in the securities and class action fields.).

FRED TAYLOR ISQUITH: *admitted*: New York; District of Columbia; Supreme Court of the United States; U.S. Courts of Appeals for the First, Second, Third, Fourth and Eighth Circuits; U.S. District Courts for the Southern, Eastern and Northern Districts of New York, District of Arizona, District of Colorado, Central District of Illinois, Western District of Michigan and District of Nebraska. *Education*: Brooklyn College of the City University of New York (B.A., 1968); Columbia University (J.D., 1971). Author, "Post Arbitration Remedies," for an Introduction to Securities Arbitration (NYSBA, 1994); "A Plaintiff's Lawyer Examines Limited Partnership Roll-ups for Real Estate Exit Strategies" (American Conference Institute, 1994); Federal Civil Practice Supplement, "Representative Actions," (NYSBA, 2000). Columnist for weekly column "From the Courts," for *The Class Act*, National Association of Securities and Class Action Attorneys. Lecturer, IPO Tie In/Claims Seminar, Professional Liability Underwriter Society; Securities Arbitration New York State Bar Association; Real Estate Exit Strategies, American Conference Institute; Fundamental Strategies in Securities Litigation (NYSBA, CLE Program). He is an arbitrator with the American Arbitration Association and with the Civil Court of the City of New York and a mediator for the ADR Program of the Supreme Court, County of New York, Complex Litigation Panel. Member: The Association of the Bar of the City of New York (Committee on Federal Courts); New York County Lawyers' Association (Former Chair: Business Tort/Consumer Fraud-Tort Law Section); Brooklyn (Member: Committee on Civil Practice Law and Rules, 1983-; Committees on Legislation and Federal Courts, 1984-), New York State (Member: Committee on Legislation, Trial Lawyers Section, 1981- ); Committee on Securities, Commercial and Federal Litigation Section, 1989- ), and American (Member: Sections on: Litigation; International Law; Individual Rights and Responsibilities) Bar Associations; the District of Columbia Bar; and Legislation and Civil Practice Law and Rules Committee of the Brooklyn Bar Association. Mr. Isquith has been Chairman of the Business Tort/Consumer Fraud Committee of the Tort Law Section of the New York State Bar Association and is a member of that association's Committees on Securities Law and Legislation. He has served as a judge for the Moot Court Competition of Columbia University Law

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





School and Fordham University's National Competition. Mr. Isquith served as President of the National Association of Securities and Commercial Law Attorneys in 2003 and 2004. The April 1987 issue of *Venture* magazine listed Mr. Isquith as among the nation's top securities class action attorneys.

**JEFFREY G. SMITH**: *admitted:* New York; California; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Eighth and Ninth Circuits; U.S. Tax Court; U.S. District Courts for the Southern and Eastern Districts of New York, Southern and Central Districts of California and the Districts of Colorado and Nebraska. *Education*: Vassar College (A.B., *cum laude generali*, 1974); Woodrow Wilson School of Public and International Affairs, Princeton University (M.P.A., 1977); Yale Law School (J.D., 1978). At Yale Law School, Mr. Smith was a teaching assistant for the Trial Practice course and a student supervisor in the Legal Services Organization, a clinical program. Member: The Association of the Bar of the City of New York; New York State and American (Section on Litigation) Bar Associations; State Bar of California (Member: Litigation Section). Mr. Smith has frequently lectured on corporate governance issues to professional groups of Fund trustees and investment advisors as well as to graduate and undergraduate business student groups, and regularly serves as a moot court judge for the A.B.A. and at New York University Law School. Mr. Smith has substantial experience in complex civil litigation, including class and derivative actions, tender offer, merger, and takeover litigation.

**FRANCIS M. GREGOREK**: *admitted:* New York; California; U.S. Courts of Appeals for the District of Columbia and Ninth Circuit; U.S. District Courts for the Eastern and Southern Districts of New York, and Central, Southern and Northern Districts of California; *Education*: University of Virginia (B.A., with high distinction, 1975); New York University (J.D., 1978); Durham University, Durham, England. Phi Beta Kappa; Phi Alpha Theta. Member: State Bar of California; American Bar Association.

**MARY JANE FAIT**: *admitted:* New York; Illinois; U.S. District Courts for the Southern and Eastern Districts of New York, and Northern District of Illinois; U.S. Court of Appeals for the Seventh Circuit. *Education*: St. John's College and University of Illinois (B.A., Economics, 1976); Cornell Law School (J.D., 1979). Member: Chicago Bar Association; Illinois Bar Association; Antitrust Division of the American Bar Association.

12





**PETER C. HARRAR**:  *admitted*:  New York; U.S. District Courts for the Southern, Eastern and Northern Districts of New York.  *Education*: Princeton University (A.B., with high honors, 1980); Columbia University (J.D., 1984). Phi Beta Kappa.  Mr. Harrar has extensive experience in complex securities and commercial litigation on behalf of individual and institutional clients.

**LAWRENCE P. KOLKER**:  *admitted*:  New York; U.S. Courts of Appeals for the Second and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, Western District of Michigan and the District of Colorado. *Education*:  State University of New York at Binghamton (B.A., 1978); Brooklyn Law School (J.D., 1983). Editor, *Brooklyn Law Review*, 1982-1983. Panelist, Early Neutral Evaluator for the Eastern District of New York, 1992-1997. Lecturer, Brooklyn Law School, 1989. Assistant Corporation Counsel, City of New York, 1983-1987. Member: The Association of the Bar of the City of New York; New York State Bar Association.  Mr. Kolker has spoken at numerous conferences of the Investment Program Association and the Strategic Research Institute concerning limited partnership tender offers and litigation strategies, and has published articles entitled "Litigation Strategies for Limited Partnership Tender Offers" (February 1996) and "Limited Partnership Five Percent Tender Offers" (October 1997) in Standard & Poor's *Review of Securities and Commodities Regulation*. Mr. Kolker has acted as lead counsel in numerous class and derivative actions asserting the rights of investors since joining Wolf Haldenstein in 1989.  Mr. Kolker also counsels investment management firms in transactional and securities matters and represents them in corporate and business litigation.

**MARK C. RIFKIN**:  *admitted*:  Pennsylvania; New Jersey; U.S. Supreme Court; U.S. Courts of Appeals for the Second, Third, Fifth, and D.C. Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, the Eastern and Western Districts of Pennsylvania, the District of New Jersey, the Eastern District of Wisconsin and the Western District of Michigan. *Education*:  Princeton University (A.B., 1982); Villanova University School of Law (J.D. 1985).  Contributor, PACKEL & POULIN, *Pennsylvania Evidence* (1987).  Mr. Rifkin has extensive experience in complex class and derivative actions in securities, antitrust, intellectual property, and consumer protection litigation. Mr. Rifkin has lectured before diverse business and professional organizations in the areas of securities

13





and complex litigation and corporate governance, serves as a moot court judge for the A.B.A. and at New York University Law School, and is a frequent guest lecturer to graduate and undergraduate economics and finance students on corporate governance topics.

**MICHAEL JAFFE**: *admitted*: California; New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: University of California at Berkeley (B.S., with highest distinction, 1982); Hastings College of the Law, University of California (J.D., 1987). Judicial Extern to the Honorable Thelton E. Henderson, Northern District of California, 1986-1987. Member: The Association of the Bar of the City of New York. Languages: French.

**BETSY C. MANIFOLD**: *admitted*: Wisconsin; New York; California; U.S. District Courts for the Western District of Wisconsin, Eastern and Southern Districts of New York, and Northern, Central and Southern Districts of California. *Education*: Elmira College; Middlebury College (B.A., *cum laude*, 1980); Marquette University (J.D., 1986); New York University. Thomas More Scholar. Recipient, American Jurisprudence Award in Agency. Member: The Association of the Bar of the City of New York. Languages: French.

**GREGORY M. NESPOLE**: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: Bates College (B.A., 1989); Brooklyn Law School (J.D., 1993). Member: The Association of the Bar of the City of New York; New York State Bar Association. Mr. Nespole's experience includes complex civil and criminal litigation.

**DAVID L. WALES**: *admitted*: New York; District of Columbia; United States Court of Appeals for the Second and Fourth Circuits, the United States District Courts for the Southern, Eastern and Western Districts of New York, and the District of Columbia. *Education*: State University of New York, Albany (B.A., *magna cum laude*, 1984); Georgetown University Law Center, (J.D., *cum laude*, 1987); Notes and Comments Editor, *Georgetown Journal of Law and Technology*. Mr. Wales was an Assistant United States Attorney for the Southern District of New York (1992-1998), where he specialized in investigating and prosecuting fraud and white collar criminal cases. Mr. Wales has extensive jury trial experience. Mr. Wales' recent trials include: (i) a jury verdict in May 2004 for more than $11 million in a derivative action against the general partner of a hedge fund; and (ii) a

14

multi-million dollar settlement with an accounting firm reached during trial of a class action in April 2003.





**FRANCIS A. BOTTINI, JR.:** *admitted:* California; Supreme Court of the United States; U.S. Court of Appeals for the Ninth Circuit; U.S. District Courts for the Southern, Central and Northern Districts of California. *Education:* St. Louis University (B.A., *magna cum laude*, 1990); University of San Diego (J.D., *cum laude*, 1994). Recipient, American Jurisprudence Award in Property. Lead Articles Editor, *San Diego Law Review*, 1993-1994. Licensed Real Estate Broker, California. Author, "An Examination of the Current Status of Rating Agencies and Proposals for Limited Oversight of Such Agencies," 30 *San Diego Law Review* 579, 1993; "People v. Wheeler: A Pyrrhic Victory For The Prosecution?," 27 Beverly Hills Bar Assoc. Journal 140, 1993; "The Federal Sentencing Guidelines For Organizations: Effects On Sentencing And Implications For Imposition Of Vicarious Liability," 22 Academy of Legal Studies In Business National Proceedings 149 (1993), republished in part, *Los Angeles Daily Journal*, October 13, 1994; "Internal Corporate Investigations Under The Federal Sentencing Guidelines For Organizations: Suggestions For Their Conduction And Disclosure Duties Under The Federal Securities Laws," 23 Academy of Legal Studies in Business National Proceedings (1994). Adjunct Professor, Business Law, University of San Diego, 1995-1997. Languages: Spanish.

**DEMET BASAR:** *admitted:* New York; New Jersey; U.S. District Court for the District of New Jersey, Southern District of New York, and Eastern District of Wisconsin. *Education:* Fairleigh Dickinson University (B.A., *summa cum laude*, 1984), Phi Omega Epsilon; Rutgers University School of Law (J.D., 1990). Recipient, West's Scholarship Award, Senior Notes and Comments Editor, *Rutgers Law Review*. Member: The Association of the Bar of the City of New York. Languages: Turkish.

**ADAM J. LEVITT:** *admitted:* Illinois; Supreme Court of the United States; U.S. Courts of Appeals for the First and Seventh Circuits; U.S. District Courts for the Northern and Southern Districts of Illinois, Northern District of Indiana, District of Nebraska, and the Northern and Eastern Districts of Texas. *Education:* Columbia College, Columbia University (A.B., *magna cum laude*, 1990); Northwestern University School of Law (J.D., 1993). Member: American Law Institute; Chicago, Federal and American Bar Associations; Lawyers for the Creative Arts. Seventh Circuit Contributing Editor, *Class Actions & Derivative Suits* (ABA). Author, "An Illinois

**WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP**

Lawyer's Guide to Service of Process in Mexico," 82 *Illinois Bar Journal* 434 (1994). Mr. Levitt also regularly serves as a moot court judge in the Julius H. Miner Moot Court Competition, Northwestern University School of Law. In recognition of his achievements to date, Mr. Levitt was named one of the "40 Illinois Attorneys Under 40 Years Old to Watch" by the *Chicago Daily Law Bulletin* and the *Chicago Lawyer*. He is rated "AV" by Martindale-Hubbell. Substantially all of Mr. Levitt's practice is focused on complex commercial litigation and class action practice on both the trial and appellate court levels, in federal and state courts nationwide, in the areas of securities, consumer protection, technology, and agricultural law. Since 1993, Mr. Levitt has served as lead counsel, co-lead counsel, or in other leadership positions in numerous class and other complex litigations throughout the United States, including *In re StarLink Corn Products Liability Litigation*, MDL No.1403 (N.D. Illinois) (recovered $110 million for U.S. corn farmers who sustained market losses arising from defendants' contamination of the U.S. food corn supply with an improperly bioengineered corn seed product); *Court Reporting Services, et al. v. Compaq Computer Corporation*, C.A. No. 02 CV 044 (E.D. Texas) (obtained full recovery, valued at not less than $35 million, on behalf of Compaq Presario purchasers with improperly partitioned hard disk drives); and various Internet privacy cases, including *Supnick v. Amazon.com*, Inc. (W.D. Wash.) and *In re DoubleClick, Inc. Privacy Litigation* (S.D.N.Y.). Mr. Levitt is currently co-lead counsel in thirteen class action lawsuits against the Monsanto Company, Pioneer Hi-Bred International, and E.I. DuPont de Nemours and Company, predicated upon those companies' alleged improper conduct arising from their sale of genetically-engineered soybean and corn seeds; is lead counsel in *In re Comdisco Securities Litigation* (securities class action lawsuit against former Comdisco executives relating to Comdisco's misrepresentations and omissions with respect to its Prism division) and in *In re Aon ERISA Litigation* (ERISA class action lawsuit on behalf of all participants and beneficiaries of Aon's 401(k) savings plan against Aon and certain of its officers and directors, alleging that during the class period, defendants, as fiduciaries of the Plan, each violated ERISA by breaching their duties owed to plaintiffs and the other participants and beneficiaries of the Plan in connection with the Plan's holding of Aon stock); and is actively involved in the *In re Initial Public Offering Sec. Litig.*, Master File No. 21 MC 92 (SAS) (S.D.N.Y.) (consolidated action against 309 issuers and 55 underwriters alleging manipulation, misrepresentations, and omissions relating to the market for various high-tech initial public offerings). Mr.



16





Levitt also provides, or has provided legal services to various private companies involving complex litigation and general corporate matters.

### OF COUNSEL

**ROBERT ABRAMS**: *admitted*: New York; U.S. Court of Appeals for the Third Circuit; U.S. District Courts for the Southern and Eastern Districts of New York, Eastern District of Missouri, District of Maryland, and District of Delaware. *Education:* Haverford College (B.A., 1961); Columbia University (Ph.D., 1966), Brooklyn Law School (J.D., 1992). Woodrow Wilson Fellow; International Business Law Fellow. Adjunct Professor, Mediation Clinic, Brooklyn Law School, 1983-1984. Mr. Abrams was formerly a Professor of Political Science at Brooklyn College and the Graduate Center of the City University of New York. Member: New York State Bar Association. Mr. Abrams is the author of books on the theory of collective choice (Columbia University Press) and voting theory (Sage), as well as articles on Soviet politics, game theory and bargaining and negotiations. He has focused his practice on complex securities, ERISA, and consumer actions.

**ROBERT B. WEINTRAUB**: *admitted*: New York; Supreme Court of the United States; U.S. Court of Appeals for the Federal and Second Circuits; District of Columbia; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: Syracuse University (B.A., *cum laude*, 1972); Georgetown University Law Center (J.D., 1977). Member: 1975-1977, Articles Editor and Member: Executive Board, 1976-1977, Law and Policy in International Business, *Georgetown International Law Journal*. Assistant Editor, Competition Working Group, "The OECD Guidelines for Multinational Enterprises: A Business Appraisal," 1977. Author, "Law Backs Women Warriors," *National Law Journal*, June 7, 1993. Co-contributor: Chapter 7, "The Celler-Kefauver Act of 1950," 4 *Legislative History of the Federal Antitrust Laws and Related Statutes*, edited by E. Kintner, Chelsea House Publishers, 1980. Mediator, U.S. District Court, Southern District of New York. Member: The Association of the Bar of the City of New York (Member: Committee on Securities Regulation; Council on International Affairs; Chair, 1991-1994 and Member: 1987-1990, Committee on Military Affairs and Justice; International Arms Control and Security Affairs, 1990-1991); and American Bar Association. He has counseled corporations on contract negotiation and antitrust matters, and provided antitrust advice on mergers to the arbitrage department of a major brokerage house. He has served as an arbitrator for the NYSE, the NASD and the Municipal

**WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP**

Securities Rulemaking Board and as a mediator for the federal District Court in New York. Mr. Weintraub also previously served as Senior Vice President and General Counsel of a broker-dealer investment bank which is a member of the NYSE, the NASD and other principal exchanges. Mr. Weintraub has particular experience in litigation involving investment firms and broker-dealers.





**RACHELE R. RICKERT:** *admitted:* California; U.S. District Court for the Southern District of California. *Education:* Point Loma Nazarene College (B.A., 1994); University of California, Hastings College of the Law (J.D., 1997). Member: State Bar of California. Former Deputy Alternate Public Defender for the County of San Diego.

**THOMAS H. BURT:** *admitted:* New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education:* American University (B.A., 1993); New York University (J.D., 1997). Articles Editor with New York University Review of Law and Social Change.

**JEREMY M. WEINTRAUB:** *admitted:* New York, U. S. District Courts for the Southern and Eastern Districts of New York. *Education:* Yale University, B.A. 1993; New York University School of Law, J.D. 1998. Member of the Federal Bar Council and Association of the Bar of the City of New York.

**SCOTT J. FARRELL:** *admitted:* New York; New Jersey; U.S. District Courts for the Southern and Eastern Districts of New York, the District of New Jersey, and the District of Colorado. *Education:* Yeshiva University (B.A., *magna cum laude,* 1996), where he was a Max Stern Scholar and Gruss Scholar; New York University School of Law (J.D., 1999), where he was an Article and Note Editor of the *Journal of Legislation and Public Policy.* He is the co-author of "In re Gary Glass and Zoltan Guttman," CFTC Docket No. 93-4, *Futures & Derivatives Law Report,* July/August, 1998.

**KATE MCGUIRE:** *admitted:* New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education:* University of California at Santa Cruz (B.A. 1995), Georgetown University Law Center (J.D., 1998); Member: *Georgetown Immigration Law Journal.*

**GUSTAVO BRUCKNER:** *admitted:* New York; New Jersey; United States District Courts for the Districts of New Jersey, Eastern District of New York, and the Southern District of New York; the United States Court of Appeals

18

for Second Circuit and the Supreme Court of the United States. *Education*: New York University (B.S., 1988); New York University (M.B.A. 1989); Benjamin N. Cardozo School of Law, Yeshiva University (J.D., 1992).

**STACEY T. KELLY:** *admitted:* New York; New Jersey; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: New York University (B.A., 1997); Rutgers School of Law - Newark (J.D., 2000). Member: New York State Bar Association; New York County Lawyers Association

**PAULETTE S. FOX:** *admitted:* New York; New Jersey U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: Benjamin N. Cardozo School of Law (J.D. 2001); Syracuse University (B.A. in Public Policy, *summa cum laude*, Phi Beta Kappa, 1998).

**MICHAEL J. MISKE:** *admitted:* New York. *Education*: St. John's University (B.A., *cum laude* (2000), New York Law School (J.D., 2000).

**AYA BOUCHEDID:** *admitted:* New York *Education*: McGill University School of Law, Bachelor of Laws (LL.B., B.C.L., with Great Honors, 2002); University of Montreal (B.A. Political Science, 1998).

**MATTHEW GUINEY:** *admitted:* New York. *Education*: The College of William & Mary (B.A. in Government and Economics 1998); Georgetown University Law Center (J.D. 2002).

**JULIE CORBO:** *admitted:* California; U.S. District Courts for the Southern, Central and Northern Districts of California. *Education*: University of California, San Diego (B.A., 1997); University of San Diego School of Law (J.D., *cum laude* 2004).

**IONA M. EVANS:** *admitted:* New York. *Education*: University of New Hampshire (B.A., 1999); Boston University School of Law (J.D., 2004), where she served as Staff Writer and Business Editor on the *International Law Journal*.



WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP



## WOLF HALDENSTEIN PARTNERS WHO REGULARLY PROVIDE THEIR NON-LITIGATION EXPERTISE TO CLASS ACTION LITIGATION MATTERS

**CHARLES H. BALLER:** *admitted:* New York. *Education:* New York University (B.S., *magna cum laude*, 1954); Columbia University (LL.B., 1957); New York University (L.L.M., Taxation, 1962). Beta Gamma Sigma; Beta Alpha Psi. Harlan Fiske Stone Scholar. Co-Editor and Contributing Author, April, 1981, with 1986 Supplement, *Business Acquisitions*, Practicing Law Institute. Member: The Association of the Bar of the City of New York; New York State and American Bar Associations. Mr. Baller has worked in the office of Chief Counsel, Internal Revenue Service (Interpretative Division). A lecturer and author for the Practicing Law Institute (co-editor of the reference work *Business Acquisitions: Planning and Practice*), Mr. Baller is a corporate and tax attorney with extensive expertise in mergers and acquisitions, complex estate planning (particularly relating to corporate and business holdings), and employee benefits and compensation, including ERISA.

**ERIC B. LEVINE:** *admitted:* New York; U.S. Courts of Appeals for the Second and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, and Eastern District of Michigan; U.S. Tax Court. *Education:* State University of New York at Buffalo (B.A., *summa cum laude*, 1974); University of Pennsylvania (J.D., *cum laude*, 1977). Order of the Coif, Phi Beta Kappa. Associate Editor, *University of Pennsylvania Law Review*, 1976-1977. Member: The Association of the Bar of the City of New York; New York State Bar Association. Mr. Levine's practice focuses on complex commercial and civil litigation, including in the area of bankruptcy and receivership litigation, creditors' rights, and lender liability.

**MARK C. SILVERSTEIN:** *admitted:* New York. *Education:* State University of New York at Binghamton (B.S., *summa cum laude*, 1980); New York University (J.D., *cum laude*, 1983). Order of the Coif. Editor, Journal of International Law and Politics, 1982-1983. Member: the Association of the Bar of the City of New York; New York State; American Bar Associations. Mr. Silverstein serves as general counsel to corporations and handles matters involving tax planning and mergers and acquisitions. He also provides counseling in the structure of complex settlements and the administration of complex claims administrations.

20



**ELI D. GREENBERG**: *admitted*: New York. *Education*: New York University (B.S., *magna cum laude*, 1981. New York University (J.D., 1984). Beta Gamma Sigma. Lecturer, New York University. Member: American Health Lawyers Association. Mr. Greenberg has extensive experience in pension, tax, benefits, and ERISA.



### SUBSTANTIAL RECOVERIES OBTAINED IN REPRESENTATIVE PAST CLASS ACTION CASES IN WHICH WOLF HALDENSTEIN WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

- *In re BankAmerica Corp. Securities Litigation*, MDL Docket No. 1264 (JFN) (E.D. Mo.) (class recovered $490 million).

- *In re MicroStrategy, Inc. Securities Litigation*, Civ. No. 00-473-A (E.D. Va.) (class recovered $160 million in cash and securities).

- *Kurzweil v. Philip Morris Cos.*, 94 Civ. 2373, 94 Civ. 2546 (S.D.N.Y.) (securities fraud) (class recovered $116.5 million in cash).

- In re Starlink Corn Products Liability Litigation, (N.D. Ill.) (class recovered $110 million).

- *In Computer Associates 2002 Class Action Sec. Litigation*, 2:02-CV-1226 (E.D.N.Y.) ($130 million settlement in this and two related actions).

- *Berger v. Compaq Computer Corp.*, Docket No. 98-1148 (S.D. Tex.) (class recovered $29 million).

- *In re Arakis Energy Corporation Securities Litigation*, 95 CV 3431 (E.D.N.Y.) (class recovered $24 million in cash).

- *In re E.W. Blanche Holdings, Inc. Securities Litigation*, Civ. No. 01-258 (D. Minn.) (class recovered $20 million).

- *In re Musicmaker.com Securities Litigation*, CV-00-2018 (C.D. Cal.) (class recovered $13.75 million).

- *In re Bausch & Lomb, Inc. Securities Litigation*, 01 Civ. 6190 (CJS) (W.D.N.Y.) (class recovered $12.5 million).

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**



- *In re Allaire Corp. Securities Litigation,* 00-11972 (D. Mass.) (class recovered $12 million).

- *Curative Health Services Securities Litigation,* 99-2074 (E.D.N.Y.) (class recovered $10.5 million).



- *City Partnership Co. v. Jones Intercable,* 99 WM-1051 (D. Colo.) (class recovered $10.5 million).

- *In re Tenfold Corporation Securities Litigation,* 2:00-CV-652 (D. Utah) (class recovered $5.9 million).



- *In re Industrial Gas Antitrust Litigation,* 80 C 3479 and related cases (N.D. Ill.) (class recovered $50 million in cash and coupons).

- *In re Chor-Alkalai and Caustic Soda Antitrust Litigation,* 86-5428 and related cases (E.D. Pa.) (class recovered $55 million).

- *In re Infant Formula Antitrust Litigation,* MDL No. 878 (N.D. Fla.) (class recovered $126 million).

- *In re Brand Name Prescription Drug Antitrust Litigation,* M.D.L. 940 (N.D. Ill.) (class recovered $715 million).

- *Landon v. Freel,* M.D.L. No. 592 (S.D. Tex.) (class recovered $12 million).

- *Holloway v. Peat, Marwick, Mitchell & Co.,* No. 84 C 814 EU (N.D. Okla.) (class recovered $38 million).

- *In re The Chubb Corp. Drought Insurance Litigation,* C-1-88-644 (S.D. Ohio) (class recovered $100 million.).

- *Wong v. Megafoods,* Civ-94-1702 (D. Ariz.) (securities fraud) (class recovered $12.25 million).

- *In re Del Val Financial Corp. Securities Litigation,* 92 Civ 4854 (S.D.N.Y.) (class recovered $11.5 million).

- *In re Home Shopping Network Shareholders Litigation,* Consolidated Civil Action No. 12868, (Del. Ch. 1995) (class recovered $13 million).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *In re Paine Webber Limited Partnerships Litigation*, 94 Civ 8547 (S.D.N.Y.) (class recovered $200 million).

- *In re Bristol-Meyers Squibb Co. Securities Litigation*, 92 Civ 4007 (S.D.N.Y.) (class recovered $19 million).

- In re Spectrum Information Technologies Securities Litigation, CV 93-2245 (E.D.N.Y.) (class recovered $13 million).

- *In re Chase Manhattan Securities Litigation*, 90 Civ. 6092 (LJF) (S.D.N.Y.) (class recovered $17.5 million).

- *Prostic v. Xerox Corp.*, No. B-90-113 (EBB) (D. Conn.) (class recovered $9 million).

- *Steiner v. Hercules*, Civil Action No. 90-442-RRM (D. Del.) (class recovered $18 million).

- *In re Ambase Securities Litigation*, 90 Civ 2011 (S.D.N.Y.) (class recovered $14.6 million).

- *Steiner v. Phillips (In re Southmark Securities Litigation)*, CA No. 3-89-1402-D (N.D. Tex.) (class recovered $70 million).

- *Steiner v. Ideal Basic Industries, Inc.*, No. 86-M 456 (D. Colo. 1989) (securities fraud) (class recovered $18 million).

- *Tucson Electric Power Derivative Litigation*, 2:89 Civ. 01274 TUC. ACM (corporation recovered $30 million).

- *Alleco Stockholders Litigation*, (Md.Cir.Ct. Pr. Georges County) (class recovered $16 million).

- *In re Revlon Group, Inc. Shareholders Litigation*, No. 8362 (Del. Ch.) (class recovered $30 million).

- In re Taft Broadcasting Company Shareholders Litigation, No. 8897 (Del. Ch.) (class recovered $20 million).

- *In re Southland Corp. Securities Litigation*, No. 87-8834-K (N.D.Tex.) (class recovered $20 million).

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**





- *In re Crocker Bank Securities Litigation,* CA No. 7405 (Del. Ch.) (class recovered $30 million).

- *In re Warner Communications Securities Litigation,* No. 82 Civ. 8288 (JFK) (S.D.N.Y.) (class recovered $17.5 million).

- *Joseph v. Shell Oil,* CA No. 7450 (Del. Ch.) (securities fraud) (class recovered $200 million).

- *In re Flight Transportation Corp. Securities Litigation,* Master Docket No. 4-82-874, MDL No. 517 (D. Minn.) (class recovered $50 million.).

- *In re Whittaker Corporation Securities Litigation,* CA000817 (Cal. Super. Ct., Los Angeles County) (class recovered $18 million).

- *Naevus International, Inc. v. AT&T Corp.,* C.A. No. 602191/99 (N.Y. Sup. Ct.) (consumer fraud) (class recovered $40 million).

- *Sewell v. Sprint PCS Limited Partnership,* C.A. No. 97-188027/CC 3879 (Cir. Ct. for Baltimore City) (consumer fraud) (class recovered $45.2 million).

## REPRESENTATIVE REPORTED OPINIONS SINCE 1990 IN WHICH WOLF HALDENSTEIN WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

## FEDERAL APPEALS COURT OPINIONS

- *In re Pharmatrak, Inc. Privacy Litig.,* 2003 U.S. App. LEXIS 8758 (1st Cir. May 9, 2003).

- *Berger v. Compaq Computer Corp.,* 257 F.3d 475 (2001), clarified, 279 F.3d 313 (5th Cir. 2002).

- In re Bankamerica Corp. Securities Litigation, 263 F.3d 795 (8th Cir. 2001).

- *Wright v. Ernst & Young LLP,* 152 F.3d 169 (2d Cir. 1998).

- *Romine v. Compuserve Corp.,* 160 F.3d 337 (6th Cir. 1998).

- *Felzen v. Andreas,* 134 F.3d 873 (7th Cir. 1998).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *Brown v. Radica Games (In re Radica Games Securities Litigation)*, No. 96-17274, 1997 U.S. App. LEXIS 32775 (9th Cir. Nov. 14, 1997).

- *Robbins v. Koger Properties*, 116 F.3d 1441 (11th Cir. 1997).

- In re Painewebber Inc. Limited Partnerships Litigation, 94 F.3d 49 (2d Cir. 1996).

- *Glassman v. Computervision Corp.*, 90 F.3d 617 (1st Cir. 1996).

- *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525 (8th Cir. 1996).

- *Shaw v. Digital Equipment Corp.*, 82 F.3d 1194 (1st Cir. 1996).

- *Riley v. Simmons*, 45 F.3d 764 (3d Cir. 1995).

- *Stepak v. Addison*, 20 F.3d 398 (11th Cir. 1994).

- County of Suffolk v. Long Island Lighting Co., 907 F.2d 1295 (2d Cir. 1990).

## FEDERAL DISTRICT COURT OPINIONS

- *Johnson v. Aegon USA, Inc.*, 1:01-CV-2617 (N.D. Ga. Sept. 20, 2004).

- Freeland v. Iridium World Communications, Ltd., 99-1002 (D.D.C. Aug. 31, 2004).

- In re Acclaim Entertainment, Inc. Securities Litigation, 03-CV-1270 (E.D.N.Y. June 22, 2004).

- In re Sepracor, Inc. Securities Litigation, 308 F. Supp. 2d 20 (D. Mass. 2004).

- In re Concord EFS, Inc. Securities Litigation, No. 02-2697 (W.D. Tenn. Jan. 7, 2004).

- In re Enterprise Mortgage Acceptance Co., LLC, Sec. Litig., 02-Civ. 10288 (SWK) (S.D.N.Y. Nov. 5, 2003).

- In re PerkinElmer, Inc. Securities Litigation, 286 F. Supp. 2d 46 (D. Mass. 2003).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- In re Initial Public Offering Securities Litigation, 241 F. Supp. 2d 281 (S.D.N.Y. 2003).

- *In re Comdisco Securities Litigation,* No. 01 C 2110, 2003 U.S. Dist. LEXIS 5047 (N.D. Ill. Mar. 31, 2003).

- City Partnership Co. v. Cable TV Fund 14-B, 213 F.R.D. 576 (D. Colo. 2002).

- *In re Allaire Corporation Securities Litigation,* Docket No. 00-11972 - WGY, 2002 U.S. Dist. LEXIS 18143 (D. Mass., Sept. 27, 2002).

- In re StarLink Corn Products Liability Litigation, 212 F.Supp.2d 828 (N.D. Ill. 2002)

- *In re Comdisco Securities Litigation,* 166 F.Supp.2d 1260 (N.D. Ill. 2001).

- *In re Crossroads Systems, Inc. Securities Litigation,* Master File No. A-00-CA-457 JN, 2001 U.S. Dist. LEXIS 14780 (W.D. Tx. Aug. 15, 2001).

- In re MicroStrategy, Inc. Securities Litigation, 150 F. Supp. 2d 896 (E.D. Va. 2001).

- *Lindelow v. Hill,* No. 00 C 3727, 2001 U.S. Dist. LEXIS 10301 (N.D. Ill. July 19, 2001).

- In re MicroStrategy, Inc. Securities Litigation, 148 F. Supp. 2d 654 (E.D. Va. 2001).

- Jeffries v. Pension Trust Fund of the Pension, Hospitalization & Benefit Plan of the Electrical Industry, 172 F. Supp. 2d 389 (S.D.N.Y. 2001).

- Carney v. Cambridge Technology Partners, Inc., 135 F. Supp. 2d 235 (D. Mass. 2001).

- *Weltz v. Lee,* 199 F.R.D. 129 (S.D.N.Y. 2001).

- *Schoers v. Pfizer, Inc.,* 00 Civ. 6121, 2001 U.S. Dist. LEXIS 511 (S.D.N.Y. Jan. 23, 2001).

- *Kurzweil v. Philip Morris Cos.,* 94 Civ. 2373 (MBM), 2001 U.S. Dist. LEXIS 83 (S.D.N.Y. Jan. 9, 2001).

26

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *Goldberger v. Bear, Stearns & Co.*, 98 Civ. 8677 (JSM), 2000 U.S. Dist. LEXIS 18714 (S.D.N.Y. Dec. 28, 2000).

- *In re Newell Rubbermaid, Inc., Securities Litigation,* Case No. 99 C 6853, 2000 U.S. Dist. LEXIS 15190 (N.D. Ill. Oct. 2, 2000).

- *Stanley v. Safeskin Corp.*, Case No. 99 CV 454 BTM (LSP), 2000 U.S. Dist. LEXIS 14100, Fed. Sec. L. Rep. (CCH) P91, 221 (S.D. Cal. Sept. 18, 2000).

- In re MicroStrategy, Inc. Securities Litigation, 115 F. Supp. 2d 620 (E.D. Va. 2000).

- *In re USA Talks.com, Inc. Securities Litigation,* 2000 U.S. Dist. LEXIS 14823, Fed. Sec. L. Rep. (CCH) P91, 231 (S.D. Cal. Sept. 14, 2000).

- *In re Sotheby's Holdings, Inc. Securities Litigation,* 00 CIV. 1041 (DLC), 2000 U.S. Dist. LEXIS 12504, Fed. Sec. L. Rep. (CCH) P91, 059 (S.D.N.Y. Aug. 31, 2000).

- *Dumont v. Charles Schwab & Co., Inc.*, Civil Action No. 99-2840 2000 U.S. Dist. LEXIS 10906 (E.D. La. July 21, 2000).

- *Berger v. Compaq Computer Corp.*, Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21424 (S.D. Tex. July 17, 2000).

- In re BankAmerica Corp. Securities Litigation, 95 F. Supp. 2d 1044 (E.D. Mo. 2000).

- In re Carnegie International Corp. Securities Litigation, 107 F. Supp. 2d 676 (D. Md. 2000).

- *Berger v. Compaq Computer Corp.*, Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21423 (S.D. Tex. Mar. 13, 2000).

- *In re Imperial Credit Industries Securities Litigation,* CV 98-8842 SVW, 2000 U.S. Dist. LEXIS 2340 (C.D.Cal. Feb. 23, 2000).

- *Sturm v. Marriott Marquis Corp.*, 85 F. Supp. 2d 1356 (N.D. Ga. 2000).

- In re Health Management Systems Securities Litigation, 82 F. Supp. 2d 227 (S.D.N.Y. 2000).

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP





- *Dumont v. Charles Schwab & Co., Inc.*, Civil Action No. 99-2840, 2000 U.S. Dist. LEXIS 619 (E.D. La. Jan. 19, 2000).

- In re MicroStrategy, Inc. Securities Litigation, 110 F. Supp. 2d 427 (E.D. Va. 2000).

- In re BankAmerica Corp. Securities Litigation, 78 F. Supp. 2d 976 (E.D. Mo. 1999).

- *Kurzweil v. Philip Morris Cos.*, 94 Civ. 2373 (MBM), 1999 U.S. Dist. LEXIS 18378 (S.D.N.Y. Nov. 24, 1999).

- *In re Nanophase Technologies Corp. Litigation*, 98 C 3450, 1999 U.S. Dist. LEXIS 16171 (N.D. Ill. Sept. 27, 1999).

- *In re Clearly Canadian Securities Litigation*, File No. C-93-1037-VRW, 1999 U.S. Dist. LEXIS 14273 Cal. Sept. 7, 1999).

- *Yuan v. Bayard Drilling Technologies, Inc.*, 96 F. Supp. 2d 1259 (W.D. Okla. 1999).

- *In re Spyglass, Inc. Securities Litigation*, No. 99 C 512, 1999 U.S. Dist. LEXIS 11382 (N.D.Ill. July 20, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 11595 (N.D.Ga. June 30, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 11596 (N.D. Ga. June 30, 1999).

- *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 98 CV 3287, 1999 U.S. Dist. LEXIS 11363 (E.D.N.Y. June 1, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 1368, Fed. Sec. L. Rep. (CCH) P90, 429 (N.D. Ga. Jan. 19, 1999).

- *Longman v. Food Lion, Inc.*, 186 F.R.D. 331 (M.D.N.C. 1999).

- Walsingham v. Biocontrol Technology, Inc., 66 F. Supp. 2d 669 (W.D. Pa. 1998).

- *Sturm v. Marriott Marquis Corp.*, 26 F. Supp. 2d 1358 (N.D. Ga. 1998).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- Carley Capital Group v. Deloitte & Touche, L.L.P., 27 F. Supp. 2d 1324 (N.D. Ga. 1998).

- In re MobileMedia Securities Litigation, 28 F.Supp.2d 901 (D.N.J. 1998).

- Weikel v. Tower Semiconductor, Ltd., 183 F.R.D. 377 (D.N.J. 1998).

- *In re Health Management Systems Securities Litigation*, 97 Civ. 1865 (HB), 1998 U.S. Dist. LEXIS 8061 (S.D.N.Y. May 27, 1998).

- In re Painewebber Ltd. Partnership Litigation, 999 F.Supp. 719 (S.D.N.Y. 1998).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-cv-3183-TWT, 1998 U.S. Dist. LEXIS 23222 (N.D. Ga. Feb. 10, 1998).

- *In re TCW/DW North American Government Income Trust Securities Litigation*, 95 Civ. 0167 (PKL), 1997 U.S. Dist. LEXIS 18485 (S.D.N.Y. Nov. 20, 1997).

- *Wright v. Ernst & Young, LLP*, 97 Civ. 2189 (SAS), 1997 U.S. Dist. LEXIS 13630 (S.D.N.Y. Sept. 9, 1997).

- *Felzen v. Andreas*, No. 95-2279, 1997 U.S. Dist. LEXIS 23646 (C.D. Ill. July 7, 1997).

- *Felzen v. Andreas*, No. 95-2279, 1997 U.S. Dist. LEXIS 23647 (C.D. Ill. July 7, 1997).

- A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc., 964 F. Supp. 147 (S.D.N.Y. 1997).

- *Kurzweil v. Philip Morris Companies*, 94 Civ. 2373 (MBM), 1997 U.S. Dist. LEXIS 4451 (S.D.N.Y. April 8, 1997).

- *Bobrow v. Mobilmedia, Inc.*, Civil Action No. 96-4715, 1997 U.S. Dist. LEXIS 23806 (D.N.J. March 31, 1997).

- *Kalodner v. Michaels Stores, Inc.*, 172 F.R.D. 200 (N.D.Tex. 1997).

- In re Painewebber Ltd. Partnerships Litigation, 171 F.R.D. 104 (S.D.N.Y. 1997).

29

**WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP**





- A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc., 95 Civ. 8422 (LAK), 1997 U.S. Dist. LEXIS 1226 (S.D.N.Y. Feb. 7, 1997).

- *Dresner Co. Profit Sharing Plan v. First Fidelity Bank, N.A.*, 95 Civ. 1924 (MBM), 1996 U.S. Dist. LEXIS 17913 (S.D.N.Y. Dec. 3, 1996).

- Simon v. American Power Conversion Corp., 945 F. Supp. 416 (D.R.I. 1996).

- *TII Industries, Inc.,* 96 Civ. 4412 (SAS), 1996 U.S.Dist. LEXIS 14466 (S.D.N.Y. Oct. 1, 1996).

- In re TCW/DW North American Government Income Trust Securities Litigation, 941 F.Supp. 326 (S.D.N.Y. Oct. 1, 1996).

- *In re Painewebber Ltd. Partnership Litigation,* 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 9195 (S.D.N.Y. June 28, 1996).

- *In re Tricord Systems, Inc., Securities Litigation,* Civil No. 3-94-746, 1996 U.S. Dist. LEXIS 20943 (D. Minn. April 5, 1996).

- *In re Painewebber Limited Partnership Litigation,* 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 1265 (S.D.N.Y. Feb. 6, 1996).

- *Zitin v. Turley,* [1991 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 96,123 (D. Ariz. June 20, 1994).

- In re Southeast Hotel Properties Limited Partnership Investor Litigation, 151 F.R.D. 597 (W.D.N.C. 1993).

## STATE COURT OPINIONS

- *Naevus Int'l v. AT&T Corp.*, 283 A.D.2d 171, 724 N.Y.S.2d 721 (2001).

- Paramount Communications, Inc. v. QVC Network, Inc., 637 A.2d 34 (Del. Super. Ct. 1994).

- *In re Western National Corp. Shareholders Litigation,* Consolidated C.A. No. 15927, 2000 Del. Ch. LEXIS 82 (May 22, 2000).

**WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP**




- *In re Cencom Cable Income Partners, L.P. Litigation*, C.A. No. 14634, 2000 Del. Ch. LEXIS 90 (May 5, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation*, Consolidated C.A. No. 14634, 2000 Del. Ch. LEXIS 10 (Jan. 27, 2000).

- In re Marriott Hotels Properties II Limited Partnership Unitholders Litigation, Consolidated C.A. No. 14961, 2000 Del. Ch. LEXIS 17 (Jan. 24, 2000).

- *Romig v. Jefferson-Pilot Life Insurance Company*, 132 N.C. App. 682, 513 S.E.2d 598 (Ct. App. 1999), *aff'd*, 351 N.C. 349, 524 S.E.2d 804 (N.C.S.Ct. 2000).

- *Wallace v. Wood*, 752 A.2d 1175 (Del. Ch. 1999).

- *Greenwald v. Batterson*, C.A. No. 16475, 1999 Del. Ch. LEXIS 158 (July 26, 1999).

- *Brown v. Perrette*, Civil Action No. 13531, 1999 Del. Ch. LEXIS 92 (May 18, 1999).

- *In re Cencom Cable Income Partners, L.P. Litigation*, C.A. No. 14634, 1997 Del. Ch. LEXIS 146 (Oct. 15, 1997).

- In re Marriott Hotel Properties II Limited Partnership Unitholders Litigation, Consolidated C.A. No. 14961, 1997 Del. Ch. LEXIS 128 (Sept. 17, 1997).

- *In re Cheyenne Software Shareholders Litigation*, Consolidated C.A. No. 14941, 1996 Del. Ch. LEXIS 142 (Nov. 7, 1996).

- *Seinfeld v. Robinson*, 246 A.D.2d 291, 676 N.Y.S.2d 579 (N.Y. 1998).

- *Werner v. Alexander*, 130 N.C. App. 435, 502 S.E.2d 897 (N.C. Ct. App. 1998).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





## NON-DISCRIMINATION POLICIES

Wolf Haldenstein does not discriminate or tolerate harassment against any employee or applicant because of race, creed, color, national origin, sex, age, disability, marital status, sexual orientation, or alienage or citizenship status and designs its hiring practices to ensure that minority group members and women are afforded equal employment opportunities without discrimination. The Firm is in compliance with all applicable Federal, State, County, and City equal employment opportunity laws.

Wolf Haldenstein is proud of its long history of support for the rights of, and employment opportunities for, women, the disadvantaged, and minority group persons, including the participation in civil rights and voter registration activities in the South in the early 1960's by partners of the Firm; the part-time employment of disadvantaged youth through various public school programs; the varied *pro bono* activities performed by many of the Firm's lawyers; the employment of many women and minority group persons in various capacities at the Firm, including at the partner level; the hiring of ex-offenders in supported job training programs; and the use of minority and women-owned businesses to provide services and supplies to the Firm.



**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 MADISON AVENUE
NEW YORK, NY 10016
TELEPHONE: 212-545-4600
TELECOPIER: 212-545-4653

WWW.WHAFH.COM

SYMPHONY TOWERS
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE: 619-239-4599
TELECOPIER: 619-234-4599

55 WEST MONROE STREET
SUITE 1111
CHICAGO, IL 60603
TELEPHONE: 312-984-0000
TELECOPIER: 312-984-0001

625 NORTH FLAGLER DRIVE
WEST PALM BEACH, FL 33401
TELEPHONE: 561-833-1776

**WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP**

# Exhibit E

# GILMAN AND PASTOR, LLP

## *FIRM RESUME*

***GILMAN AND PASTOR, LLP*** is a law firm which concentrates in class action litigation on behalf of investors, consumers and small businesses. The firm has broad experience in the areas of securities, consumer protection, products liability, antitrust and other types of complex litigation. The firm litigates cases throughout the country, including both federal and state courts. Many of the firm's cases have involved complex multi-district litigation, including appearances before the Judicial Panel on Multi District Litigation. The attorneys in the firm are experienced in, and thoroughly familiar with, all aspects of class action litigation, including the underlying substantive law, the procedures recommended in the Manual for Complex Litigation, and the substance and procedure of class certification. The firm has recovered hundreds of millions of dollars for the clients it has represented.

## *REPRESENTATIVE CASES BY AREA OF PRACTICE*

### Securities

The firm is actively involved in litigation on behalf of defrauded individual and institutional investors in both class action and shareholder derivative litigation.

In In re Transkaryotic Therapies, Inc. Securities Litigation, No. 03-10165-RWZ (D. Mass.), Gilman and Pastor is one of the firms representing the lead plaintiff in a securities fraud case involving the company's misrepresentations about correspondence from the FDA with respect to prospects for approval of one of the company's key products. The court has denied the defendants' motion to dismiss, and the case is now in the discovery phase.

In Brumbaugh v. Wave Systems Corporation, No. 04-30022-MAP (D. Mass.), the firm represents the court-appointed lead plaintiffs. This is a securities case arising out of the company's misrepresentations and omissions concerning two purported license agreements with major corporations for the company's digital security products.

The firm served as Co-Lead Counsel in In re Blech Securities Litigation, 94-CIV-7696-RWS (S.D. N.Y.) asserting market manipulation claims against the brokerage firm of D. Blech & Co., its principals, its clearing broker, and several other alleged participants in connection with an alleged scheme to inflate the prices of various biotechnology securities. In a vigorously litigated case, the firm and its co-counsel obtained certification of a class of purchasers of 22 separate securities, successfully opposed various motions to dismiss, and, subsequently, motions for summary judgment, and after extensive discovery and trial preparation, negotiated over $15 million in cash settlements on behalf of the class. This case resulted in several reported opinions,

including one that has been frequently cited and referred to by commentators on the issue of clearing broker liability. In re Blech Securities Litigation, 961 F. Supp. 569 (S.D. N.Y. 1997).

Gilman and Pastor, LLP served as Co-Lead Counsel in Hynes v. The Enstar Group, Inc., et al. 90-C-1204-N (M.D. Alabama). In the face of substantial risks of an unsuccessful outcome due to the bankruptcy (and consequent immunity from suit) of Enstar and the bankruptcy of Enstar's chairman who was the chief architect of the fraud, Gilman and Pastor, LLP aggressively litigated the case on behalf of the Class and obtained settlements totaling in excess of $19 million from several defendants, including a major accounting firm, a major law firm, and former outside directors after the conclusion of extensive discovery and immediately prior to the scheduled trial. Subsequently, Gilman and Pastor, LLP won an additional $4.1 million for the class in collateral litigation against Michael Milken and related entities.

The firm was Co-Lead Counsel in Cooper v. Kana, et al. Civil Action No. 3:98-CV-2804-M (N.D. Texas) on behalf of purchasers of CPS Systems, Inc. ("CPS") stock in connection with its $8.74 million initial public offering ("IPO") and trading on the American Stock Exchange thereafter, against CPS, its officers and directors, the underwriters for its IPO, and CPS's independent auditors, alleging misstatements in the IPO Prospectus and subsequent press releases and SEC filings concerning CPS's revenue recognition methods and reported revenues and earnings. After CPS restated its earnings and filed bankruptcy, the firm and its co-counsel obtained class certification, defeated various motions to dismiss, conducted discovery, engaged in two separate mediations, and ultimately recovered $3.44 million in cash settlements on behalf of the class against the remaining defendants.

The firm served as Co-Lead Counsel in Lynn v. Infinity Investors Limited, et al. 3:97-CV-226 (E.D. Tenn.), a case asserting claims for open market securities fraud and for breach of contract arising out of an alleged complex scheme to evade the requirements of Regulation S of the Securities Act of 1933 and to manipulate the market prices of United Petroleum Corporation ("UPET") stock. The firm obtained class certification, successfully objected to UPET's bankruptcy plan in another jurisdiction that would have otherwise dismissed the action with prejudice, and overcame other significant obstacles in a vigorously litigated case to ultimately obtain a $4 million cash settlement, recovering a very substantial portion of actual losses claimed by class members.

Gilman and Pastor, LLP served as Co-Lead Counsel in In re Hallwood Energy Partners L.P. Securities Litigation, 90-Civ-1555-JFK (S.D.N.Y.) in which a $9.1 million settlement was obtained after five years of intensive litigation. This class action arose out of a complex merger and exchange offer transaction involving several publicly traded oil and gas limited partnership entities. The litigation challenged the fairness of the exchange and involved highly complex oil and gas valuations and methodologies. Gilman and Pastor, LLP effectively managed the litigation and diligently prosecuted the case on behalf of a Class of approximately forty thousand unitholders.

Gilman and Pastor, LLP served as Co-Lead Counsel in <u>Caven v. Miller, et al</u>. No. H-96-CV-3464 (EW) (S.D. Tex.), a shareholder derivative action arising out of the merger of a publicly held hospital company with and into a firm in the same industry that had been privately held. After the merger, the successor firm downwardly restated its financial results due to its own previously undisclosed accounting irregularities and losses. After defeating motions to dismiss on various grounds, conducting discovery, and engaging in mediations, Plaintiffs recovered over $18 million in benefits on behalf of the successor company from various insiders of both companies involved.

The firm served as one of four co-lead counsel representing a class of securities purchasers in <u>In re Immunex Securities Litigation</u>, No. C92-548 (W.D. Wash.), and obtained a settlement of $14 million.

The firm served as one of three co-lead counsel representing a class of limited partners in <u>In re Oxford Tax Exempt Fund Securities Litigation</u>, No. 95-3643 (D. Md.), a case asserting federal securities and related common law claims arising out of a complex partnership restructuring transaction, and obtained a settlement valued in excess of $11 million.

Gilman and Pastor, LLP served as lead counsel in <u>Sullivan, et al. v. Shearson California Radisson Plaza Partners, Limited Partnership, et al.</u>, No. 89-5472-JMI (C.D. Cal.), a case arising out of a publicly offered limited partnership wherein claims under the 1934 Exchange Act and the 1933 Securities Act were asserted on behalf of the investors. The case involved complex issues of hotel appraisal and valuation, and resulted in a settlement valued in excess of $11 million on behalf of the class.

In <u>Hartley v. Stamford Towers Limited Partnership, et al.</u>, No. C-90-2146-JPV (N.D. Cal.), another action arising out of a public limited partnership offering, the firm served as co-lead counsel for the investor class and obtained a settlement of $6.5 million. In that litigation the plaintiffs engaged in extensive discovery and negotiations and consultation with real estate valuation experts, in the face of several challenging obstacles.

The firm served as co-lead counsel representing a class of more than 4,000 investors in a series of oil and gas drilling programs in the <u>Woodlands Energy and Development Corporation/ Intercomex Financial Corp. Litigation</u> (encompassing several related civil actions in various federal and state courts in Texas and California). That litigation involved complicated securities issues, as well as certain novel insurance liability questions, and was also contested vigorously by the defendants with respect to every aspect of the case. In that case, plaintiffs' counsel overcame several rounds of briefing on motions to dismiss the pleadings and a vigorous opposition to class certification. Counsel then engaged in a long series of merits discovery, and eventually took part in intense negotiations that led to several partial settlements. Ultimately, Gilman and Pastor, LLP, together with their co-counsel, recovered in excess of $11 million for investors.

The firm was one of four firms actively involved in <u>Alert Income Partners Securities Litigation</u>, No. 92-2-9150 (D. Colo.) a securities class action brought against promoters of a series of limited partnerships, their auditors and other parties. After extensive discovery, a settlement was reached valued at $60 million.

Gilman and Pastor, LLP, as lead class counsel, achieved a successful settlement in the case of <u>Hutson, et al. v. Merrill Lynch, Pierce, Fenner & Smith, et al.</u>, No. 89 Civ. 8358 (L.M.M.) (S.D.N.Y.). That case, which arose out of the offering of limited partnership interests, involved mortgage revenue bonds issued by many state and local government agencies which were secured by participating non-recourse mortgage loans on fourteen apartment projects and retirement communities. As lead counsel, Gilman and Pastor, LLP was responsible for and managed all aspects of the complex litigation which also involved the subject areas of real estate financing and valuation, secured lending and foreclosure. In addition, because the case involved a 1985 offering, there were serious statute of limitations questions facing plaintiffs and plaintiffs' counsel. Despite these momentous problems, the firm obtained a settlement valued at $14 million for the class. Judge McKenna, in approving the settlement, praised plaintiffs' counsel for their efficient work.

Gilman and Pastor, LLP was one of five firms actively involved in the <u>In re Granada Partnership Securities Litigation</u>, MDL No. 837 (S.D. Tex.), in which a partial settlement in excess of $14 million was reached with certain of the defendants. This was an extremely contentious lawsuit in which every procedural step was a pitched battle. After protracted litigation with extensive motion practice, the partial settlement was reached, which accounted for virtually all of the available financial resources of the settling defendants.

Other examples of the firm's litigation ability are the dual settlements achieved in the related cases styled <u>In re Permian Partners, L.P. Securities Litigation</u>, No. 11373 (Del. Ch. Ct.) and <u>Rodgers v. National Intergroup, Inc., et al.</u> No. 90-11653-Z (D. Mass.). Gilman and Pastor, LLP was designated as lead counsel and directed and participated in every aspect of the cases. The first settlement, valued at $6.1 million, plus non-monetary benefits, arose out of an action in the Delaware Chancery Court challenging a merger of limited partnership interests. Gilman and Pastor, LLP conducted extensive discovery in that litigation, most of which was done on an expedited basis, and consulted with experts, including authorities on oil and gas. The litigation involved many complex issues, including issues relating to the valuation of interstate and intrastate pipeline assets. The settlement was reached after the conclusion of expedited discovery and prior to a hearing on our motion for preliminary injunction. The second settlement successfully concluded litigation in the U.S District Court in Massachusetts arising out of the 1987 public offering of the partnership interests which later became the subject of the merger proposal.

Gilman and Pastor, LLP has also played a major role in significant litigation challenging limited partnership roll-ups, restructurings, exchanges and mergers, including the <u>Hallwood Energy</u>,

Oxford and Permian cases described above, Adam et al. v. Berkshire Realty Corporation, No. 90-12864 WF (D. Mass), where the firm served as co-lead counsel and achieved a settlement consisting of cash and warrants valued at $7.5 million, In re Equitec Rollup Litigation, Master File No. C-90-2064 (N.D. Cal); Laurence v. Brewer, No. 97-15464 (Del. Ch. Ct.), where the firm served as co-lead counsel (challenging a tender offer by general partners for publicly traded master limited partnership, and obtaining settlement with establishment of dividend payments to limited partners); LLOV Partners v. INCO Limited, No. 00-4999 (NHP) (D.N.J.) (challenging tender offer by parent company for tracking stock of subsidiary); and Rosenblum v. Equis Financial Group, No. 98-8030 (S.D. Fla.) (class and derivative settlements on behalf of three sub-classes).

Gilman and Pastor, LLP has also been actively involved in numerous other class actions arising under the federal securities laws, including In re Painewebber Inc. Limited Partnership Litigation, No. 94-CV-8547 (S.D.N.Y.); In re The One Bancorp Securities Litigation, No. 89-0315-P (D. Me.); In re VMS Securities Litigation, No. 89C 9448 (N.D. Ill.); In re Shearson Union Square Associates Securities Litigation, (Del. Ch. Ct.); In re Software Publishing Securities Litigation, C-93-20246 (N.D. Cal.); In re Prudential-Bache Energy Income Partnerships Litigation, MDL No. 888 (E.D. LA); In Re: T² Medical Inc. Shareholder Litigation, 92-CIV-1564 (N.D. Ga.); In re Interneuron Pharmaceuticals Securities Litigation; 97-12254 (D. Mass.); In re UDC Homes Securities Litigation, 95-08941 (Maricopa County, AZ Superior Ct.); and In re Towers Financial Securities Litigation, 93-0810 (S.D.N.Y.).

## Defective Products

Gilman and Pastor, LLP is actively involved in litigation involving defective products, including defective building products, pharmaceutical products, motor vehicles, electronics and other products.

In Sebago, Inc., et al. v. Beazer East, Inc., et al., No. 96-10069 (D. Mass.), Gilman and Pastor, LLP served as lead class counsel in a suit on behalf of owners of buildings with corrosive phenolic foam roof insulation. The litigation was extremely contentious, involved numerous potentially dispositive motions, discovery motions and extensive class certification proceedings. The defendants ultimately produced hundreds of thousands of documents as well as hundreds of depositions. To prepare for hearings on class certification, summary judgment and trial, Gilman and Pastor marshaled testimony from experts in a variety of disciplines, including roof engineering, structural engineering, materials science and corrosion, and financial analysis. The firm obtained a significant decision upholding RICO claims against the manufacturers. See Sebago, Inc. v. Beazer East, Inc., 18 F. Supp. 2d 70 (D.Mass. 1998). The Court recently approved nationwide class settlements with the two manufacturers of the phenolic foam insulation, worth a combined estimated present value of more than $240 million.

In Coleman, et al. v. GAF Building Materials Corporation, No. CV-96-0954-GALANOS (Circuit Court of Mobile County, Alabama), Gilman and Pastor, LLP served as lead counsel for a

nationwide class of persons who owned properties with defective roofing shingles. The firm recently obtained a settlement with benefits estimated at a present value in excess of $75 million.

In <u>Paradis v. Bird Incorporated</u>, No. 00-C-0235 (Merrimack, N.H. Superior Court), Gilman and Pastor, LLP served as lead counsel on behalf of purchasers of Bird defective roofing shingles. The settlement obtained was valued at approximately $9.6 million.

Other cases handled by the firm involving defective building products include <u>Foster v. ABTco, Inc.</u> (Civil Action No. CV95-151-M, Choctaw County, Alabama) (defective hardboard siding; nationwide class certified and class settlement approved); <u>In re Louisiana-Pacific Corporation Inner-Seal OSB Trade Practices Litigation</u>, (Master File No. C-95-3178-VRW, N.D.Cal.) (defective oriented strand board (OSB); nationwide class certified and settlement approved).

### Consumer Protection and Antitrust

The firm is also actively involved in litigation involving price-fixing and other anti-competitive conduct, deceptive sales practices, and unfair and deceptive trade practices.

In <u>In re Microsoft Massachusetts Consumer Protection Litigation</u>, No. 00-2456 (Middlesex Superior Court), Gilman and Pastor, LLP was co-lead counsel and obtained a settlement valued at $34 million, which was approved by the Court.

Gilman and Pastor, LLP served as sole Class Counsel in <u>Fortin v. Ajinomoto, et al</u>, (Civil Action No. 02-2345C, Middlesex Superior Court Department, Mass.), and recently obtained final approval of partial class settlements totaling $8.2 million.

Gilman and Pastor, LLP served as a member of the Plaintiffs Steering Committee in <u>Ciardi v. F. Hoffman-LaRoche, Ltd., et al.</u>, (Civil Action No. 99-03244, Middlesex Superior Court Department, Mass.), a case that created new law in Massachusetts conferring standing upon indirect purchasers for claims arising from price-fixing or other anti-competitive conduct. Settlement funds valued at over $22.5 million were obtained and distributed to over 300 charitable organizations providing food and nutrition programs in Massachusetts.

Gilman and Pastor, LLP served as sole counsel in <u>Boos v. Abbott Laboratories</u>, No. 95-10091 (D.Mass.), which was the first case in which indirect purchasers in Massachusetts ever recovered damages arising from a price-fixing conspiracy. The case was settled in 1997 for $2.5 million.

Gilman and Pastor, LLP served as lead counsel in <u>Muccioli v. Sony Computer Entertainment America, Inc.</u>, No. 413148 (San Mateo Cty. California Superior Court) and obtained a substantial nationwide class settlement that provided free service and repairs during an extended warranty period and partial refunds of past repair costs to purchasers of Sony Playstation Models 1001 and 5501 in an action arising out of alleged product defects, breaches of warranty, and deceptive trade practices.

The firm was lead counsel in Hardy v. Sears Roebuck & Co., Civil Action No. 98-CH-06305 (Cook County, Illinois) obtaining a nationwide class settlement which provided warranty repairs to consumers who purchased home improvement services from Sears and its authorized contractors.

The firm is a member of the Plaintiffs' Counsels' Steering Committee in In re High Fructose Corn Syrup Antitrust Litigation, MDL No. 1083, U.S. District Court for the Central District of Illinois, antitrust suit on behalf of businesses which purchased high fructose corn syrup at prices which were inflated due to a massive, world-wide price-fixing conspiracy.

Gilman and Pastor, LLP served as sole counsel for the class in Anslono v. Thorn Americas, Inc. (Civil Action No. 98-0049, Suffolk Superior Court Department, Mass.), and obtained a class settlement of claims for false advertising of "rent to own" contracts.

In In re Packard Bell Consumer Class Action Litigation, No. BC 125671 (California Superior Court), Gilman and Pastor, LLP served as counsel and obtained a substantial settlement for purchasers of "reconditioned" personal computer systems which were falsely advertised as "new."

In In re Miracle Ear Consumer Litigation, No. 94-1696 (Dist. Ct. Minn.), Gilman and Pastor, LLP served as counsel and obtained a substantial settlement for purchasers of hearing aids which had been falsely advertised.

Gilman and Pastor, LLP has been actively involved in litigation arising from life insurance sales practices, including Michaels v. Phoenix Home Life Mutual Insurance Company, Index No. 5318-95 (NY.Sup.Ct., Albany County), 1997 N.Y.Misc. LEXIS 171 (1996) (approving class settlement); Natal v. Transamerica Occidental Life Insurance Company, Index No. 694829 (CA.Sup.Ct., San Diego County, 1997) (approving class settlement); In re: Manufacturers Life Insurance Company Premium Litigation, MDL No. 1109 (S.D.Cal.) (substantial settlement for class); In re: Sun Life Assurance Company of Canada Insurance Litigation, MDL No. 1102 (D.N.J.) (substantial settlement for class); In re: New England Mutual Life Insurance Company Sales Practices Litigation, MDL No. 1105 (D.Mass.) (court appointed Gilman and Pastor, LLP as liaison counsel in MDL proceeding; court subsequently approved substantial class settlement); Duhaine v. John Hancock Mutual Life Insurance Company (Civil Action No. 96-10706-GAO, D.Mass.) (substantial class settlement).

Gilman and Pastor, LLP has developed unique expertise in litigation involving pyramid marketing schemes, including obtaining significant decisions in Webster v. Omnitrition, 79 F.3d 776, 782 (9th Cir. 1996) (holding that multi-level marketing firm could be found to be a pyramid scheme and an investment security where there was no evidence that it actually enforced "anti-pyramid" requirements; class settlement approved following successful appeal by Gilman and Pastor); Capone v. Nu Skin Canada, Inc. (Case No. 93-C-2855, D.Utah) (Gilman and Pastor obtained court approval of settlement of class claims against multi-level marketing firm after successfully opposing multiple motions to dismiss and for summary judgment and after extensive

discovery); <u>Rhodes v. Consumers' Buyline, Inc.</u>, 868 F.Supp. 368 (D.Mass. 1993) (case settled after Gilman and Pastor obtained court ruling that contractual arbitration clause was unenforceable because distributorship agreement violated public policies against pyramid marketing schemes).

### ATTORNEYS

**KENNETH GILMAN** is a graduate of Suffolk University Law School (J.D., 1979) and Boston University (B.A.,1976). Mr. Gilman is a member of the bars of the Commonwealth of Massachusetts, the State of Florida, the U.S. District Court for the District of Massachusetts and the U.S. District Court for the Southern District of Florida. He is a member of the Massachusetts Bar Association, the Florida Bar and the American Bar Association. Mr. Gilman has served, and currently serves as lead or co-counsel in various types of complex litigation, including cases in the areas of antitrust, consumer protection, insurance, dangerous and defective products, environmental law, personal injury and securities fraud.

Representative cases which have produced significant legal developments, include: <u>Sebago, Inc., et. al. v. Beazer East, Inc., et. al.</u>, No. 96-10069- Wolf (D. Mass.) (Nationwide Class Settlements with two manufacturers of phenolic insulation with a value in excess of $240 million; 18 F.Supp.2d 70 (D.Mass. 1998); <u>Coleman, et. al. v. GAF Building Materials Corporation</u>, No. CV-96-0954-Galanos (Circuit Court of Mobile County, Alabama) (Nationwide class of persons who owned properties with GAF defective roofing shingles with settlement value in excess of $75 million); <u>In re: Louisiana-Pacific Corporation Inner-Seal OSB Trade Practices Litigation</u>; <u>Ciardi v. F. Hoffman-LaRoche Ltd, et. al.</u>,(Civil Action No. 99-03244, Middlesex Superior Court Department Mass.), (a case that created new law in Massachusetts conferring standing upon indirect purchasers for claims of price-fixing or other anti-competitive conduct. Settlement funds obtained of over $22.5 million); <u>Michaels v. Phoenix Home Life Mutual Insurance Company</u>, Index No. 5318-95 (N.Y.Sup.Ct. Albany County) 1997 N.Y. misc. LEXIS 171 (1996); <u>Agnes v. The Enstar Group, Inc., et. al.</u>, 90-C-1204-N (M.D. Alabama)(Settlement obtained of over $23 million); <u>In re Hallwod Energy Partners L.P. Securities Litigation</u>, 90-Civ-1555-JFK (S.D.N.Y.)(In which a $9.1 million settlement was obtained after five years of intensive litigation arising out of a complex oil and gas merger; <u>Sullivan, et. al. v. Shearson California Radison Plaza Partners Limited Partnership, et. al.</u>, No. 89-5472 (C.D.Cal.)(Securities fraud action resulting in settlement in excess of $11 million); and <u>Alert Income Partners Securities Litigation</u>, No. 92-2-9150(D.Colo.)(Securities fraud action resulting in settlement valued at $60 million).

Mr. Gilman was previously associated with Gilman, McLaughlin and Hanrahan in Boston, Massachusetts and with the firm of Blackwell, Walker, Gray, Powers, Flick and Hoehl in Miami, Florida. In 1985, Mr. Gilman was appointed by the United States District Court for the Southern District of Florida as the Equity Receiver in the Intercontinental Commodities litigation. During the period from 1980 through 1984, he participated as counsel to the Equity Receiver in the Lloyd Carr and Company commodities fraud litigation. In that capacity, he prosecuted complex litigation in Federal and state courts in Massachusetts and Florida, resulting in significant

recoveries for defrauded investors. Also as part of this litigation, Mr. Gilman acted as special counsel for the Department of Justice.

**DAVID PASTOR** is a 1979 graduate of Boston University School of Law and a 1976 graduate of Haverford College. During law school, Mr. Pastor clerked for two Wisconsin state court judges. Mr. Pastor is a member of the bar of the Commonwealth of Massachusetts, the U.S. District Court for the District of Massachusetts and the U.S. Court of Appeals for the First Circuit. He is a member of the Massachusetts Bar Association, the American Bar Association and the Association of Trial Lawyers of America. Mr. Pastor has served, and currently serves as class counsel in numerous class actions in various state and federal courts and has substantial experience in various types of complex class action litigation, including cases involving securities fraud and market manipulation, privacy rights, antitrust misconduct, consumer protection claims and defective products. Certain of Mr. Pastor's cases have produced significant legal developments, including In re Blech Securities Litigation, 961 F. Supp. 569 (S.D.N.Y. 1997) and 2002 WL 31356498 (S.D.N.Y. Oct. 17, 2002)(liability of a clearing broker as a primary violator for a scheme initiated by one of the clearing broker's correspondent broker-dealers) and Weld v. Glaxo Wellcome, Inc., 434 Mass. 81, 746 N.E.2d 522 (2001)(certification of class action against several defendants engaged in parallel conduct where certain defendants had no contact with the plaintiff and engaged in no conduct which directly affected the plaintiff).

**JOHN C. MARTLAND** is a 1978 graduate of Suffolk University Law School (J.D.) and received a Bachelor of Arts degree from Colby College in 1972. Mr. Martland was previously associated with the Law Offices of Harold Brown in Boston, Massachusetts, where he was the senior trial attorney and with the firm of Ring and Rudnick, also located in Boston. Mr. Martland has had experience in a wide variety of complex civil litigation and been trial counsel in complex civil actions in state and federal courts throughout the United States. He has served as counsel in complex business litigation in state courts in Massachusetts, New Hampshire and Maine. He has represented franchisees in arbitration proceedings before the American Arbitration Association in Massachusetts, North Carolina, Illinois and New Jersey. He is a member of the bar of the Supreme Judicial Court of Massachusetts, the U.S. District Court for the District of Massachusetts, the U.S. Court of Appeals for the First Circuit, and the Supreme Court of the United States of America. He is a member of the Massachusetts Bar Association and the American Bar Association and is a member of the ABA Antitrust Section. Mr. Martland was a speaker at the 1998 Annual Forum on Franchising of the American Bar Association, where he delivered a paper entitled "Mediation: An In-Depth Analysis of the Process and the Techniques - the Franchisee Perspective" and has been a frequent speaker at the annual conventions of the American Franchisee Association and the American Association of Franchisees and Dealers on franchise law topics.

**DOUGLAS M. BROOKS** is a 1982 graduate of Suffolk University Law School (J.D.) and received a Bachelor of Arts degree from Northwestern University in 1979. He was a Note Editor for the Suffolk University Transnational Law Journal in 1981-1982. Mr. Brooks was previously associated with the Law Offices of Harold Brown in Boston, Massachusetts. Mr. Brooks has

litigated a wide variety of civil cases, including matters involving franchising, dealer and distribution, as well as securities actions. He is a member of the bar of the Commonwealth of Massachusetts, the U.S. District Court for the District of Massachusetts, and the U.S. Court of Appeals for the First Circuit. He is a member of the Massachusetts Bar Association and a member of the Forum on Franchising and Litigation Section of the American Bar Association. Mr. Brooks was a speaker at the 1995 Annual Forum on Franchising of the American Bar Association, where he delivered a paper entitled "Survey Evidence - Use of Collected Data in Encroachment Cases" and has been a frequent speaker at the annual conventions of the American Association of Franchisees and Dealers and the American Franchisee Association. Significant trials and appeals handled by Mr. Brooks include NXIVM Corp. v. Ross Institute, 364 F.3d 471 (2nd Cir. 2004) (affirming denial of preliminary injunction against non-profit anti-cult organization in lawsuit alleging Copyright and Lanham Act violations; Mr. Brooks is representing the defendant pro bono); Wolinetz v. Berkshire Life Insurance Co., 361 F.3d 44 (1st Cir. 2004) (reversing summary judgment in "vanishing premium" case based on statute of limitations); In re: America Online, Inc., 168 F.Supp.2d 1359 (S.D.Fla. 2001) (denying summary judgment); Scheck v. Burger King Corp., 756 F.Supp. 543 (S.D.Fla. 1991) (denying summary judgment in franchise encroachment litigation), further opinion, 798 F.Supp. 692 (S.D.Fla. 1992); Rhodes v. Consumers' Buyline, Inc., 668 F.Supp. 368 (D.Mass. 1993) (denying motion to compel arbitration in pyramid scheme case); Szymanski v. Boston Mutual Life Ins. Co., 56 Mass.App. 367 (2002), rev. den., 438 Mass. 1106 (2003) (reversing summary judgment in vanishing premium litigation); Oganesov v. GNC Franchising Inc., Bus. Franchise Guide (CCH) ¶11,808 (Pa. Ct. Cmn. Pl., March 3, 2000) (awarding $700,000 judgment for franchisee in encroachment litigation), aff'd, Bus. Franchise Guide (CCH) ¶12,163 (Pa.Super. 2001).

**DOUGLAS J. HOFFMAN** is a graduate of the George Washington University Law School (J.D. 1995) and The University of Wisconsin - Madison (B.S. 1992). Prior to joining Gilman and Pastor, Mr. Hoffman was an associate with the firm of Milberg Weiss Bershad & Schulman LLP.

Mr. Hoffman is an experienced class action attorney who has litigated a wide variety of significant individual cases and class actions, including: securities fraud, consumer fraud and employment discrimination. Significant cases in which Mr. Hoffman has played a central role include: *Mauldin, et al. v. Wal-Mart Stores, Inc.*, No. 1:01-CV-2755, 2002 U.S. Dist. LEXIS 21024 (N.D. Ga. Aug. 23, 2002) (granting class certification in case alleging discrimination in employer's health plan); *Warren, et al. v. Xerox Corporation*, No. 01 Civ. 2909, 2004 U.S. Dist. LEXIS 5080 (E.D.N.Y. March 11, 2004) (certifying nationwide class of African-American salespeople alleging discrimination in assignment of sales territories); *Cokely, et al. v. The New York Convention Center Operating Commission,* No. 00 Civ. 4637, 2004 U.S. Dist. LEXIS 9264 (S.D.N.Y. May 21, 2004) (certifying class of African-American and Hispanic employees alleging discrimination at the Jacob K. Javits Convention Center in New York City). At Gilman and Pastor, Mr. Hoffman practices in the areas of Securities Fraud, Consumer Protection, Antitrust, and Employment Discrimination.

Mr. Hoffman is a member of the following Bars: Commonwealth of Massachusetts, Commonwealth of Virginia, State of Maryland, District of Columbia, U.S. District Court for the Eastern District of Virginia, U.S. District Court for the District of Columbia, the U.S. Court of Appeals for the Fourth Circuit and the U.S. Court of Appeals for the Eleventh Circuit.

***DAVID G. THOMAS*** is a graduate of Suffolk University Law School (J.D., *magna cum laude* 1998) and the University of Massachusetts (B.A. 1992). He also received a graduate certificate in management from Harvard University Extension School (1995). Mr. Thomas is a published author and served as note editor for the Suffolk University Law Review (1997 and 1998) and received various academic awards and honors while at Suffolk University. Prior to joining Gilman and Pastor, Mr. Thomas was associated with Nutter, McLennen & Fish, LLP (1998-1999) and with the international law firm Greenberg Traurig, LLP (1999-2005). Mr Thomas was one of six lawyers who assisted in building Greenberg Traurig's Boston office. He is a member of the bar of the Commonwealth of Massachusetts and is admitted to practice before the U.S. District Court for the District of Massachusetts, the U.S. Court of Appeals for the First Circuit and the United States Supreme Court.