**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROSENBAUM CAPITAL LLC, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON COMMUNICATIONS GROUP, INC., KAREN A. WALKER and EDWARD H. SNOWDEN,<br><br>Defendants. | No. CIV. A. 05-11165-WGY |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants Boston Communications Group, Inc. ("BCGI"), Karen A. Walker and Edward H. Snowden (collectively, "Defendants"), by their attorneys, hereby answer the Amended Complaint (the "Complaint") filed in the above-referenced matter on October 13, 2005. The Defendants do not admit that they bear the burden of proving any of the defenses set forth below, nor the relevance of any of Plaintiff's allegations. Defendants deny any allegation of the Complaint not explicitly admitted, deny that they engaged in any improper conduct and that Plaintiff is entitled to relief, and answer specifically the allegations of Complaint as follows:

Defendants deny the allegations of the first Paragraph in the Complaint, which is unnumbered and contains descriptive material Defendants are not required to answer.

1. Defendants deny the allegations of Paragraph 1, except admit that Lead Plaintiff purports to bring this action as a class action on behalf of all persons who acquired BCGI securities from June 6, 2002 to May 20, 2005, inclusive.

2. Defendants deny the allegations of Paragraph 2, except admit that on May 20, 2005, BCGI issued a press release, regarding a jury verdict in *Freedom Wireless, Inc., v. BCGI, et al.*, No. 1:00-cv-12234-EFH (D. Mass. May 20, 2005) (the "Freedom Litigation"), and refer to that press release, which speaks for itself.

3. Defendants deny the allegations of Paragraph 3, except admit that BCGI's stock price closed on May 20, 2005 at $4.81 per share and on May 23, 2005 at $1.75 per share, and that the average closing price of BCGI's common stock during the 90-day period subsequent to May 20, 2005 was approximately $1.995. Further, Defendants state that no response is required to the allegations in footnote 1, which state legal conclusions and which refer to a statutory provision that speaks for itself.

4. Defendants deny the allegations of Paragraph 4, except admit that on September 1, 2005, Judge Harrington entered a judgment in the Freedom Litigation, and refer to that Judgment, which speaks for itself.

5. Defendants deny the allegations of Paragraph 5, except admit that BCGI's stock price closed on September 1, 2005 at $1.72 per share and on September 2, 2005 at $1.11 per share.

6. Defendants deny the allegations of Paragraph 6.

7. Defendants deny the allegations of Paragraph 7, except admit that Plaintiff purports to bring this action pursuant to the statutes and regulations cited therein.

8. Defendants deny the allegations of Paragraph 8, except admit that Plaintiff purports to invoke the Court's subject matter jurisdiction under the statutes cited therein. Further, Defendants state that no response is required to the extent that Paragraph 8 states legal conclusions.

9. Defendants deny the allegations of Paragraph 9, except admit that Plaintiff purports to bring this action in this venue pursuant to the statutes cited therein, and that BCGI maintains its corporate headquarters in Bedford, Massachusetts. Further, Defendants state that no response is required to the extent that this paragraph states legal conclusions.

10. Defendants deny the allegations of Paragraph 10, and state that no response is required to the extent this paragraph states legal conclusions.

11. Defendants deny the allegations of Paragraph 11, except admit that the Court appointed Rosenbaum Capital LLC Lead Plaintiff by an Order dated August 16, 2005, and deny knowledge or information sufficient to form a belief as to the truth of allegations concerning the purchases of securities by Rosenbaum Capital LLC.

12. Defendants deny the allegations of Paragraph 12, except admit that BCGI is a Massachusetts corporation with its principal executive offices located at 55 Middlesex Turnpike, Bedford, Massachusetts 01730, that BCGI was incorporated in 1988, and that BCGI is a provider of real-time billing and transaction products and services to wireless phone operators on both a managed services and/or licensed system basis and that BCGI's products and services include pre-paid wireless call processing and billing services.

13. Defendants deny the allegations of Paragraph 13, except admit that Ms. Walker served as BCGI's Vice President and Chief Financial Officer during the putative Class Period.

14. Defendants deny the allegations of Paragraph 14, except admit that Mr. Snowden served as BCGI's President and Chief Executive Officer during the putative Class Period.

15. Defendants deny the allegations of Paragraph 15, except admit that Plaintiff purports to refer to Mr. Snowden and Ms. Walker as "Individual Defendants."

16. Defendants deny the allegations of Paragraph 16, and state that no response is required to the extent Paragraph 16 states legal conclusions as to whether the Individual Defendants in this action may be treated as a "group" for pleading purposes.

17. Defendants deny the allegations of Paragraph 17, and state that no response is required to the extent this paragraph states legal conclusions or contains characterizations of the Defendants' legal duties or alleged violations thereof.

18. Defendants deny the allegations of Paragraph 18.

19. Defendants deny the allegations of Paragraph 19, except admit that the Individual Defendants were provided with copies of certain of the public statements cited in the Complaint and state that no response is required to the extent this paragraph states legal conclusions.

20. Defendants deny the allegations of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21, except admit that Plaintiff purports to bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a putative defined class.

22. Defendants deny the allegations of Paragraph 22, except admit that BCGI's SEC Form 10-Q for the period ending March 31, 2005 states that approximately 17,639,384 shares of BCGI stock were outstanding as of May 3, 2005, and further admit that at least some of the record owners of BCGI stock can be identified from records maintained by BCGI and/or its transfer agent. Defendants further state that no response is required to the extent this Paragraph states legal conclusions. Further, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's state of mind.

23. Defendants deny the allegations of Paragraph 23 and state that no response is required to the extent this paragraph states legal conclusions.

24. Defendants deny the allegations of Paragraph 24 and state that no response is required to the extent this paragraph states legal conclusions.

25. Defendants deny the allegations of Paragraph 25 and each of its subparts (a) through (e), and state that no response is required to the extent this paragraph states legal conclusions.

26. Defendants deny the allegations of Paragraph 26 and state that no response is required to the extent this paragraph states legal conclusions.

27. Defendants deny the allegations of Paragraph 27, except admit that the complaint in the Freedom Litigation was filed on March 30, 2000 in the Northern District of California and that the case was transferred to the District of Massachusetts in October 2000, and refer to that complaint, which speaks for itself.

28. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, except admit that the patent-in-suit in the Freedom Litigation were U.S. Patent Nos. 5,722,067 and 6,157,823.

29. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29.

30. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31.

32. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32.

33. Defendants deny the allegations of Paragraph 33.

34. Defendants deny the allegations of Paragraph 34, except admit that the United States Patent Office issued the '067 and '823 patents in 1998 and 2000, respectively, and refer to those patents, which speak for themselves.

35. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35.

36. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36.

37. Defendants deny the allegations of Paragraph 37, except admit that BCGI has offered a technology called DebitPlus.

38. Defendants deny the allegations of Paragraph 38, and state that no response is required to the extent that paragraph states legal conclusions and Plaintiff's characterization of the Freedom Litigation.

39. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39.

40. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 40.

41. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41.

42. Defendants deny the allegations of Paragraph 42, and deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first, second, and fifth sentences of that paragraph.

43. Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43.

44. Defendants deny the allegations of Paragraph 44, state that no response is required to the extent this paragraph states legal conclusions and admit that BCGI's C2C System is different from Freedom's system.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46, except admit that Freedom sent a letter to Defendant Snowden regarding the '067 patent.

47. Defendants deny the allegations of Paragraph 47, except admit entering a licensing agreement with Orbital Sciences regarding the '067 and '823 patents, and refer to the licensing agreement, which speaks for itself.

48. Defendants deny the allegations of Paragraph 48, except admit that they sought and obtained multiple competent opinions of counsel regarding the '067 and '823 patents, none of which concluded that BCGI infringed the '067 or '823 patent.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations of Paragraph 50, except admit that following a 51-day trial, on May 20, 2005, a jury rendered a verdict of patent infringement against BCGI, Cingular Wireless LLP, AT&T Wireless PC, CMT Partners and Western Wireless Corporation in the Freedom Litigation and the jury verdict against BCGI included a finding of willful infringement.

51. Defendants deny the allegations of Paragraph 51, except admit that the jury rendered a verdict of $128 million against all Defendants, which is more than $20 million higher than BCGI's 2004 total revenue, and on September 1, 2005, the Court entered a judgment consistent with that verdict, and refer to the verdict and that judgment, which speak for

themselves.  Defendants further state that no response is required to the extent that Paragraph 51 states legal conclusions.

52. Defendants deny the allegations of Paragraph 52, except incorporate their response to Paragraph 3 herein.

53. Defendants deny the allegations of Paragraph 53, except incorporate their response to Paragraph 5 herein.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations of Paragraph 55, except admit that BCGI filed a Form 10-K with the SEC on April 1, 2002, and refer to that publicly-filed document for a complete and accurate picture of its contents.

56. Defendants deny the allegations of Paragraph 56, except admit that BCGI conducted an Earnings Conference Call on April 17, 2002, a transcript of which was attached as Exhibit 7 to the Supplemental Declaration of Clark W. Petschek in Support of Defendants' Motion to Dismiss, dated February 10, 2006 ("Petschek Supp. Decl.").  Defendants refer to that transcript for a complete and accurate picture of its contents.

57. Defendants deny the allegations of Paragraph 57 and the allegations in the heading listed above Paragraph 57, except admit that BCGI filed a Form 10-Q with the SEC on August 14, 2002, for the period ending June 30, 2002, and refer to that publicly-filed document for a complete and accurate picture of its contents.

58. Defendants deny the allegations of Paragraph 58, except admit that BCGI filed a Form 10-Q with the SEC on August 14, 2002, for the period ending June 30, 2002, and refer to that publicly-filed document for a complete and accurate picture of its contents.

59. Defendants deny the allegations of Paragraph 59, except admit that BCGI filed a Form 10-Q with the SEC on August 14, 2002, for the period ending June 30, 2002, and refer to that publicly-filed document for a complete and accurate picture of its contents.

60. Defendants deny the allegations of Paragraph 60, except admit that BCGI conducted an Earnings Conference Call on October 22, 2002, a transcript of which was attached as Exhibit 8 to the declaration of Clark W. Petschek in Support of Defendants' Motion to Dismiss, executed December 2, 2005 ("Petschek Decl."). Defendants refer to that transcript for a complete and accurate picture of its contents.

61. Defendants deny the allegations of Paragraph 61, except admit that BCGI filed a Form 10-Q with the SEC on November 14, 2002, for the period ending September 30, 2002, and refer to that publicly-filed document for a complete and accurate picture of its contents.

62. Defendants deny the allegations of Paragraph 62, except admit that BCGI conducted an Earnings Conference Call on February 5, 2003, a transcript of which was attached as Exhibit 11 of the Petschek Decl., and refer to that transcript for a complete and accurate picture of its contents.

63. Defendants deny the allegations of Paragraph 63, except admit that BCGI filed a Form 10-K with the SEC on March 27, 2003, for the annual period ending December 31, 2002, and refer to that publicly-filed document for a complete and accurate picture of its contents.

64. Defendants deny the allegations of Paragraph 64, except admit that BCGI issued a press release on April 16, 2003, and refer to that publicly-available document for a complete and accurate picture of its contents.

65. Defendants deny the allegations of Paragraph 65, except admit that BCGI conducted an Earnings Conference Call on April 16, 2003, a transcript of which was attached as

Exhibit 14 of the Petschek Decl., and refer to that transcript for a complete and accurate picture of its contents.

66. Defendants deny the allegations of Paragraph 66, except admit that BCGI filed a Form 10-Q with the SEC on May 15, 2003, for the period ending March 31, 2003 and refer to that publicly-filed document for a complete and accurate picture of its contents.

67. Defendants deny the allegations of Paragraph 67, except admit that BCGI conducted an Earnings Conference Call on July 16, 2003, a transcript of which was attached as Exhibit 16 of the Petschek Decl., and refer to that transcript for a complete and accurate picture of its contents.

68. Defendants deny the allegations of Paragraph 68, and incorporate their response to Paragraph 67 herein.

69. Defendants deny the allegations of Paragraph 69, except admit that BCGI filed a Form 10-Q with the SEC on August 14, 2003, for the period ending June 30, 2003, and refer to that publicly-filed document for a complete and accurate picture of its contents.

70. Defendants deny the allegations of Paragraph 70, except admit that BCGI conducted an Earnings Conference Call on October 15, 2003, a transcript of which was attached as Exhibit 18 of the Petschek Decl., and refer to that transcript for a complete and accurate picture of its contents.

71. Defendants deny the allegations of Paragraph 71, except admit that BCGI filed a Form 10-Q with the SEC on November 14, 2003, for the period ending September 30, 2003, and refer to that publicly-filed document for a complete and accurate picture of its contents.

72. Defendants deny the allegations of Paragraph 72, except admit that BCGI conducted an Earnings Conference Call on February 3, 2004, a transcript of which was attached

as Exhibit 20 of the Petschek Decl., and refer to that transcript for a complete and accurate picture of its contents.

73. Defendants deny the allegations of Paragraph 73, except admit that BCGI filed a Form 10-K with the SEC on March 11, 2004, for the annual period ending December 31, 2003, and refer to that publicly-filed document for a complete and accurate picture of its contents.

74. Defendants deny the allegations of Paragraph 74, except admit that BCGI filed a Form 10-Q with the SEC on May 10, 2004, for the period ending March 30, 2004, and refer to that publicly-filed document for a complete and accurate picture of its contents.

75. Defendants deny the allegations of Paragraph 75, except admit that BCGI filed a Form 10-Q with the SEC on August 9, 2004, for the period ending June 30, 2003, and refer to that publicly-filed document for a complete and accurate picture of its contents.

76. Defendants deny the allegations of Paragraph 76, except admit that BCGI conducted an Earnings Conference Call on October 20, 2004, a transcript of which was attached as Exhibit 24 of the Petschek Decl., and refer to that transcript for a complete and accurate picture of its contents.

77. Defendants deny the allegations of Paragraph 77, except admit that BCGI filed a Form 10-Q with the SEC on November 9, 2004, for the period ending September 30, 2004, and refer to that publicly-filed document for a complete and accurate picture of its contents.

78. Defendants deny the allegations of Paragraph 78, except admit that BCGI conducted an Earnings Conference Call on February 1, 2005, a transcript of which was attached as Exhibit 26 of the Petschek Decl., and refer to that transcript for a complete and accurate picture of its contents.

79. Defendants deny the allegations of Paragraph 79, except admit that BCGI filed a Form 10-K with the SEC on March 16, 2005, for the annual period ending December 31, 2004, and refer to that publicly-filed document for a complete and accurate picture of its contents.

80. Defendants deny the allegations of Paragraph 80, except admit that BCGI filed a Form 10-Q with the SEC on May 9, 2005, for the period ending March 30, 2005, and refer to that publicly-filed document for a complete and accurate picture of its contents.

81. Defendants deny the allegations of Paragraph 81 and the allegations in the heading above Paragraph 81, except admit that BCGI issued a press release on May 20, 2005, and refer to that publicly-available document for a complete and accurate picture of its contents.

82. Defendants deny the allegations of Paragraph 82, except admit that BCGI issued a press release on May 20, 2005, and refer to that publicly-available document for a complete and accurate picture of its contents.

83. Defendants deny the allegations of Paragraph 83, and incorporate their response to Paragraph 3 herein.

84. Defendants deny the allegations of Paragraph 84, and incorporate their responses to paragraphs 4 and 5 herein.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations of Paragraph 86 and each of its subparts (a) through (e), and states that no response is required to the extent Paragraph 86 state legal conclusions.

87. Defendants deny the allegations of Paragraph 87.

88. Defendants deny the allegations of Paragraph 88.

89. Defendants deny the allegations of Paragraph 89.

90. Defendants deny the allegations of Paragraph 90.

91. Defendants deny the allegations of Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93, and refer to Section III.B. of the Memorandum in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint, and Section II.C. of the Reply Memorandum in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint for a description of the inaccuracies in Paragraph 93's Chart of the Individual Defendants' Class Period Sales.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations of Paragraph 95, except Defendants admit BCGI was listed and actively traded on Nasdaq, the allegations in Subparagraphs (b) and (c), and that BCGI was followed by Federal Securities analysts at major brokerage firms. Further, Defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations concerning the efficiency of the market for BCGI securities, and the allegations about the distribution of analyst reports in Subparagraph (d).

96. Defendants deny the allegations of Paragraph 96, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the digestion of current information by the market for BCGI securities.

97. Defendants deny the allegations of Paragraph 97, and state that no response is required to the extent Paragraph 97 states legal conclusions.

98. Defendants deny the allegations of Paragraph 98.

99. Defendants repeat and incorporate by reference each of their prior responses to Paragraphs 1-98, as though fully set forth herein.

100. Defendants deny the allegations of Paragraph 100.

101. Defendants deny the allegations of Paragraph 101.

102. Defendants deny the allegations of Paragraph 102.

103. Defendants deny the allegations of Paragraph 103.

104. Defendants deny the allegations of Paragraph 104.

105. Defendants deny the allegations of Paragraph 105.

106. Defendants deny the allegations of Paragraph 106.

107. Defendants deny the allegations in Paragraph 107.

108. Defendants deny the allegations of Paragraph 108.

109. Defendants deny the allegations of Paragraph 109.

110. Defendants repeat and incorporate by reference each of their prior responses to Paragraphs 1-109, as though fully set forth herein.

111. Defendants deny the allegations of Paragraph 111. The allegations of Paragraph 111 are not directed to Defendant BCGI, and therefore BCGI is not required to answer such allegations.

112. Defendants deny the allegations of Paragraph 112. The allegations of Paragraph 112 are not directed to Defendant BCGI, and therefore BCGI is not required to answer such allegations.

113. Defendants deny the allegations of Paragraph 113.

### FIRST DEFENSE

The Complaint and each purported cause of action alleged therein fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff has failed to plead fraud or its predicate acts with sufficient particularity.

14

**THIRD DEFENSE**

The Defendants did not act with scienter but instead exercised reasonable due diligence, acted in good faith, and acted in conformity with all applicable standards and state and federal statutes, including but not limited to the Securities Exchange Act of 1934, as amended the Private Securities Litigation Reform Act of 1995, and all applicable rules and regulations promulgated thereunder.

**FOURTH DEFENSE**

Plaintiff's claims are barred by the Private Securities Litigation Reform Act.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part because of the lack of loss causation, including transaction and proximate causation. Any decline in the market price of the BCGI securities purchased by Plaintiff was actually or proximately caused by factors other than the Defendants' alleged conduct, and/or the conduct of persons and/or entities other than the Defendants was a superseding or intervening cause of any damage, loss, or injury sustained by Plaintiff or the purported Class members.

**SIXTH DEFENSE**

Defendants are not liable to Plaintiff because they did not make any false or misleading statements of material fact or omission of material fact, bespoke caution about the risks of investing in the Company, and the Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others.

**SEVENTH DEFENSE**

Defendants are not liable to Plaintiff because any alleged misstatements by the Defendants were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

**EIGHTH DEFENSE**

Defendants are not liable to Plaintiff because they had no duty to disclose any facts allegedly not disclosed.

**NINTH DEFENSE**

Defendants are not liable to Plaintiff because any alleged misrepresentations or omissions for which the Defendants are allegedly responsible were not material.

**TENTH DEFENSE**

Plaintiffs and others alleged to be members of the putative class lack standing to maintain some or all of their claims.

**ELEVENTH DEFENSE**

The Defendants are not liable to Plaintiffs because they had, after reasonable and diligent investigation, reasonable grounds to believe, and did believe, at the time each allegedly false statement was made, that each statement was true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

**TWELFTH DEFENSE**

Defendants are not liable to Plaintiff to the extent that the alleged misstatements and omissions attributed to the Defendants in the Complaint were not made in connection with the purchase or sale of any securities by Plaintiff.

**THIRTEENTH DEFENSE**

Plaintiff has or may have failed to join other parties not named in the Complaint that are necessary and indispensable parties to this action.

**FOURTEENTH DEFENSE**

Plaintiff's claims against the Defendants are barred in whole or in part because Plaintiff did not in fact rely, or reasonably rely, on the Defendants' statements alleged in the Complaint to be materially false and misleading.

**FIFTEENTH DEFENSE**

Plaintiff's claims against the Defendants are barred in whole or in part by their own, or other non-Defendant parties' or entities' actions, omissions, and/or negligence, or other events over which the Defendants had no control.

**SIXTEENTH DEFENSE**

The Plaintiff and/or any members of the putative class, and/or the market for BCGI stock, were aware that such statement or omission was misleading at the time of any purchase or sale of BCGI stock involved in this action.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by laches, equitable estoppel, waiver, or other related doctrine.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by its own inequitable conduct, unclean hands, and the doctrine of *in pari delicto.*

**NINETEENTH DEFENSE**

Plaintiff assumed the risk that the price of BCGI stock might fall, and, therefore, it may not recover under their claims, in whole or in part.

**TWENTIETH DEFENSE**

If Plaintiff suffered damages, it failed to mitigate its damages.

### **TWENTY-FIRST DEFENSE**

The plaintiffs did not rely on the market price of BCGI's stock in making a decision to purchase or sell BCGI securities.

### **TWENTY-SECOND DEFENSE**

The business judgment rule protects defendants' alleged actions and, thus, bars Plaintiff's recovery on its claims.

### **TWENTY-THIRD DEFENSE**

Defendants reserve the right to assert additional defenses as they become known through the course of discovery.

## **PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief against Defendants and respectfully request that this Court dismiss the Complaint and Plaintiff's claims, enter judgment in favor of the Defendants and against Plaintiff, award the Defendants reasonable attorneys' fees, costs, and expenses they have incurred in the defense of this action, and grant Defendants any additional relief that is just and proper.

Dated: October 6, 2006

       /s/ Andrea J. Robinson
Jeffrey B. Rudman (BBO #433380)
Andrea J. Robinson (BBO #556337)
Samuel J. Lieberman (Admitted *Pro Hac Vice*)
Clark W. Petschek (BBO #658881)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

*Attorneys for Defendants Boston Communications Group, Inc, Karen A Walker and Edward H. Snowden*

## CERTIFICATE OF SERVICE

On October 6, 2006, I caused a copy of Defendants' Answer to the Amended Complaint to be served by commercial carrier upon all counsel of record, as listed below.

Dated: October 6, 2006                                /s/ Clark W. Petschek
                                                                    Clark W. Petschek


David Pastor (BBO #391000)
GILMAN AND PASTOR
60 State Street, 37th Floor
Boston, MA 02109
Tel.: (617) 742-9700

Fred T. Isquith
Gustavo Bruckner
Peter Harrar
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ, LLP
270 Madison Avenue
New York, NY 10016
Tel.: (212) 545-4600

Marc S. Henzel
LAW OFFICES OF MARC HENZEL
273 Montgomery Ave., Suite 202
Bala Cynwyd, PA 19004
Tel.: (610) 660-8000