## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSENBAUM CAPITAL LLC, On Behalf of Itself and All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>BOSTON COMMUNICATIONS GROUP, INC., KAREN A. WALKER and EDWARD Y. SNOWDEN, )<br><br>Defendants. ) | No. CIV. A. 05-11165-WGY |

### DEFENDANTS' NOTICE OF SETTLEMENT OF RELATED LITIGATION

Defendants Boston Communications Group, Inc. ("BCGI"), Edward H. Snowden, and Karen A. Walker (collectively, the "Defendants"), notify the Court herein, and in the attached Declaration of Samuel J. Lieberman ("Lieberman Decl."), regarding the completed settlement of the action entitled, *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*, No. 00-12234 (EFH) (the "Freedom Litigation"), which plaintiff cites throughout the Amended Complaint, (*see, e.g.*, Am. Compl. ¶¶ 1, 2, 4).

On October 17, 2006, Freedom Wireless, Inc. and Freedom Litigation defendants BCGI, AT&T Wireless PCS, Cingular Wireless LLC, CMT Partners, and Western Wireless Corp. completed a settlement of the Freedom Litigation. Pursuant to the settlement, the Freedom Litigation parties executed a stipulation dismissing with prejudice Freedom Wireless's claims against BCGI in the Freedom Litigation. (Lieberman Decl. ¶ 2 & Ex. 1 at 1.) Further, pursuant to a condition of the settlement, Judge Harrington vacated various Orders, including his Order of Judgment in favor of Freedom Wireless dated September 1, 2005, on the issues of, *inter alia*, patent infringement and willful infringement. (*Id.* ¶ 3 & Ex. 2 at 4; *see also id.* ¶ 4 & Ex. 3.)

Finally, pursuant to the settlement, Freedom Wireless and BCGI executed a stipulation providing

that although BCGI infringed the claims of Freedom Wireless's '067 and '823 patents – an

admission that, by its terms, is not admissible in any other proceeding, including this matter –

BCGI and its officers, agents, employees and representatives did not willfully infringe the claims

in those patents, and believed throughout the Freedom Litigation that they did not engage in

patent infringement and that these patents were neither valid nor enforceable.  (*Id.* ¶ 5 & Ex. 4 ¶¶

11-12.)


October 20, 2006


                                       BOSTON COMMUNICATIONS GROUP,
                                        INC., KAREN A. WALKER, and EDWARD
                                        H. SNOWDEN

                                        By their attorneys,

                                        /s/ Clark W. Petschek_____
                                        Jeffrey B. Rudman (BBO #433380)
                                        Andrea J. Robinson (BBO #556337)
                                        John J. Butts (BBO #643201)
                                        Samuel J. Lieberman (*Admitted Pro Hac Vice*)
                                        Clark W. Petschek (BBO#658881)
                                        Wilmer Cutler Pickering Hale and Dorr LLP
                                        60 State Street
                                        Boston, MA  02109
                                        (617) 526-6000

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 20, 2006, I served a copy of the foregoing document to the below-listed counsel, as set forth below:

David Pastor *(Electronic Case Filing System)*
Gilman and Pastor, LLP
60 State Street
Boston, MA  02109

Peter C. Harrar *(By Electronic Mail)*
Wolf Haldenstein Adler Freeman & Herz, LLP
270 Madison Avenue
New York, NY  10016

Marc S. Henzel *(By Electronic Mail)*
Law Officer of Marc Henzel
273 Montgomery Avenue, Suite 202
Bala Cynwyd, Pennsylvania 19004

/s/ Clark W. Petschek_____
Clark W. Petschek

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSENBAUM CAPITAL LLC, On Behalf of Itself and All Others Similarly Situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOSTON COMMUNICATIONS GROUP, INC., )<br>KAREN A. WALKER and EDWARD Y. )<br>SNOWDEN, )<br>)<br>Defendants. )<br>) | No. CIV. A. 05-11165-WGY |

## DECLARATION OF SAMUEL J. LIEBERMAN IN SUPPORT OF DEFENDANTS' NOTICE OF SETTLEMENT OF RELATED LITIGATION

I, Samuel J. Lieberman, hereby declare:

1.    I am an attorney associated with the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel of record to defendants Boston Communications Group, Inc. ("BCGI"), Karen A. Walker and Edward H. Snowden (collectively, the Defendants), and I submit this Declaration in connection with Defendants' Notice of Settlement of Related Litigation, filed herewith.

2.    Attached hereto as Exhibit 1 is a true and correct copy of a Stipulation of Dismissal of Certain Claims With Prejudice and All Other Claims Without Prejudice from the matter entitled, *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*, No. 00-12234 (EFH) (the "Freedom Litigation"), by Freedom Wireless, Inc., BCGI, AT&T Wireless PCS, Cingular Wireless LLC, CMT Partners, and Western Wireless Corp., dated and filed on October 17, 2006.

3.    Attached hereto as Exhibit 2 is a true and correct copy of the October 12, 2006

Order of Judge Edward F. Harrington in the Freedom Litigation vacating various prior Orders, including the September 1, 2005 Order of Judgment in favor of Freedom Wireless, Inc. on its claims of, *inter alia*, patent infringement and willful infringement.

4.     Attached hereto as Exhibit 3 is a true and correct copy of the September 1, 2005 Order of Judgment against BCGI in the Freedom Litigation.

5.     Attached hereto as Exhibit 4 is a true and correct copy of a Stipulation executed on October 12, 2006 by Freedom Wireless, Inc. and BCGI, that was filed and entered in the Freedom Litigation on October 16, 2006.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of October 2006, in New York, New York.

_____
/s/ Samuel J. Lieberman
Samuel J. Lieberman

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FREEDOM WIRELESS, INC., | |
| Plaintiff, | Civil Action No.  00-12234-EFH |
| v. | |
| BOSTON COMMUNICATIONS GROUP, INC., et. al | |
| Defendants. | |

## STIPULATION OF DISMISSAL OF CERTAIN CLAIMS WITH PREJUDICE AND ALL OTHER CLAIMS WITHOUT PREJUDICE

Pursuant to Fed. R. Civ. P. 41(a)(1), plaintiff Freedom Wireless, Inc. and defendants Boston Communications Group, Inc., AT&T Wireless PCS, Cingular Wireless LLC, CMT Partners, and Western Wireless Corp. (collectively, the "Parties") hereby stipulate and agree to the dismissal with prejudice of only the following claims: (1) all claims by Freedom Wireless, Inc. against Boston Communications, Inc. and all counterclaims by Boston Communications Group, Inc. against Freedom Wireless, Inc. and (2) all claims by Freedom Wireless against defendants that are based on any prepaid wireless system or service provided by defendant Boston Communications Group, Inc.; each party to bear its own costs and attorneys' fees and waiving all rights of appeal.

The Parties hereby further stipulate and agree to the dismissal without prejudice of any and all other claims and counterclaims that were or could have been brought by Freedom Wireless, Inc. or by any defendant, including any and all claims by Freedom Wireless, Inc. based on any prepaid wireless system or service not provided by defendant Boston Communications

Group, Inc., and any and all counterclaims by defendants, including counterclaims of invalidity

and unenforceability; each party to bear its own costs and attorneys' fees and waiving all rights

of appeal.

A representative of each of the Parties has signed this Stipulation.

Respectfully submitted,

FREEDOM WIRELESS, INC.
By its attorneys,

/s/ John Kenneth Felter
John Kenneth Felter (BBO #162540)
kahuna@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone:     (617) 570-1000
Facsimile:     (617) 523-1231


BOSTON COMMUNICATIONS GROUP, INC.
By its attorneys,

/s/ Dean G. Bostock
Dean G. Bostock (BBO #549747)
DGBostockmintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO P.C.
One Financial Center
Boston, MA 02111
Telephone:     (617) 542-6000
Facsimile:     (617)542-2241

AT&T WIRELESS PCS, CINGULAR WIRELESS
LLC, AND CMT PARTNERS (d/b/a Cellular One
of San Francisco)
By their attorneys,

/s/ Maia H. Harris
Maia H. Harris (BBO #648208)
mharris@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone:     (617) 345-1000
Facsimile:     (617) 345-1300


Denis R. Salmon
DSalmon@gibsondunn.com
GIBSON DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304
Telephone:     (650) 849-5300
Facsimile:     (650) 849-5333


WESTERN WIRELESS CORP. (d/b/a Cellular One)
By its attorneys,

/s/ Vickie L. Henry
Vickie L. Henry (BBO #632367)
vhenry@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Telephone:     (617) 832-1000
Facsimile:     (617) 832-7000

Dated:  October 17, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on October 17,
2006.


_/s/ Dean G. Bostock_

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FREEDOM WIRELESS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BOSTON COMMUNICATIONS GROUP, | ) |
| INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Civil Action No. CV-00-12234-EFH

**████████) ORDER**

October █, 2006

HARRINGTON, S.D.J.

On July 21, 2006, all parties in this action filed a Joint Motion for Relief from

Orders and Judgment pursuant to Fed. R. Civ. P. 60(b)(6). Because the parties had

already noticed appeals to the United States Court of Appeals for the Federal Circuit

("CAFC"), the parties requested that this Court follow the procedure established by the

United States Court of Appeals for the First Circuit in *Commonwealth of Puerto Rico v.*

*The S.S. Zoe Colocotroni*, 601 F.2d 39, 42 (1st Cir. 1979). After hearing on the parties'

Rule 60(b)(6) Motion, this Court issued a Memorandum stating its inclination to grant the

requested vacatur.

Subsequently, on August 10, 2006, all parties filed a Joint Motion to Remand in

the CAFC to remand this case to re-establish jurisdiction in this Court. The CAFC, on

September 28, 2006, issued a mandate granting the Joint Motion to Remand to allow this

Case 1:05-cv-11165-WGY    Document 39-2    Filed 10/20/2006    Page 9 of 18
Case 1:00-cv-12234-EFH    Document 2039    Filed 10/12/2006    Page 2 of 5
Case 1:00-cv-12234-EFH    Document 2037-3    Filed 10/11/2006    Page 3 of 6

Court to act on said Joint Motion for Relief from Orders and Judgment. Now, after remand and the re-establishment of jurisdiction in this Court, all parties have formally jointly moved this Court to complete the prescribed procedure by issuing an order vacating certain Orders and the Judgment.

After consideration of the reasons set forth in the parties' Joint Motion for Relief from Orders and Judgment and supporting Memorandum (dated July 21, 2006), which the Court hereby adopts *in toto*, the Court makes the following findings:

All parties to this action have entered into a global settlement agreement that would resolve not only this action, but also related actions, *Freedom Wireless, Inc. v. Boston Communications Group, Inc. and Nextel Communications, Inc.*, No. 05-CV-11061 (D.Mass.) ("*Nextel*") and *Freedom Wireless, Inc. v. Boston Communications Group, Inc., et al.*, No. 05-CV-11602 (D. Mass.) ("*Alltel*");

The global settlement agreement, however, is expressly conditioned on the vacatur of certain Orders and the Judgment entered in this action; and

If the requested relief is granted, and this action is terminated, the parties will stipulate that the *Nextel* and *Alltel* actions may be dismissed; thereby resolving all three actions.

The following "exceptional circumstances," which are not addressed by Fed. R. Civ. P. 60(b)(1)-(5), are plainly present here and warrant the exercise of this Court's broad discretion to grant the extraordinary relief requested by all parties pursuant to Fed. R. Civ. P. 60(b)(6):

If the global settlement is not consummated, BCGI may well lose a significant portion of its business, which could result in a significant loss of Massachusetts jobs and

a reduction or termination of the services BCGI now offers to its carrier customers and that those carrier customers now offer to their subscribers;

The parties collectively have appealed the findings, Orders, and the Judgment that are the subject of this Motion. Absent vacatur, the parties have strong incentives to proceed with appellate review because the findings, Orders and Judgment in question may detrimentally affect the various parties' respective abilities to protect their interests in the future;

Global settlement of several complex, multi-party lawsuits will conserve this Court's and the parties' time, money and other resources – all in furtherance of the public interest;

If the requested relief is denied, the negative impact on settlement is absolutely clear – the multi-party agreement settling multiple lawsuits will become null and void;

Granting the requested relief follows First Circuit precedent, promotes the public policy encouraging the settlement of private disputes, and fosters judicial economy; and

By enabling the settlement of these actions, this Court would avoid further protracted litigation in the Federal Circuit and in this Court.

Based on the above findings, and for the additional exceptional circumstances and reasons set forth in the parties' Joint Motion for Relief from Orders and Judgment, the Court determines that principles of equity mandate relief from the following Orders and Judgment, which are hereby vacated:

1)     Memorandum and Order dated April 23, 2003 regarding claim construction;

2)     Order dated April 23, 2003 regarding claim construction;

3)     Order dated August 5, 2004; specifically Nos. 2 (denying BCGI's Motion for Partial Summary Judgment of Noninfringement); 3 (denying BCGI's Motion for

Partial Summary Judgment of Invalidity); 8 (denying Cellco Defendants' Motion
for Summary Judgment of Patent Unenforceability Due to Inequitable Conduct);

4)    Order dated April 22, 2005, granting Freedom Wireless, Inc.'s Motion to Exclude
Defense Exhibit 3544 (Cominex application);

5)    Rulings on the Cominex Application (Defense Exhibit 3544) dated May 5, 2005;

6)    Order dated May 9, 2005, denying Defendants' Request for Judicial Notice of
Relevant Dates Concerning Cominex's Patent Application;

7)    Order dated May 10, 2005; specifically Nos. 1 (denying Motion of Cingular
Wireless LLC ("Cingular"), et al. for Judgment as a Matter of Law ("JMOL") of
No Direct Infringement under Section 271(a)); 2 (granting Motion of Cingular, et
al. for JMOL of No Indirect Infringement under Section 271(b) or (c)); 5
(granting Motion of Freedom Wireless for JMOL Regarding the On-Sale Bar of
35 U.S.C. § 102(b)); 8 (granting Motion of Freedom Wireless for JMOL that
Freedom's Patents are not Anticipated or Rendered Obvious by Cominex's
Letters); 9 (granting Motion of Freedom Wireless for JMOL that Freedom's
Patents are not Invalid); 11 (granting Joinder of Western Wireless Corp. in
Cingular Motion for JMOL); 14 (granting Motion of BCGI for JMOL of no
Inducement of Infringement and no Contributory Infringement); 15 (denying
Motion of BCGI for JMOL of no Direct Infringement under the Theory of "Joint
Infringement"); 16 (ruling on Motion of BCGI for JMOL that BCGI Alone does
not Directly Infringe Freedom's Patents by stating that Court shall instruct jury on
joint infringement only); 17 (denying Defendants' Motion for JMOL with Respect
to Damages); 18 (denying Defendants' Motion for JMOL of Invalidity of '067
Claim 15 and '823 Claim 35 Based on Admissions by Dr. Richard Levine); 19
(denying Defendants' Motion for JMOL of Noninfringement); 20 (denying
Defendants' Motion for JMOL of Invalidity of all Asserted Claims); 21
(construing the term "ANI" as the subscriber's number in accordance with the
specifications); and 25 (construing the term "cause" as its ordinary and usual
meaning);

8)    The Court's rulings on May 12, 2005 and May 13, 2005 overruling defendants'
objections to the jury instructions and denying defendants' request to give their
proposed jury instructions;

9)    Electronic Order dated August 16, 2005, denying Defendants' Motion to Admit
Documents Concerning Concealment of CSI and Cominex Materials (as Evidence
of Intent to Mislead);

10)   Findings of Fact and Conclusions of Law of the Court dated September 1, 2005,
denying defendants' claims of inequitable conduct;

11)   Judgment dated September 1, 2005;

Case 1:05-cv-11165-WGY    Document 39-2    Filed 10/20/2006    Page 12 of 18
Case 1:00-cv-12234-EFH    Document 2039    Filed 10/12/2006    Page 5 of 5

Case 1:00-cv-12234-EFH    Document 2037-3    Filed 10/11/2006    Page 6 of 6

12)    Order for Permanent Injunctive Relief Pursuant to 35 U.S.C. § 283 dated October 12, 2005;

13)    Order for Award of Costs dated October 12, 2005;

14)    Order for Award of Prejudgment Interest dated October 12, 2005;

15)    Order dated October 13, 2005, granting Freedom Wireless Motion for an Accounting.

16)    Orders dated October 18, 2005 and October 19, 2005, denying Defendants' Renewed Motion for JMOL or for a New Trial.

17)    Order dated August 14, 2003, denying Defendants' Motion for Reconsideration of April 23, 2003 Order and Memorandum and Order;

18)    Order dated April 27, 2005, granting Freedom Wireless' Motion for Clarification of Ruling on BCGI's Motion for JMOL with Respect to Conduct Involving Non-Defendant Carriers;

19)    Order dated September 1, 2005, denying Defendants' Motion for Remittitur and, in the Alternative, Motion for a New Trial with Respect to Damages; and

20)    Order dated September 27, 2005, denying Defendants' Motion for Reconsideration of September 1, 2005 Order.

SO ORDERED.

10-12-06

EDWARD F. HARRINGTON
United States Senior District Judge

LJBA/1737309.2

5

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FREEDOM WIRELESS, INC.,
<blockquote>Plaintiff</blockquote>

<blockquote>v.</blockquote>

BOSTON COMMUNICATIONS GROUP,
INC., CINGULAR WIRELESS LLC, AT & T
WIRELESS PCS, CMT PARTNERS and
WESTERN WIRELESS CORPORATION
<blockquote>Defendants.</blockquote>

CIVIL ACTION NO.:
00-12234-EFH

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## J U D G M E N T

September 1, 2005

HARRINGTON, S.D.J.

In accordance with the verdict of the jury returned on May 20, 2005 on the issues of infringement, invalidity and damages and in accordance with the Findings of Fact and Conclusions of Law of the Court issued on September 1, 2005, judgment is entered for the Plaintiff Freedom Wireless, Inc. against the Defendant Boston Communications Group, Inc. and Cingular Wireless LLC in the amount of $122,000,000.00, against the Defendants Boston Communications Group, Inc. and AT & T Wireless PCS in the amount of $4,900,000.00, against the Defendants Boston Communications Group, Inc. and CMT Partners in the amount of $925,000.00, and against the Defendants Boston Communications Group, Inc. and Western Wireless Corporation in the amount of $200,000.00, plus interest and costs.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FREEDOM WIRELESS, INC.,            )
                                   )
            Plaintiff,             )
                                   )    Civil Action No. 00-12234-EFH
                                   )
       v.                          )
                                   )
BOSTON COMMUNICATIONS GROUP,       )
INC., et al.,                      )
                                   )
            Defendants.            )
                                   )

## STIPULATION

Plaintiff Freedom Wireless, Inc. ("Freedom") and defendant Boston Communications Group, Inc. ("BCGI") hereby stipulate and agree as follows:

1.      On February 24, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,722,067 (the "'067 patent"), entitled "Security Cellular Telecommunications System," to named inventors Douglas V. Fougnies and Dan B. Harned.

2.      All rights, title and interest in the '067 patent were assigned to Freedom, which still owns those rights, title and interest.

3.      On December 5, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,157,823 (the "'823 patent"), also entitled "Security Cellular Telecommunications System," to Messrs. Fougnies and Harned.

4.    All rights, title and interest in the '823 patent were assigned to Freedom, which still owns those rights, title and interest.

<u>Infringement, Validity, and Enforceability</u>

5.    BCGI provides prepaid wireless calling services using its C2C System. There are three implementations of BCGI's C2C System: MF, SS7, and Pre-IN.

6.    BCGI's MF, SS7, and Pre-IN implementations of its C2C System, and any systems that are not more than colorably different, infringe the claims of the '067 patent asserted in this action.

7.    BCGI's MF, SS7 and Pre-IN implementations of its C2C System, and any systems that are not more than colorably different, infringe the claims of the '823 patent asserted in this action.

8.    The asserted claims of the '067 patent are valid, which the jury in this action also concluded after a 51-day trial.

9.    The asserted claims of the '823 patent are valid, which the jury in this action also concluded a 51-day trial.

10.    The '067 and '823 patents are not unenforceable by reason of inequitable conduct, which the Court also concluded after an 11-day bench trial.

<u>BCGI's Infringement Was Not Willful</u>

11.    BCGI and its officers, agents, employees, and representatives believed throughout this litigation that (a) they did not infringe either the '067 or the '823 patent, and (b) these patents were neither valid nor enforceable.

12.    Although BCGI now stipulates to infringement, validity and enforceability (as set forth above in paragraphs 5-10), both parties to this stipulation - BCGI and

2

Freedom - also stipulate that BCGI and its officers, agents, employees, and representatives did not willfully, intentionally or recklessly infringe either the '067 or the '823 patent..

Other Actions

13.    Nothing herein shall be construed as an admission by BCGI, or its officers, agents, employees or representatives, with respect to any fact, claim, defense or liability asserted by any third party (*i.e.*, not Freedom) against BCGI in any other lawsuit or regulatory proceeding, including without limitation Rosenbaum Capital, LLC v. Boston Communications Group, Inc., No. CIV. A. 05-11165 (WGY) (D. Mass.).

14.    Nothing herein shall be construed as an admission by Freedom, or its officers, agents, employees or representatives, of any fact, claim, defense or liability asserted by any third party (*i.e.*, not BCGI) against Freedom in any other lawsuit or regulatory proceeding.

**Freedom Wireless, Inc.**

Name: _____

Title: _PRESIDENT_

Date: _10/12/06_

**Boston Communication Group, Inc.**

Name: _____

Title: _PRES + CEO_

Date: _10/12/06_

3