**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ROSENBAUM CAPITAL LLC, On Behalf of Itself and All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. CIV. A. 05-11165-WGY |
| BOSTON COMMUNICATIONS GROUP, INC., KAREN A. WALKER and EDWARD H. SNOWDEN, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

**WHEREAS,** the parties to the above-captioned action (the "Action") are engaged in discovery proceedings, which may include, among other things, taking depositions and producing documents for inspection and copying;

**WHEREAS,** discovery in this Action may involve the production of materials containing confidential trade secrets, proprietary information, financial data, business strategies, product or other highly sensitive research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c);

**WHEREAS,** the parties involved in the Action could be jeopardized if such non-public confidential information were disclosed publicly, and the entry of this Proposed Stipulated Protective Order ("Order" or "Stipulated Protective Order") will promote the fair and expeditious resolution of this litigation.

**WHEREAS,** the parties agree that good cause exists for entry of this Stipulated Protective Order;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, subject to the approval of the Court, that the following Stipulated Protective Order shall govern the handling of any material produced, filed, served by, or otherwise obtained from, any party or person during discovery or otherwise in this Action or any information included in any such material, including but not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a party or person (whether produced pursuant to subpoena, or otherwise), and responses to requests for admission (hereinafter referred to as "Discovery Material"):

1.    Non-disclosure of Confidential and Confidential—Attorney's Eyes Only Discovery Material. Except with the prior written consent of the party or other person originally producing such discovery material, no CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY discovery material, as defined in paragraphs 3(a) and 3(b) of this Order, maybe disclosed to any person or used in any manner except as provided herein.

2.    Use of Discovery Material. Without the prior written consent of the party or person producing or otherwise disseminating it, CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY discovery material produced or disseminated in this litigation by any person shall not be used by the recipients of such material for any purpose other than the prosecution or defense of this Action. For example, although not by way of limitation, unless ordered by a court, administrative agency, or similar governmental or regulatory body of competent jurisdiction, CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY discovery material produced in this Action shall not, without the written consent of the party or person producing or otherwise disseminating the discovery material, be used in any other current or future litigation or disclosed to any party, attorney, law firm, witness, consultant, expert, or

- 2 -

other participant in other current or future litigation. Nothing in this provision shall limit the rights of such producing party or person with respect to the discovery material.

      3.     Definitions of "Confidential," and "Confidential—Attorney's Eyes Only."

      (a)     As used in this Order, "Confidential" discovery material means any discovery material that is stamped or labeled "CONFIDENTIAL" in a way that brings its attention to a reasonable examiner, or that is designated "CONFIDENTIAL" pursuant to Paragraph 7 or 9 of this Order. Pleadings, motions, affidavits, briefs, exhibits, and other papers filed with the Court that contain or refer to information contained in confidential discovery material shall be protected as confidential discovery material pursuant to this paragraph 3(a), provided that they are prepared in such a manner that the confidential information is prominently marked "CONFIDENTIAL."

      (b)     As used in this Order, "Confidential—Attorney's Eyes Only" discovery material means any discovery material that is stamped or labeled "CONFIDENTIAL—ATTORNEY'S EYES ONLY" or "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY" in a way that brings its attention to a reasonable examiner, or that is designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY" pursuant to Paragraph 7 or 9 of this Order. Pleadings, motions, affidavits, briefs, exhibit, and other papers filed with the Court that contain or refer to information contained in confidential—attorney's eyes only discovery material shall be protected as confidential—attorney's eyes only discovery material pursuant to this paragraph 3(b), provided that they are prepared in such a manner that the confidential information is prominently marked "CONFIDENTIAL—ATTORNEY'S EYES ONLY" or "RESTRICTED CONFIDENTIAL—ATTORNEY'S EYES ONLY."

(c)     Provided, however, that the failure to designate a document as "Confidential" or "Confidential—Attorney's Eyes Only" does not constitute a waiver of such claim, and a producing party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Stipulated Protective Order.

4.     Material Entitled to Confidential or Confidential—Attorney's Eyes Only Designation.

(a)     A party or other person producing or otherwise disseminating confidential discovery material shall designate for confidential treatment only that discovery material that the party or person believes in good faith contains material or information constituting a trade secret in the possession of such party or person, including trade secrets of clients of that party or person, or other confidential business research, development, personal, proprietary or commercial information, which is not generally known or available to those knowledgeable in the industry or business of the person producing, and the discovery of which to that party's or person's competitors or other third parties would result or reasonably could result in material detriment to such party or person or the subject of the information disclosed, including clients of the party or person, and which is not generally disclosed to the public by such designating party or person.

(b)     Discovery material that could be designated for confidential treatment may be designated for confidential—attorney's eyes only treatment if the party disclosing it regularly takes appropriate steps to limit external discovery of such material in the course of its business and such material discloses highly sensitive information or testimony relating to (i) individuals' family, financial, medical or personal records; (ii) current or prospective business

- 4 -

plans or internal strategy or proprietary planning processes; (iii) market analyses and other studies or analyses by internal or outside experts; (iv) non-public financial information with respect to either the party or person producing or otherwise disseminating such material or a client of such party or person; (v) financial or strategic business information relating to current or future clients or competitors of the disclosing party; or (vi) other highly sensitive or proprietary information.

    5.    Use and Discovery of Confidential Discovery Material.

    (a)    Limitations on Discovery and Use: Unless otherwise ordered by a court, administrative agency, or similar governmental or regulatory body of competent jurisdiction, confidential discovery material may be used only in connection with the prosecution or defense of this Action. Except as provided in this Order, confidential discovery material may be disclosed only to:

    (1)    counsel, including in-house counsel, who are actively engaged in the conduct of this Action on behalf of named parties;

    (2)    the partners, associates, and legal assistants and other professional employees of any person described in subparagraph (1), to the extent they are participating or assisting in the rendering of professional services in connection with this Action;

    (3)    secretaries and other staff of any person described in subparagraph (1), to the extent they are participating in the rendering of professional services in connection with this Action, and provided that counsel shall take reasonable precautions to prevent the unauthorized disclosure or use of confidential discovery material by such secretaries or staff;

    (4)    the Court and court officials involved in this Action (including court reporters or persons operating video equipment at depositions);

(5)    any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(6)    witnesses at deposition or trial, but only to the extent reasonably necessary to examine such witnesses at deposition or trial;

(7)    witnesses in preparation for deposition or trial, but only to the extent reasonably necessary to prepare such witnesses for deposition or trial;

(8)    officers, directors, partners, agents, employees or other representatives of the parties to this litigation, only to the extent that they are acting at the direction of or providing assistance or information to counsel in connection with this Action, and solely for the purposes of this Action;

(9)    outside consultants or experts retained for the purpose of assisting counsel in this Action, provided that (i) such outside consultant or expert is not also a party adverse to the party producing the confidential discovery material in anticipated litigation of which the consultant or expert is aware or in other current litigation, or an attorney, law firm, or outside consultant or expert for such a party, or (ii) if such outside consultant or expert is known to be an outside consultant or expert in other current or anticipated litigation adverse to the party producing the confidential discovery material, that the party proposing to disclose such confidential discovery material informs the party producing or otherwise disseminating such material of the planned disclosure and the identity of the outside consultant or expert to whom disclosure is to be made in writing no fewer than ten (10) days before such disclosure is made;

(10)    third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this Action, including the performance of such duties in relation to

a computerized litigation support system, but only to the extent appropriate to render such services, and provided that counsel shall expressly caution such contractors that the disclosure and use of confidential discovery material except as provided in this Order is prohibited and shall take reasonable precautions to prevent the unauthorized disclosure or use of confidential discovery material by such contractors;

(11)   a court of competent jurisdiction in a proceeding by a party to enforce a discovery request made in connection with this Action (e.g., a subpoena, FOIA request, or similar discovery request made to obtain discovery material for use in this Action), provided that (i) discovery of the confidential discovery material is reasonably necessary to support a claim that discovery should be ordered, and (ii) the party seeking enforcement shall promptly request that the court in which discovery is sought for an order providing that the confidential discovery material shall be filed under seal and shall remain under seal unless otherwise ordered by that court;

(12)   a court of competent jurisdiction in a proceeding brought by counsel in this Action to recover fees owed to such counsel by his or her client in connection with this Action, provided that counsel submitting the confidential discovery material promptly requests the court for an order providing that the confidential discovery material be filed under seal unless otherwise ordered by that court;

(13)   any other person agreed to in writing by all parties.

(b)   Undertaking: Before disclosure of any confidential discovery material is made to any person described in subparagraphs (6), (7) and (9) of paragraph 5(a) such person shall sign an undertaking in the form attached as Exhibit A to this Order;

- 7 -

Counsel for the party who discloses such material shall be responsible for these forms throughout this Action. In the event that any person described in subparagraphs (6), (7) and (9) of paragraph 5(a) refuses to sign such undertaking, counsel seeking to disclose the confidential or confidential—attorney's eyes only discovery material may seek written permission from the party or person designating the discovery material as confidential or confidential—attorney's eyes only, or failing such consent from the Court, to disclose such material. In no event may confidential or confidential—attorney's eyes only discovery material be disclosed to any person declining to sign the undertaking without the consent of the disclosing party, or the Court.

6.    Additional Limitations Applicable to Confidential—Attorney's Eyes Only Documents. Confidential—Attorney's Eyes Only documents and materials shall be subject to all of the protections from disclosure and use set forth in paragraph 5 and to the further protections described in this paragraph. Access to documents and materials designated for confidential— attorney's eyes only treatment shall not be given to the parties, including in-house personnel (such as in-house counsel), or any non-expert witness unless (i) the person or party that designated the documents or materials for confidential—attorney's eyes only treatment consents in writing to such access, (ii) the Court orders such access, (iii) the person to whom the disclosure is to be made is shown on the face of the confidential—attorney's eyes only discovery material to have been an author or an actual recipient of that discovery material, or (iv) witnesses at deposition or trial, but only to the extent such confidential—attorney's eyes only information is directly relevant to such witnesses' testimony; provided, however, that such confidential— attorney's eyes only material may be shown to one (1) in-house counsel for each party who has primary responsibility for overseeing the litigation of this action.

7.    Confidential and Confidential—Attorney's Eyes Only Information in Depositions.

(a)    A deponent may during the deposition be shown, and examined about, confidential and confidential—attorney's eyes only material if the provisions of paragraphs 5 and 6 are complied with.

(b)    Parties and deponents may, within ten (10) days after receiving a transcript of a deposition, designate the entire transcript or a portion thereof (and exhibits thereto) as confidential or confidential—attorney's eyes only to the extent they contain material or information entitled to protection (as defined in paragraph 4 above). The transcript or the portion containing such confidential or confidential—attorney's eyes only information may be designated by marking the applicable portions with the legend(s): "CONFIDENTIAL" and/or "CONFIDENTIAL—ATTORNEY'S EYES ONLY." If a designation is made, the confidential and confidential—attorney's eyes only portions and exhibits, when filed, shall be filed under seal pursuant to paragraph 11, separate from the portions and exhibits not so marked.  If any depositions are videotaped, the videotape, or portions thereof, corresponding to the deposition transcript, or portions thereof, designated as confidential or confidential—attorney's eyes only shall be afforded the same status and treatment.  If discovery material entitled to protection (as defined in paragraph 3 above) is included in written answers to discovery requests of any kind, such answers or responses shall be marked "CONFIDENTIAL" and/or "CONFIDENTIAL— ATTORNEY'S EYES ONLY" and shall be separately bound.  A party or disclosing person may also, at the time of a deposition, designate some or all of the transcripts and exhibits as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY."

8.    Declassification of Confidential or Confidential—Attorney's Eyes Only Discovery Material.

(a)    Application to strike designation: Any party seeking to challenge another party's or person's designation of discovery material as confidential or confidential—attorney's eyes only may make a motion or other appropriate application to the Court to strike the designation. Such motion or application shall identify with specificity the confidential or confidential—attorney's eyes only discovery material that is the subject of the motion, but shall not disclose or reveal the contents of that material except in the manner prescribed by paragraph 11 of this Order. If such a motion or application is made, all discovery material so designated shall maintain confidential or confidential—attorney's eyes only status pending a determination by the Court as to its appropriate status. The burden of establishing the confidentiality of any designated document shall remain on the designating party.

(b)    Conference Required:  Any party seeking to challenge another party's designation of confidential or confidential—attorney's eyes only discovery material shall, prior to making a motion or application to strike such designation, contact the party or person that designated the discovery material and make a good faith effort to resolve by agreement or stipulation any dispute concerning the designation. A motion or application to strike shall identify the moving party's efforts to comply with this subsection and shall state that the parties were unable to resolve the dispute concerning the confidential or confidential—attorney's eyes only designation. A motion or application to strike a confidential or confidential—attorney's eyes only designation made in violation of this paragraph shall be denied.

9.    Inadvertent Failure to Designate. The inadvertent failure to designate particular discovery material as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" at the time of production shall not operate to waive a party's or person's right to later designate such discovery material as confidential or confidential—attorney's eyes only;

- 10 -

provided, however, that promptly after discovering its inadvertent failure to properly designate such discovery material, the producing party must notify the receiving party in writing that it is designating such discovery material "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY," and promptly provide the receiving party with a substitute copy with the appropriate marking thereon. No party shall be deemed to have violated this Order if, prior to notification of any later designation, such discovery material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, however, the relevant documents or materials shall be treated as confidential or confidential—attorney's eyes only in accordance with this Order and no further distribution of such document or information shall be made, subject to an appropriate time after such a designation has been made (not to exceed 3 days) for the recipient to notify others; provided, however, that if the discovery material that was inadvertently not designated is, at the time of the later designation, filed with a court on the public record, the party or person that failed to make the designation shall move for appropriate relief.

10.    Inadvertent Production of Privileged Discovery Material. A party's or person's inadvertent or mistaken production of discovery material that is subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from disclosure shall not operate to waive such privilege or protection from disclosure, provided, however, that the producing party must assert any applicable privilege or protection promptly after discovering such inadvertent or mistaken production. Within five (5) days of receiving written notice from the party or person that inadvertently or mistakenly produced the privileged or protected discovery material, any party or person with possession, custody, or control of such discovery material shall return all such discovery material and any copies thereof to the party or

- 11 -

person originally producing it and shall not use that discovery material or the information contained therein for any purpose. No party shall be deemed to have violated this Order if, prior to notification of such a claim of privilege or protection from disclosure, such discovery material has been disclosed or used in a manner inconsistent with the privilege or protection from disclosure. If a party or person asserts a privilege or protection from disclosure over previously produced discovery material for the first time during a deposition, hearing, or proceeding, the subject discovery material may not be used at the deposition, hearing, or proceeding. Any waiver of a claim of privilege or protection from the failure to timely assert a privilege or protection from disclosure shall be limited only to the documents or materials as to which the privilege or protection from disclosure was not timely claimed.

N.    Filing of Confidential or Confidential—Attorney's Eyes Only Information. If any discovery material designated confidential or confidential—attorney's eyes only is to be filed with the Court, or briefs or other documents filed with the Court make use of confidential or confidential—attorney's eyes only documents or materials in a way that discloses the contents thereof, the party making such filing shall separately file such documents or materials, or confidential or confidential—attorney's eyes only portions thereof, in a sealed envelope marked with the title of this Action, the title (or a general description) of its contents, and a legend substantially in the following form:

**CONFIDENTIAL/CONFIDENTIAL—ATTORNEY'S EYES ONLY**

**FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.**

**THIS ENVELOPE IS NEITHER TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.**

- 12 -

Such documents or materials shall remain under seal unless otherwise ordered by this Court, or unless all the persons or parties producing the confidential or confidential—attorney's eyes only material included or used in the filing consent in writing to its unsealing. The Court shall provide to the parties appropriate notice, and if identified in the submission, to the person or entity (if not a party) whose materials are at issue, and an opportunity to be heard, before unsealing such documents or materials.

12.    Confidential or Confidential—Attorney's Eyes Only Documents and Materials at Trial. Prior to the date upon which the parties are directed to submit a Joint Pretrial Order in this Action, the parties shall meet and confer to negotiate a proposal for the sealing of such portions of evidence or testimony offered at trial of this action as contain Confidential or Confidential—Attorney's Eyes Only material. Such proposal, if agreed to, shall be submitted to the Court as a part of or contemporaneously with the Joint Pretrial Order. To the extent the parties fail to agree on a proposal addressing the use of Confidential or Confidential—Attorney's Eyes Only material at trial, any party may submit an application for sealing of Confidential and/or Confidential—Attorney's Eyes Only material to the Court.

13.    Confidential or Confidential—Attorney's Eyes Only Documents and Materials on Appeal. In the event that any Confidential or Confidential—Attorney's Eyes Only Discovery Material is used in any appeal from this Action, said Confidential or Confidential—Attorney's Eyes Only Discovery Material shall not lose its status as Confidential or Confidential—Attorney's Eyes Only Discovery Material through such use. Counsel shall confer in good faith on such procedures that are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any appellate proceedings.

- 13 -

14.    Client Consultation. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on counsel's examination of confidential or confidential—attorney's eyes only documents and materials; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make any disclosure of the non-general substance of the material so designated except as otherwise provided in paragraphs 5 and 6.

15.    Further Requests for Production.    If, at any time, any confidential or confidential—attorney's eyes only discovery material in the possession, custody or control of any person other than the person who originally produced such confidential or confidential--attorney's eyes only discovery material is subpoenaed or requested by any court or litigant before a court, administrative agency, legislative body, or other similar judicial, governmental, or regulatory body, the person to whom the subpoena or request is directed (i) shall promptly provide written notice to the person who originally produced the confidential or confidential—attorney's eyes only discovery material, (ii) shall object in writing to the production of the confidential or confidential—attorney's eyes only discovery material on the grounds that it is protected by this Order, and (iii) and shall not produce such discovery material unless the court, administrative agency, legislative body, or similar judicial, governmental, or regulatory body orders or directs the production of any such confidential or confidential—attorney's eyes only discovery material notwithstanding this Order. Nothing in this paragraph shall limit or abridge the right of other request.

16.    Entering into, agreeing to and/or producing or receiving Confidential or Confidential—Attorney's Eyes Only Discovery Material or otherwise complying with the terms of this Stipulated Protective Order shall not:

- 14 -

(a)     Constitute an admission that any document designated Confidential or Confidential—Attorney's Eyes Only contains or reflects trade secrets or any other type of confidential information;

(b)     Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Confidential—Attorney's Eyes Only Discovery Material;

(c)     Prevent the parties to this Stipulated Protective Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

(d)     Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulated Protective Order; or

(e)     Prejudice in any way the rights of a party to seek further protection or a determination by the Court whether any Discovery Material designated as Confidential or Confidential—Attorney's Eyes Only should be subject to the terms of this Stipulation and Order.

17.     Termination. The provisions of this Order shall continue to be binding after final termination of this Action. Within sixty (60) days after final conclusion of all aspects of this Action including any appeals, any party or person who received documents or materials designated for confidential or confidential—attorney's eyes only treatment must, at the option of the receiving party, (i) return such documents and materials to the person or persons who produced them, or (ii) certify in writing to counsel to the producing party that he or she has

- 15 -

destroyed (other than counsel's copies of exhibits filed under seal with the Court and counsel's file copies of papers prepared in connection with this action, e.g., pleadings, court papers, deposition transcripts and exhibits and other papers served in the Action) those documents and materials and the portions of all other material containing such confidential or confidential—attorney's eyes only information.

18.   Modification Permitted.  Nothing herein shall prejudice the right of the parties to move to amend or modify this Order to permit the disclosure or use of discovery material produced or otherwise disseminated pursuant hereto for good cause.

19.   Judicial Relief.  Nothing in this Stipulation and Order shall preclude any party from seeking judicial relief, upon notice to the other parties, with regard to any provision hereof.

20.   Responsibility of Attorneys.   The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of confidential or confidential—attorney's eyes only documents and materials.

21.   Additional Parties.  The terms of this Order shall be binding upon all current and future parties to this action and their counsel.  Within ten (10) days of (i) the entry of an appearance by a new party to this Action, including any new plaintiff, defendant, or third-party defendant that elects to appear or to intervene in this action, or (ii) the transfer of a complaint that arises out of the same facts alleged in the Complaint, plaintiff's counsel shall serve a copy of this Order on such party's counsel.

- 16 -

22.    Operation as Confidentiality Agreement Notwithstanding Court Authorization.

Until such time as, and regardless whether the Court approves this proposed Order, the parties'
execution of this proposed Order shall signify their agreement to be bound by its terms and thus
the proposed Order shall serve as a Confidentiality Agreement binding on the parties.

**STIPULATED AND AGREED TO BY:**

_Andrea J. Robinson/AN_
Jeffrey B. Rudman (BBO #433380)
Andrea J. Robinson (BBO #556337)
Samuel J. Lieberman (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
    AND DORR, LLP
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000

*Counsel for Defendants Boston
Communications Group, Inc., Edward H.
Snowden, and Karen A. Walker*

Date:  December 13, 2006

_David Pastor_
David Pastor (BBO #391000)
GILMAN AND PASTOR, LLP
60 State Street, 37th Floor
Boston, MA 02109
(617) 742-9700

Peter C. Harrar
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ, LLP
270 Madison Avenue
New York, NY 10016
Tel.: (212) 545-4600

Marc S. Henzel
LAW OFFICES OF MARC S. HENZEL
273 Montgomery Ave., Suite 202
Bala Cynwyd, PA 19004
Tel.: (610) 660-8000

*Counsel for Plaintiff Rosenbaum Capital
LLC*

IT IS SO ORDERED *as modified. Nothing shall be filed in court under seal absent a detailed public motion and memorandum seeking such filing.*
Dated: _December 14, 2006_

_William G. Young_
Hon. William G. Young
United States District Judge

- 17 -

**EXHIBIT A**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROSENBAUM CAPITAL LLC, On Behalf of Itself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>BOSTON COMMUNICATIONS GROUP, INC., KAREN A. WALKER and EDWARD H. SNOWDEN,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. CIV. A. 05-11165-WGY

## ACKNOWLEDGEMENT AND CONSENT

I hereby certify that: (i) I have read the Stipulated Protective Order (the "Order") that has been centered by the Court in this action (the "Action"), and I understand its terms; (ii) I understand that discovery material designated as confidential or confidential—attorney's eyes only under the Order may be provided to me pursuant to the terms of the Order and will be so designated on the documents entitled to such treatment; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of material designated as confidential or confidential—attorney's eyes only under the Order and limiting the use of such material to the conduct of the Action; (iv) I hereby submit to the jurisdiction of the U.S. District Court of the District of Massachusetts for purposes of enforcement of the Order, and (v) I understand that violation of the Order is punishable by contempt of Court and also may he remedied by money damages and/or injunctive relief.

Dated: _____          Signature: _____

- 18 -

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2006, I served a copy of the foregoing document to the below-listed counsel by Electronic and First Class Mail:

David Pastor
Gilman and Pastor, LLP
60 State Street
Boston, MA 02109

Peter C. Harrar
Wolf Haldenstein Adler Freeman & Herz, LLP
270 Madison Avenue
New York, NY 10016

Marc S. Henzel
Law Offices of Marc Henzel
273 Montgomery Avenue, Suite 202
Bala Cynwyd, Pennsylvania 19004

_____
Amy L. Nash

- 19 -